*DAVID W. SCONCE E-19c-101*
FULL NAME
*P.O, 409090*
COMMITTED NAME (if different)
*IONE, CA. 95640*
FULL ADDRESS INCLUDING NAME OF INSTITUTION

*AP3966*
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 2021

CENTRAL DISTRICT OF CALIFORNIA
BY *KMH* DEPUTY

*RELATED DDJ*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

*DAVID SCONCE*

PLAINTIFF,

*ATTORNEY ROGER DIAMOND, DISTRICT
ATTORNEY HARLEY GISS, AND THE STATE OF
CALIFORNIA,*

DEFENDANT(S).

CASE NUMBER *2:21-CV-7926-ODW-PD*
*To be supplied by the Clerk*

## CIVIL RIGHTS COMPLAINT
## PURSUANT TO (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? *SEE NEXT*

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

*PLEASE REFERENCE THIS COURT'S FILE FOR PLAINTIFF/PETITIONER'S
CASE NO. 2:21-CV-04872-ODW-PD.*

a. Parties to this previous lawsuit:
Plaintiff _____ *SAME ANSWER AS #2.*

Defendants _____ *SAME*

b. Court _____ *SAME*

c. Docket or case number _____ *SAME*

d. Name of judge to whom case was assigned _____ *SAME*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____ *SAME*

f. Issues raised: _____ *SAME*

g. Approximate date of filing lawsuit: _____ *SAME*

h. Approximate date of disposition _____ *SAME*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☒ No

   If your answer is no, explain why not _*NOT RELEVANT TO THIS FILING*_

3. Is the grievance procedure completed? ☐ Yes ☒ No

   If your answer is no, explain why not _*SAME*_

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _*DAVID W. SCONCE AP3966*_
(print plaintiff's name)
who presently resides at _*E-19C-101 P.O. 409090, IONE, CA. 95640*_,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_*PASADENA, CALIFORNIA, 91101*_
(institution/city where violation occurred)

on (date or dates) *APRIL 29, 1997* , _____ , _____

                   (Claim I)             (Claim II)           (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant    *ATTORNEY ROGER DIAMOND* _____ resides or <u>works</u> at
   (full name of first defendant)
   *1717 4TH ST. 3RD FLOOR, SANTA MONICA, CA. 90405*
   (full address of first defendant)
   *STATE-APPOINTED COUNSEL*
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
*DEFENDANT FAILED TO PROVIDE PLAINTIFF ADEQUATE REPRESENTATION UNDER STATE AND FEDERAL LAW.*

2. Defendant    *HARVEY GISS* _____ resides or works at
   (full name of first defendant)
   *UNKNOWN*
   (full address of first defendant)
   *DISTRICT ATTORNEY IN YEAR 1997*
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
*DEFENDANT WAS THE PROSECUTING ATTORNEY IN YEAR 1997 DURING PLAINTIFF'S SUPERIOR COURT REMAND PROCEEDING.*

3. Defendant    *STATE OF CALIFORNIA* _____ resides or works at
   (full name of first defendant)

   (full address of first defendant)
   *EMPLOYED BOTH MR. DIAMOND AND MR. GISS*
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
*SAME*

4.  Defendant _____*N/A*_____ resides or works at
          (full name of first defendant)

          _____
          (full address of first defendant)

          _____
          (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.  Defendant _____*N/A*_____ resides or works at
          (full name of first defendant)

          _____
          (full address of first defendant)

          _____
          (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

<div align="center">

**CLAIM I**

</div>

The following civil right has been violated:

*SEE ATTACHMENT*

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

*SEE ATTACHMENT*

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

<div align="center">

**CIVIL RIGHTS COMPLAINT**

</div>

CV-66 (7/97)

CLAIM # 1
SUPPORTING FACTS

1. THIS CIVIL RIGHTS CLAIM HAS BEEN LODGED AGAINST ATTORNEY ROGER DIAMOND, FORMER DISTRICT ATTORNEY HARVEY GISS AND THE STATE OF CALIFORNIA, FOR THE SIXTH AMENDMENT VIOLATIONS COMMITTED AGAINST THE PLAINTIFF WHILE ATTORNEY DIAMOND AND FORMER DISTRICT ATTORNEY GISS WERE BOTH EMPLOYED BY THE STATE OF CALIFORNIA DURING THE LOS ANGELES COUNTY SUPERIOR COURT PROCEEDING ON APRIL 29, 1997; FOR THE PLAINTIFF'S CASE NO. A573819. ALL DOCUMENTS REFERRED-TO IN THIS CIVIL RIGHTS CLAIM ARE LISTED AS EXHIBITS AND ATTACHED HERETO.

2. IN ORDER THIS COURT BE PROVIDED WITH THE NECESSARY FOUND-ATIONAL INFORMATION SUPPORTING THIS LAWSUIT, PLAINTIFF REQUESTS THE COURT FIRST READ HIS 1989 27-PAGE PLEA AGREEMENT TRANSCRIPT FOR HIS CASE NO. A573819; THEN READ THE AUGUST 29, 1996 15-PAGE APPEALS COURT DECISION IN SCONCE V. GARCETTI 96 F.3d 1451; AND THEN READ THE APRIL 29, 1997 46-PAGE SUPERIOR COURT REMAND PROCEEDING TRANSCRIPT FOR CASE NO. A573819. AS PREVIOUSLY STATED, THESE MATERIALS ARE ATTACHED TO THIS FILING. THE FOLLOWING STATEMENT OF THIS CASE IS BASED UPON THE PLAINTIFF'S BELIEF THAT THIS HONORABLE COURT HAS FIRST READ AND CONSIDERED THESE DOCUMENTS.

STATEMENT OF THE CASE

3. PLAINTIFF MAINTAINS THAT WHILE EMPLOYED BY THE STATE OF CALIFORNIA, BOTH ATTORNEY DIAMOND AND FORMER D.A. GISS' VIOLATION(S) OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS BEGAN DURING THE APRIL 29, 1997 SUPERIOR COURT REMAND PROCEEDING FOR CASE NO. A573819; IN THAT DIAMOND'S BELIEF THAT HE, DIAMOND HAD NEEDED TO HAVE ARGUED THE ARBUCKLE CASE WAS UNNECESSARY PURSUANT TO WHAT HAD BEEN THE FEDERAL COURT DECISION IN SCONCE V GARCETTI THE 9TH CIRCUIT COURT OF APPEALS COULD NOT HAVE CARED LESS ABOUT

2.

WHICH SUPERIOR COURT JUDGE IT WAS, WHO ENFORCED THE FEDERAL ORDER THAT HAD BEEN ISSUED. THE FEDERAL COURT ORDER HAD CLEARLY STATED THAT THE PLAINTIFF WAS TO HAVE RECEIVED SPECIFIC PERFORMANCE OF HIS ORIGINAL 1989 PLEA AGREEMENT TERMS; AND WITHIN THAT ORDER, THE 9th CIRCUIT HAD AFFORDED THE SUPERIOR COURT WITH NO ABILITY TO HAVE MADE ANY "ILLUSORY CHOICE" REGARDING WHAT WAS THE SPECITIVITY OF THOSE TERMS. PLAINTIFF CITES THE BLACK'S LAW DEFINITION OF THE WORD "ILLUSORY" AS MEANING "DECEPTIVE"; WHILE DEFINING THE WORD "CHOICE" AS MEANING "OPTION." THOSE DEFINITIONS ARE IMPORTANT WHEN CONSIDERING THE PLAINTIFF'S CLAIM(s) THAT ATTORNEY DIAMOND AND THE STATE OF CALIFORNIA VIOLATED HIS 6TH AMENDMENT RIGHTS, WITHIN THE CONTEXT OF SCONCE V. GARCETTI:

4. THE PLAINTIFF MAINTAINS THAT THE REAL REASON(s) ATTORNEY DIAMOND CHOSE TO ARGUE THE ARBUCKLE CASE AT THE BEGINNING OF THE 1997 REMAND PROCEEDING WERE: Ⓐ THAT DIAMOND NEEDED TO HAVE USED IT AS AN ESCAPE MECHANISM THAT DAY, BECAUSE HE KNEW HE WAS UNPREPARED; AND Ⓑ THAT DIAMOND WAS UNPREPARED BECAUSE THE PLAINTIFF WAS NO LONGER ABLE TO PAY HIS $400+ HOURLY IN-COURT RATE AND HE, DIAMOND, HAD ACCEPTED THE STATE APPOINTED $100-HOUR RATE. SINCE ATTORNEY DIAMOND WAS NOT THE PLAINTIFF'S ATTORNEY WHO'D NEGOTIATED HIS 1989 PLEA AGREEMENT WITH THE SUPERIOR COURT, HE KNEW HE WASN'T FAMILIAR WITH IT'S SPECIFICS; AND THEREFORE IN 1997 KNEW THAT HE COULDN'T HAVE COMPETANTLY ARGUED THOSE 1989 SENTENCING TERMS AND JUDICIAL PROMISES THAT HAD EXISTED WITHIN THOSE TERMS.

5. ATTORNEY DIAMOND'S UNFAMILIARITY WITH THE PLAINTIFF'S 1989 PLEA AGREEMENT TERMS AND JUDICIAL PROMISES DURING THE 1997 REMAND PROCEEDING, WAS WHY HE FAILED TO HAVE REFERENCED ANY PART OF THE 1989 PLEA SENTENCING TRANSCRIP,

3.

OR ANY PART OF THE FEDERAL RATIFICATION OF THAT SENTENCING IN
SCONCE V. GARCETTI ; BECAUSE HE, DIAMOND, KNEW HE WAS UNABLE
TO HAVE CONNECTED THE SPECIFIC PARTS OF THE 1989 PLEA TERMS
TO THE EXACTING PARTS OF THE 1996 FEDERAL ORDER DEFINING
HOW THE PLAINTIFF WAS TO HAVE RECEIVED SPECIFIC PERFORMANCE
OF THOSE TERMS. THE PLAINTIFF BELIEVES THAT BACK AT THAT TIME,
ATTORNEY DIAMOND'S 6TH AMENDMENT VIOLATIONS COULD, IN PART,
BE ATTRIBUTABLE TO THE MONEY ISSUE DESCRIBED IN PARAGRAPH
#4 ; WHILE ALSO BEING ATTRIBUTABLE TO HOW DIAMOND THOUGHT
HE WAS PREPARED, BECAUSE HE'D REPRESENTED THE PLAINTIFF FOR
OVER TWO YEARS AFTER CASE # A573819 HAD BEEN FILED IN 1987.

6.  ON APRIL 29, 1997 HAD ATTORNEY DIAMOND SUCCEEDED WITH HIS
ARBUCKLE STRATEGY AND CAUSED THE PLAINTIFF TO HAVE BEEN
RETURNED TO JUDGE SMERLING'S SUPERIOR COURT FOR SENTENCING, THEN
DIAMOND'S FAILURE TO HAVE BEEN PREPARED WITH THE NECESSARY
UNDERSTANDING(S) OF WHAT HAD BEEN THE INTENT OF JUDGE SMERLING'S
JUDICIAL PROMISES REGARDING OVERALL CONCURRENT PROBATIONARY
SENTENCING WITHIN THE PLAINTIFF'S SINGLE FIVE-YEAR TERM WOULD
HAVE GONE UNNOTICED ; BECAUSE THEN JUDGE SMERLING HIMSELF
WOULD HAVE EXPLAINED PLAINTIFF'S 1989 SENTENCING, WHILE ATTORNEY
DIAMOND COULD HAVE JUST STOOD THERE ... AGREEING WITH JUDGE SMERLING.
ATTORNEY DIAMOND KNEW THIS ; WHICH WAS WHY HE WAS SO FOCUSED ON
ARGUING THE ARBUCKLE CASE AT THE OUTSET OF THE 1997 PROCEEDING.

7.  HOWEVER, EVEN THOUGH ON APRIL 29, 1997 ATTORNEY DIAMOND
FAILED TO HAVE REFERENCED ANY PART OF THE PLAINTIFF'S ORIGINAL
1989 SENTENCING TRANSCRIPT OR ANY PART OF THE FEDERAL DECISION
IN SCONCE V. GARCETTI ; THOSE FAILURES OCCURRED AFTER HE AND
THE PLAINTIFF HAD SEEN AND HEARD SUPERIOR COURT JUDGE STOEVER
AND DISTRICT ATTORNEY HARVEY GISS ... EITHER UNINTENTIONALLY OR
INTENTIONALLY ... MISINTERPRET WHAT WAS THIS FEDERAL COURT'S ORDER ;

4

THROUGH THEIR PERCEPTION(S) THAT THE SUPERIOR COURT THAT DAY HAD POSSESSED A SENTENCING "OPTION" BASED UPON FEDERAL ORDER, AS IS DOCUMENTED BY THEIR INTERACTION TRANSCRIBED ON PAGE 5 LINES 21-28 AND PAGE 6 LINES 1-3 OF THE 4-29-97 REMAND PROCEEDING.

8. THE PLAINTIFF BELIEVES EVIDENCE INDICATES HOW DISTRICT ATTORNEY GISS, AFTER THIS COURT ISSUED IT'S 3-3-97 ORDER TO THE SUPERIOR COURT (ATTACHED) AND SOMETIME BEFORE THE 4-29-97 REMAND PROCEEDING, CAUSED THAT "SENTENCING OPTION" BELIEF TO HAVE BEEN ACCEPTED BY THE SUPERIOR COURT THROUGH THE PENAL CODE SECTION 1203.1(A) MOTION HE, GISS, HAD STRATEGICALLY SUBMITTED; THAT HE AND JUDGE STOEVER WERE PARTIALLY RECORDED DISCUSSING AT THE TOP OF PAGE 7 OF THE REMAND PROCEEDING. THE PLAINTIFF HAS NO DOUBT THAT D.A. GISS SUBMITTED THAT MOTION TO CAUSE THE COURT TO USE IT AS A RATIONALE FOR PURPOSE OF CIRCUMVENTING THIS FEDERAL COURT'S ORDER THAT WAS ISSUED PURSUANT TO SCONCE V. GARCETTI, UNLESS D.A. GISS AND THE SUPERIOR COURT WERE ACTUALLY WORKING TOGETHER AGAINST THE PLAINTIFF, WHY ELSE WOULD D.A. GISS HAVE SUBMITTED THAT MOTION?

9. THE FACT THAT ATTORNEY DIAMOND CONTINUED PURSUING HIS ARBUCKLE STRATEGY EVEN AFTER HE'D HEARD JUDGE STOEVER AND HARLEY GISS' PAGE(S) 5-6 INTERACTION PROVES HOW UNPREPARED ATTORNEY DIAMOND WAS THAT DAY, AND HOW DIAMOND COULDN'T HAVE BEEN FAMILIAR WITH EITHER PLAINTIFF'S 1989 PLEA TERMS OR WITH THE 9TH CIRCUIT'S RATIFICATION OF THOSE TERMS. THERE ARE MANY MORE EXAMPLES OF ATTORNEY DIAMOND'S UNPREPAREDNESS EXISTING WITHIN THE 1997 TRANSCRIPT, PARTICULARLY THROUGH HIS PAGE #10 "I SUPPOSE" STATEMENT REGARDING SUPERIOR COURT JURISDICTION THAT DAY AND JUDGE STOEVER'S AUTHORITY TO HAVE ISSUED THE PLAINTIFF AN ADDITIONAL, CONSECUTIVE PROBATIONARY SENTENCE; AND THEN AGAIN ON PAGE #27 WHERE HE, DIAMOND, IS ACTUALLY VOLUNTEERING

5

TO REPRESENT THE PLAINTIFF AT TRIAL (FOR) THE CONSPIRACY CHARGE...
WHICH WAS AN OFFER THAT COULD NOT HAVE BEEN A MORE CLEARER
VIOLATION OF THE 9TH CIRCUIT ORDER IN SCONCE V. GARCETTI; WHICH
ON PAGE 8 OF THAT ORDER HAD STATED:

"HERE, WE CONCLUDE THAT SCONCE IS ENTITLED TO
SPECIFIC PERFORMANCE OF THE PLEA BARGAIN. THERE CAN BE
NO QUESTION THAT THE PROMISE BY THE STATE COURT THAT
HE WOULD BE ALLOWED TO PLEAD GUILTY TO THE CONSPIRACY
CHARGE AND RECEIVE PROBATION WAS PART OF THE INDUCEMENT
OR CONSIDERATION FOR SCONCE'S PLEA OF GUILTY. SCONCE
WAIVED, OR BARGAINED AWAY, MANY OF THE RIGHTS WE AS A
PEOPLE DEEM FUNDAMENTAL WHEN HE PLED GUILTY. HAVING
DONE SO ON THE BASIS OF THE TRIAL COURT'S PROMISE, TO
REQUIRE SCONCE TO PLEAD GUILTY WITHOUT THE BENEFIT OF
THE PLEA BARGAIN OR TO UNDERGO A TRIAL ON THE CONSPIRACY
CHARGE IN VIOLATION OF THE PLEA BARGAIN WOULD VIOLATE
HIS RIGHT TO DUE PROCESS."

THEREFORE, ATTORNEY DIAMOND'S 4-29-97 PAGE 27 OFFER TO
GO TO TRIAL WITH THE PLAINTIFF WAS FACTUALLY AN OFFER TO VIOLATE
HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.

10.   NOT UNEXPECTANTLY THAT DAY, ~~AND~~ DUE TO HIS CONTINUED
OBSESSION WITH THE PLAINTIFF SINCE 1989, AND ESPECIALLY AFTER
THE PLAINTIFF HAD CAUSED HIM TO SUFFER THE MOST HUMILIATING SETBACK
OF HIS PROSECUTORIAL CAREER IN VENTURA COUNTY IN 1991; D.A. GISS
IMMEDIATELY RECOGNIZED ATTORNEY DIAMOND'S UNPREPAREDNESS, AND
THEN THEREAFTER FOR THE REMAINDER OF THE REMAND PROCEEDING AS
IS CLEARLY DEMONSTRATED IN THE RECORD; D.A. GISS CONTINUES TO
STRETCH THE FACTUAL ENVELOPE WHILE ACTUALLY LYING AT TIMES,
WITH RESPECT TO WHAT HE SAID DID AND DID NOT OCCUR DURING
THE PLAINTIFF'S 1989 PLEA SENTENCING HEARING, BECAUSE DIAMOND WAS
UNABLE TO CHALLENGE ANYTHING GISS HAD SAID.

6

11. ONE OF THE BIGGEST LIES THAT D.A. GISS STATES ON THE RECORD DURING THE 4-29-97 REMAND PROCEEDING IS FOUND ON PAGE 17 LINES 9-10 OF THE TRANSCRIPT, WHEN GISS TOLD SUPERIOR COURT JUDGE THOMAS STOEVER THAT ORIGINAL SENTENCING JUDGE SMERLING "DIDN'T SAY ANYTHING ABOUT THE TERMS AND CONDITIONS OF PROBATION"; WHICH WAS A COMPLETE CONTRAVENTION OF BOTH THE EXISTING FACTS FOUND IN THE 1989 PLEA SENTENCING TRANSCRIPT ON PAGES 1-8, 21 AND 23; AS WELL AS A COMPLETE CONTRAVENTION OF THE FEDERAL INTERPRETATION OF THOSE TERMS ON PAGE 8 FOOTNOTE # 4 IN SCONCE V. GARCETTI, WHERE THE 9TH CIRCUIT HAS STATED:

"IN CONSTRUING A PLEA AGREEMENT, THIS COURT LOOKS TO WHAT THE DEFENDANT REASONABLY UNDERSTOOD TO BE THE TERMS OF THE AGREEMENT WHEN HE PLEADED GUILTY. HERE, THE STATE TRIAL COURT JUDGE COULD NOT HAVE MADE THE TERMS OF THE PLEA AGREEMENT ANY CLEARER. THERE IS NO ISSUE AS TO WHAT SCONCE REASONABLY UNDERSTOOD THE TERMS OF THE PLEA AGREEMENT TO BE WHEN HE PLED GUILTY."

THROUGH ALL OF D.A. GISS' FALSE STATEMENTS AND MISREPRESENTATIONS DURING THE 4-29-97 REMAND PROCEEDING, AND DESPITE WHAT HAD PREVIOUSLY BEEN STATED BY THE FEDERAL COURT; ATTORNEY DIAMOND NEVER CHALLENGED ANYTHING THAT D.A. GISS WAS SAYING, BECAUSE DIAMOND WAS UNPREPARED.

12. DURING THE 4-29-97 REMAND PROCEEDING, ATTORNEY DIAMOND SHOULD HAVE KNOWN THAT THE SUPERIOR COURT POSSESSES NO SENTENCING "OPTION" THAT COULD HAVE EXISTED; PURSUANT TO EITHER THE ACCURATE INTERPRETATION OF THE PLAINTIFF'S 1989 PLEA TERMS OR PURSUANT TO AN ACCURATE INTERPRETATION OF THE FEDERAL COURT DECISION IN SCONCE V. GARCETTI. ATTORNEY DIAMOND SHOULD ALSO HAVE KNOWN THAT THE SUPERIOR COURT THAT DAY WAS NOT TO HAVE BEEN

7

(CONT.)

AFFORDED ANY ABILITY TO HAVE MADE AN "ILLUSORY CHOICE" ABOUT PLAINTIFF'S SENTENCING (SCONCE V. GARCETTI, PGS. 14-15), WHICH AGAIN; THROUGH LEGAL DEFINITION MEANT THAT THE SUPERIOR COURT POSSESSED NO DECEPTIVE OPTION REGARDING WHAT WAS PLAINTIFF'S RECEIPT OF SPECIFIC PERFORMANCE OF THOSE TERMS. ATTORNEY DIAMOND SHOULD HAVE RECOGNIZED HOW THROUGHOUT SCONCE V. GARCETTI, THE 9TH CIRCUIT HAD REPEATEDLY ~~RECOGNIZED~~ EMPHASIZES THAT THE PLAINTIFF HAD COMPLETED HIS PART OF THE BARGAIN IN HIS PLEA AGREEMENT... AND NOT THAT THE PLAINTIFF HAD ONLY SERVED PART OF THE BARGAIN AND COULD IN THE FUTURE HAVE STILL BEEN SENTENCED AGAIN AND RECEIVED AN ADDITIONAL, CONSECUTIVE PROBATIONARY TERM. IN SCONCE V. GARCETTI, THE FEDERAL COURT STATED: "HE SERVED AN AGREED-UPON SENTENCE"; "HAVING SERVED HIS SENTENCE"; "HAS SERVED HIS SENTENCE IN ACCORDANCE WITH THE PLEA AGREEMENT"; "HAD SERVED THE AGREED-UPON SENTENCE"; "ALREADY FULFILLED HIS PART OF THE BARGAIN"; "ALREADY SERVED HIS SENTENCE"; AND "WE DO NOT UNDERSTAND HOW THE STATE COULD JUSTIFY HAVING WAITED TO CHALLENGE THE AGREEMENT UNTIL AFTER SCONCE HAD SERVED HIS SENTENCE." THE PLAINTIFF QUESTIONS WHY ATTORNEY DIAMOND FAILED TO HAVE REFERENCED ANY OF THESE FEDERAL COURT REMARKS, DURING THE 4-29-97 REMAND PROCEEDING, HADN'T DIAMOND "WON FOR PLAINTIFF IN THE 9TH CIRCUIT?"

13. BASED UPON THEIR PARTIALLY-RECORDED INTERACTION FOUND AT THE TOP OF PAGE 7 OF THE 4-29-97 TRANSCRIPT, AND BECAUSE THE WORDS "LIFETIME PROBATION" ARE NOT FOUND ANYWHERE IN PLAINTIFF'S ORIGINAL 1989 SENTENCING OR IN SCONCE V. GARCETTI; IT IS AXIOMATIC THAT IT WAS D.A. GISS' PENAL CODE 1203.1(A) MOTION THAT CAUSES SUPERIOR COURT JUDGE STOEVER THAT DAY TO STATE ON THE RECORD THAT HE, STOEVER, BELIEVED HIS COURT POSSESSED A SENTENCING "OPTION", DESPITE THE FEDERAL COURT ORDER THAT PLAINTIFF WAS TO ONLY HAVE RECEIVED "SPECIFIC PERFORMANCE" OF HIS 1989 PLEA AGREEMENT TERMS.

8

14. HOWEVER, AND AGAIN BASED UPON WHAT SHOULD HAVE BEEN HIS UNDERSTANDINGS OF PLAINTIFF'S 1989 PLEA AGREEMENT TERMS AND OF SCONCE V. GARCETTI, ATTORNEY DIAMOND THAT DAY SHOULD HAVE RECOGNIZED WHAT D.A. GISS WAS ATTEMPTING TO HAVE DONE WITH THAT MOTION AND EXPOSED IT FOR WHAT IT REALLY WAS; WHICH WAS HIS BLATANT ATTEMPT TO CAUSE THE SUPERIOR COURT TO CIRCUMVENT AN ORDER OF THIS FEDERAL COURT. AS THE PLAINTIFF'S ATTORNEY, DIAMOND WOULD HAD TO HAVE RECEIVED A COPY OF D.A. GISS' P.C. 1203.1 (A) MOTION BEFORE THE 4-29-97 REMAND PROCEEDING. AFTER SEEING WHAT GISS WAS ATTEMPTING TO DO AND HAD HE BEEN PROPERLY PREPARED, DIAMOND SHOULD HAVE FILED A MOTION IN OPPOSITION DEMONSTRATING HOW THE PLAINTIFF'S 1989 PLEA AGREEMENT HAD SAID NOTHING ABOUT THE RECEIPT OF AN ADDITIONAL TERM OF CONSECUTIVE PROBATION OR ADDITIONAL SENTENCING OF ANY KIND... AND THAT ALL THAT COULD HAVE HAPPENED ON 4-29-97 WAS THE SUPERIOR COURT RECOGNIZING THAT THE PLAINTIFF'S PROMISED PROBATION HAD BEEN SERVED WIDHIN HIS SINGLE FIVE YEAR TERM. TO DATE, ATTORNEY DIAMOND HAS IGNORED THE PLAINTIFF'S INQUIRIES ABOUT WHETHER OR NOT HE, DIAMOND, EVER RECEIVED A COPY OF D.A. GISS' P.C. 1203.1 (A) MOTION; AND THE SUPERIOR COURT NEVER MADE ANY RULING ON THE PLAINTIFF'S P.C. 1054.9 RECENT REQUEST TO BE PROVIDED A COPY OF THAT MOTION... EVEN THOUGH THE COURT KNOWS THE PLAINTIFF'S ENTIRE CASEFILE IS LOCATED IN THE PASADENA COURTHOUSE.

15. ATTORNEY DIAMOND'S UNPREPAREDNESS WAS NEXT DEMONSTRATED AT THE BOTTOM OF PAGE 9 OF THE 4-29-97 TRANSCRIPT, WHEN D.A. GISS BEGAN DISCUSSING WHAT HE, GISS, WOULD BE "DEMANDING IF THERE WAS A PROBATION AND SENTENCE HEARING." THAT TYPE OF HEARING WAS SOMETHING ATTORNEY DIAMOND SHOULD HAVE KNOWN COULD NEVER HAVE OCCURRED, BECAUSE OF WHAT THE 9TH CIRCUIT HAD STATED ON PG.8 OF SCONCE V. GARCETTI. ATTORNEY DIAMOND'S "I SUPPOSE" UNCERTAIN COMMENT REGARDING SUPERIOR COURT JURISDICTION AND A POTENTIAL

9

SENTENCING "OPTION" THEN FOLLOWED ON PAGE 10; AND LATER ON THAT SAME PAGE AFTER JUDGE STOEVER HIMSELF HAD <u>AGAIN</u> USED THE WORD "OPTION", ATTORNEY DIAMOND FAILED TO RECOGNIZE HOW THE COURT'S BELIEF IT POSSESSED ANY SENTENCING "OPTION" THAT DAY WAS A VIOLATION OF THIS COURT'S ORDER THE PLAINTIFF WAS TO HAVE RECEIVED SPECIFIC PERFORMANCE OF HIS ORIGINAL PLEA TERMS; AND THAT THE SUPERIOR COURT THAT DAY DID <u>NOT</u> HAVE THE AUTHORITY OR JURISDICTION TO HAVE ISSUED THE PLAINTIFF <u>ANY</u> ADDITIONAL OR CONSECUTIVE SENTENCING OF <u>ANY KIND</u>, THAT WAS BEYOND THE SCOPE OF HIS ORIGINAL 1989 PLEA AGREEMENT SENTENCING.

16. FINALLY, ATTORNEY DIAMOND'S CONTINUING SIXTH AMENDMENT VIOLATIONS ATTRIBUTABLE TO HIS IGNORANCE OF WHAT WERE THE PLAINTIFF'S OVERALL CONCURRENT JUDICIAL SENTENCING PROMISES WERE AGAIN DEMONSTRATED ON LINES 14-16 OF THAT PAGE; WHEN HE, DIAMOND STATED: "BECAUSE JUDGE SMERLING <u>MIGHT</u> VERY WELL GIVE HIM (THE PLAINTIFF) SOMETHING LESS THAN LIFETIME PROBATION." THROUGH HIS OWN WORDS, ATTORNEY DIAMOND PROVES HOW HE DIDN'T KNOW THAT JUDGE SMERLING IN 1989 HAD ISSUED THE PLAINTIFF THE <u>ENTIRETY</u> OF THE SENTENCING HE COULD HAVE RECEIVED PURSUANT TO HIS PLEA AGREEMENT TERMS; AND HOW <u>AFTER</u> 8-30-89, THE <u>ONLY</u> REMAINING PLEA REQUIREMENT OF THE PLAINTIFF WAS HIS ENTERING OF GUILTY PLEAS TO ANY/ALL RETURNED COUNTS THAT HAD BEEN DISMISSED ON 6-30-89 OR 7-6-89 BY THE SUPERIOR COURT, IN EXCHANGE FOR THE PLAINTIFF'S RECEIPT OF THE JUDICIALLY-PROMISED OVERALL <u>CONCURRENT</u> PROBATIONARY SENTENCING THAT THE COURT AND BOTH PARTIES ON 8-30-89 <u>KNEW</u> WAS TO BE RECOGNIZED AS HAVING ALREADY BEEN SERVED <u>WITHIN</u> PLAINTIFF'S SINGLE FIVE-YEAR TERM FOR HIS CASE NO. A573819 (SEE SENTENCING TRANSCRIPT FROM 8-30-89, PAGES 1-8, 21 AND 23).

10

## ARGUMENT

17.   PLAINTIFF HEREIN CONTENDS THAT ALL ARGUMENT RELATED TO THE VIOLATION(S) OF HIS CIVIL RIGHTS ARE DEMONSTRATED WITHIN THE STATEMENT OF THIS CASE, AND ARE SUPPORTED BY WHAT IS DOCUMENTED IN THE AUGUST 30, 1989 ORIGINAL SENTENCING TRANSCRIPT FOR HIS PLEA AGREEMENT WITH THE SUPERIOR COURT FOR HIS LOS ANGELES COUNTY CASE NO. A573819; THE 1996 ~~FEDERAL~~ ~~COURT~~ 9TH CIRCUIT COURT OF APPEALS DECISION IN SCONCE V GARCETTI THAT ORDERED HIS RECEIPT OF SPECIFIC PERFORMANCE OF THOSE 1989 PLEA AGREEMENT TERMS; THIS COURT'S MARCH 3, 1997 ORDER TO THE LOS ANGELES COUNTY SUPERIOR COURT GRANTING WRIT OF HABEAS CORPUS FOR PLAINTIFF'S CASE NO. A573819; AND THE TRANSCRIPT OF THE APRIL 29, 1997 REMAND PROCEEDING WHERE THE LOS ANGELES COUNTY SUPERIOR COURT, THE LOS ANGELES COUNTY DISTRICT ATTORNEY AND HIS OWN ATTORNEY CONJUNCTIVELY CAUSED THE ABROGATION OF THIS COURT'S HABEAS ORDER.

18.   ADDITIONALLY, PURSUANT TO WHAT THE 9TH CIRCUIT COURT OF APPEALS ALREADY STATED IN SCONCE V. GARCETTI BECAUSE THE PLAINTIFF'S ORIGINAL FEBRUARY 7, 1996 CIVIL RIGHTS CASE NO. CV-96-00863-JGD (9TH CIRCUIT CASE NO. 96-55209) EVINCED A CLEAR INTENTION TO STATE A HABEAS CLAIM; THE PLAINTIFF REQUESTS THIS CIVIL RIGHTS CLAIM BE RECOGNIZED IN THE SAME MANNER. FINALLY, AND ALSO IN SUPPORT OF THIS FILING AND IN THE INTEREST OF JUSTICE; THE PLAINTIFF KNOWS THIS COURT WILL CONSIDER THE RATIONALE UTILIZED IN IT'S AUGUST 11, 2021 ORDER IN PLAINTIFF'S CASE NO. 2:21-CV-04872-ODW-PD THAT REFERRED HIS SUCCESSIVE PETITION FOR HABEAS CORPUS TO THE 9TH CIRCUIT COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(a).

## PRAYER FOR RELIEF

19. PURSUANT TO FACTS STATED HEREIN AS BASED UPON THE INFORMATION FOUND IN THE ATTACHMENTS AND CASELAW CITED IN THIS MOTION, THE PLAINTIFF REQUESTS THIS COURT:

(A) ISSUE A FINDING THAT THE PLAINTIFF'S DUE PROCESS RIGHTS WERE VIOLATED ON APRIL 29, 1997 FOR REASONS STATED HEREIN; AND

(B) ISSUE AN ORDER FOR THE LOS ANGELES COUNTY SUPERIOR COURT TO VACATE THE RESULTS OF THE PROCEEDINGS OF APRIL 29, 1997 FOR PLAINTIFF'S CASE NO. AS73819, WITH AN ADDITIONAL ORDER FOR THE SUPERIOR COURT TO ISSUE AN INJUNCTIVE ORDER THAT IMMEDIATELY RELEASES PLAINTIFF FROM CUSTODY; AND

(C) ISSUE AN ORDER FOR THE SUPERIOR COURT TO MAKE A FINDING OF FACTUAL INNOCENCE FOR PLAINTIFF'S MATTER PURSUANT TO PENAL CODE SECTION 1485.55 FOR DAMAGES HE SUFFERED SINCE HIS APRIL 29, 1997 RECEIPT OF HIS ILLEGAL SECOND PROBATIONARY SENTENCING; WITH ISSUANCE OF A SUPPLEMENTAL ORDER THAT THE SUPERIOR COURT RECOGNIZE THAT THE PLAINTIFF'S WIFE HAS THE LEGAL STANDING TO MAKE AN IDENTICAL CLAIM FOR DAMAGES PURSUANT TO P.C. SECT. 1485.55; WHICH BEGAN ON HER MARRIAGE DATE TO PLAINTIFF ON NOVEMBER 11, 2003.

(D) ISSUE AN ORDER FOR THE SUPERIOR COURT TO, WITHIN 10 DAYS, NOTIFY THE STATE LEGISLATURE THAT PURSUANT TO PENAL CODE SECT. 1485.55 THE PLAINTIFF IS OWED DAILY $ DAMAGES DEFINED WITHIN THAT STATUTE THAT BEGAN ON

12/

CONT.

APRIL 29, 1997 AND CONTINUES UNTIL HIS RELEASE FROM CUSTODY ; WITH AN ADDITIONAL ORDER FOR THE PLAINTIFF'S WIFE TO BE RECOGNIZED AS HAVING THE LEGAL STANDING TO MAKE AN IDENTICAL CLAIM FOR DAILY DAMAGES SHE SUFFERS, WHICH BEGAN ON NOVEMBER 11, 2003 AFTER SHE MARRIED THE PLAINTIFF AND CONTINUES UNTIL HIS RELEASE FROM CUSTODY.

RESPECTFULLY SUBMITTED,

DAVID SCANCE
AP3966 E-19c-101
P.O. 409090
IONE, CA. 95640

(COPY TO FILE)

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

_See ATTACHED_

SEPT. 28, 2021
_(Date)_

_(Signature of Plaintiff)_

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NORTHEAST "D"      HON. TERRY SMERLING, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,       )
                                             )
                          PLAINTIFF,         )
                                             )      NO. A573819
            VS.                              )
                                             )
DAVID SCONCE,                                )
                                             )
                                             )
                                             )
                          DEFENDANT.         )
                                             )

REPORTERS' TRANSCRIPT

WEDNESDAY, AUGUST 30, 1989

APPEARANCES:

FOR THE PEOPLE:         IRA REINER, DISTRICT ATTORNEY
                        BY:  JAMES E. ROGAN, DEPUTY
                        AND NANCY ARONSON, DEPUTY
                        300 EAST WALNUT AVENUE
                        FIRST FLOOR
                        PASADENA, CA  91101

FOR THE DEFENDANT:      GUY O'BRIEN, ESQ.
                        454 ROBERTSON BLVD, STE. A
                        LOS ANGELES, CA  90048

COPY

NANCY SMITH-WELLS, CSR NO. 6931
OFFICIAL REPORTER

PASADENA, CALIFORNIA; WEDNESDAY, 8-30-89; 11:40 A.M.

DEPARTMENT NORTHEAST "D"        HON. TERRY SMERLING, JUDGE

APPEARANCES:

        THE DEFENDANT BEING REPRESENTED BY
        G. O'BRIEN, ESQ.; J. ROGAN AND N. ARONSON,
        DEPUTY DISTRICT ATTORNEYS, REPRESENTING THE
        PEOPLE OF THE STATE OF CALIFORNIA.
        (NANCY SMITH-WELLS, OFFICIAL REPORTER.)

      THE COURT:  ALL RIGHT.  THIS IS THE DAVID SCONCE
MATTER.  IT'S HERE FOR POTENTIAL DISPOSITION.
      COUNSEL, STATE YOUR APPEARANCES.
      MR. O'BRIEN:  GUY O'BRIEN, REPRESENTING
MR. SCONCE.
      MR. ROGAN:  JAMES ROGAN ON BEHALF OF THE PEOPLE.
      MS. ARONSON:  NANCY ARONSON ON BEHALF OF THE
PEOPLE.
      THE COURT:  ALL RIGHT.  AFTER SOME FAIRLY EXTENSIVE
DISCUSSIONS WITH COUNSEL OVER A NUMBER OF DAYS IN THIS
MATTER, MR. SCONCE, I'VE CONCLUDED THAT I WILL MAKE YOU
THE FOLLOWING OFFER IN THIS CASE AS TO THE -- CERTAIN OF
THE COUNTS THAT ARE OPEN.
      THAT OFFER IS AS FOLLOWS:
      THAT IN EXCHANGE FOR YOUR PLEA OF GUILTY THE
FOLLOWING COUNTS:  TWO, 19; 31 THROUGH 35, 41 THROUGH 46;
47; 50 THROUGH 56, AND 59 AND 60 I WILL SENTENCE YOU TO
STATE PRISON FOR FIVE YEARS GIVING YOU THE FULL CREDITS

2

1      TO WHICH YOU'RE ENTITLED.

2              MY REASONING IN EXTENDING THIS OFFER,

3      MR. SCONCE, IS AS FOLLOWS:

4              I'M WELL-AWARE OF THE FACTS OF THIS CASE

5      HAVING READ THE PRELIMINARY HEARING TRANSCRIPT.   I

6      CERTAINLY CAN'T CONDONE THE ACTS OF WHICH YOU WERE

7      ACCUSED AND FOR WHICH THERE IS SUBSTANTIAL EVIDENCE.

8              HOWEVER, I'M ALSO AWARE OF THE FACT THAT THE

9      FILING OF A MURDER _____ OF A CAPITAL MURDER CASE

10     AGAINST YOU IN VENTURA COUNTY IS IMMINENT, THAT RELATING

11     TO THE DEATH OF TEN HAYERS ON OR ABOUT APRIL OF 1985.

12             THAT CASE OBVIOUSLY HAS -- CARRIES A LOT MORE

13     GRAVITY THAN THIS ONE.

14             MY IMPRESSION IS THAT UNLESS THIS CASE IS

15     DISPOSED OF THE FILING OF THAT CASE MIGHT BE POSTPONED

16     FURTHER.   I THINK IT'S IMPORTANT FOR ALL CONCERNED, NOT

17     JUST YOU BUT TO THE PEOPLE OF THE STATE THAT -- THAT THAT

18     CASE COMMENCE AND BE RESOLVED.   OBVIOUSLY THAT HAS A LOT

19     MORE IMPORTANCE THAN THIS CASE.

20             FURTHER, MUCH OF THE EVIDENCE IN THIS CASE,

21     THE IMMINENT CASE IS LINKED TO THE EVIDENCE IN THIS CASE

22     IN THAT AS I UNDERSTAND IT, THE EVIDENCE IN THAT CASE

23     WILL BE, IN PART, STATEMENT TO THE DEPARTMENT MADE BY

24     INFORMANTS WITHIN THE JAIL.

25             THERE ARE A NUMBER OF COUNTS IN THIS CASE

26     LIKEWISE WITH SUCH STATEMENTS OF INFORMANTS.

27             REALISTICALLY, ONCE THAT CASE IS FILED,

28     YOU'LL SPEND ADDITIONAL PERIODS OF TIME -- PERIOD OF TIME

③

IN CUSTODY WITHOUT BAIL.

FURTHERMORE, IN THIS CASE YOU ARE TO BE TRIED. IT'S MY ESTIMATE IT WOULD TAKE SIX TO NINE MONTHS TO TRY THIS CASE. THIS IS AN ENORMOUS CONSUMPTION OF TIME.

I HAVE TO WEIGH -- PARTICULARLY IN LIGHT OF THE FACT THAT I THINK IT'S A PRACTICAL MATTER THAT YOU'LL BE DOING YEARS MORE OF TIME IN CUSTODY BECAUSE -- NOT ONLY BECAUSE THE SENTENCE I'M GOING TO IMPOSE BUT BECAUSE OF THE IMMINENT FILING OF THE CHARGE IN VENTURA COUNTY.

FOR ALL THOSE REASONS I THINK MY OFFER IS APPROPRIATE UNDER THESE RATHER UNUSUAL CIRCUMSTANCES.

DOES THE PEOPLE WISH TO BE HEARD?

MR. ROGAN:    BRIEFLY, YOUR HONOR, AS THE COURT HAS INDICATED, WE'D HAD EXTENSIVE DISCUSSIONS IN CHAMBERS ON THIS MATTER. I DON'T KNOW IF IT'S BEEN PUT ON THE RECORD YET AND I SUPPOSE IT SHOULD THAT THIS IS AN OPEN PLEA. IT IS NOT WITH THE CONCURRENCE OF THE PROSECUTION.

AND IF I MAY, YOUR HONOR, I'D LIKE TO JUST STATE THE DISTRICT ATTORNEY'S REASONS WHY WE HAVE OPPOSITIONS TO THIS.

THE COURT:  PLEASE.

MR. ROGAN:   IF THIS FIVE-YEAR PROPOSED SENTENCE WERE ONLY GOING TO BE FOR THE COUNTS THAT MR. SCONCE IS PLEADING TO, I DON'T THINK THAT IT WOULD BE NECESSARILY AN IMPROPER SENTENCE.

OUR CONCERN -- AND I SUPPOSE I SHOULD ADDRESS MYSELF TO TWO AREAS -- IS NUMBER ONE:  THE COUNTS ON

④

APPEAL WHICH MAY COME BACK INCLUDE A CONSPIRACY TO COMMIT

FIRST DEGREE MURDER WHICH CARRIES A 25 TO LIFE.

      AND I DON'T THINK THE COURT HAS ADDRESSED

ITSELF YET TO IT BUT MY UNDERSTANDING IS THAT SHOULD THE

PEOPLE BE SUCCESSFUL IN BRINGING THAT COUNT BACK FROM THE

APPELLATE COURT BEFORE THIS COURT, MR. SCONCE WOULD HAVE

AN OPPORTUNITY TO PLEAD TO THAT COUNT AND WOULD BE GIVEN

PROBATION ON WHAT WOULD OTHERWISE BE A 25 TO LIFE

SENTENCING.

      AS I UNDERSTAND THE COURT'S RATIONAL FOR

THAT, THE COURT DOESN'T FEEL THAT UNDER THE FACTS OF THAT

CASE IT'S WORTHY OF 25 TO LIFE.

      THE COURT:   LET ME RESPOND TO THAT AND THEN YOU MAY

CONTINUE.

      MR. ROGAN:   THANK YOU.

      THE COURT:   THAT'S CORRECT.   MY OFFER TO YOU,

MR. SCONCE, IS THAT IN THE EVENT ANY COUNTS IN THIS CASE

YOU'RE LATER CONVICTED ON YOU RECEIVE NO MORE TIME THAN

THE FIVE YEARS I JUST SENTENCED YOU TO INITIALLY.

      THAT DOES INCLUDE THE CONSPIRACY TO MURDER

COUNT THAT I DISMISSED.   AFTER THAT COUNT, THE WAY THE

LAW IS SET UP, GIVING THIS A RATHER DRASTIC OPTION TO

GIVING YOU 25 TO LIFE OR PROBATION.

      IT'S MY VIEW THAT 25 TO LIFE IS AN EXTREMELY

EXCESSIVE SENTENCE FOR THE BEHAVIOR THAT UNDERLIES THAT

COUNT.   I'D BE COMPELLED BY CONSCIENCE TO GIVE YOU

PROBATION.

      ACTUALLY THE SENTENCING IN BETWEEN WOULD BE

MORE APPROPRIATE BUT THAT'S NOT THE LAW.

   MR. ROGAN.

   MR. ROGAN: THANK YOU, YOUR HONOR.  AS I WAS

SAYING, IF THIS WERE JUST FOR THE COUNTS WE ARE DEALING

WITH, I DON'T THINK THE FIVE YEARS WOULD BE APPROPRIATE.

OUR GREAT CONCERN, NUMBER ONE, COMES FROM THE FACT WHEN

THE INFORMANT ISSUES INVOLVED -- AND SHOULD WE APPEAR

BEFORE THE COURT AGAIN WITH THE COUNT INVOLVING DEPUTY

DISTRICT ATTORNEY HALE LEWIS AND THE BRIBERY COUNTS AND

THE COUNTS INVOLVING MR. SCONCE'S GRANDPARENTS,

MR. SCONCE WOULD HAVE AN OPPORTUNITY TO PLEAD TO THOSE

COUNTS AND RECEIVE NO FURTHER TIME.  THIS FIVE-YEAR

SENTENCE WOULD BE INCLUSIVE OF THOSE ADDITIONAL COUNTS.

   I THINK WITH THAT TYPE OF OFFER, IF THE

DEFENDANT WERE GOING TO PLEAD TO ALL OF THOSE COUNTS, AN

APPROPRIATE SENTENCE WOULD BE IN THE SEVEN-YEAR RANGE

RATHER THAN FIVE YEARS BECAUSE OF THE MULTIPLICITY OF

ACTIONS AND THE AMOUNT OF THREATS AND SO FORTH.

   WHEN WE GET TO THE CONSPIRACY COUNT AND WE

THROW THAT COUNT IN THE POT ALSO AS A PROBATION -- AND I

SAY THIS WITH ALL DUE RESPECT TO THE COURT -- I FEEL IT'S

CHRISTMAS DAY IN AUGUST FOR MR. SCONCE WHEN WE LOOK AT

ALL THOSE COUNTS AND FIVE YEARS.  I THANK THIS COURT FOR

ITS CONSIDERATION.

   THE COURT:  I'M MINDFUL OF THOSE CONCERNS AND I

RESPECT THEM, MR. ROGAN.

   I FEEL THIS IS THE MOST EFFICACIOUS THING TO

DO IS TO ENFORCE THE OFFER THAT I'VE MADE.  I THINK IT'S

A PRACTICAL MATTER MR. SCONCE WILL END UP SERVING TIME IN

PRISON OR IN CUSTODY EQUIVALENT TO A SEVEN-YEAR SENTENCE.

            MR. SCONCE, DO YOU UNDERSTAND THE TERMS OF

THE OFFER I'M MAKING TO YOU?

            THE DEFENDANT:   YES, SIR.

            THE COURT:  ALL RIGHT.  BY THE WAY, I'LL BE

EXPLICIT ABOUT THIS.

                AS TO COUNTS YOU'RE NOT PLEADING TO TODAY, IF

YOU SUBSEQUENTLY PLEAD TO THEM -- IF YOU PLEAD TO THEM

AFTER THEY ARE REINSTATED ON PEOPLES' APPEAL -- IF YOU

PLEAD TO THEM IN THAT TIME, I WILL GIVE YOU NO ADDITIONAL

TIME BEYOND FIVE YEARS I'M GOING TO SENTENCE YOU TO.

                THAT'S ONLY IF YOU PLEAD TO THEM.

                DO YOU UNDERSTAND THAT SIR?

            THE DEFENDANT:   YES, SIR.

            THE COURT:  ALL RIGHT.  MR. SCONCE --

            MR. O'BRIEN:   YOUR HONOR, IF I MAY, THE COURT'S

OFFER REGARDING COUNTS THAT ARE NOT PLED TO TODAY WILL

ALSO EXTEND TO COUNTS 58, 61, 62, 63, 64, 65, 66.  AS TO

THOSE COUNTS, MY UNDERSTANDING IS THAT IF IN THE FUTURE

DATE MR. SCONCE WISHES TO PLEAD TO THOSE CHARGES, THE

COURT WOULD INCLUDE THEM WITHIN THE FIVE-YEAR SENTENCING.

                IN OTHER WORDS HE WOULD NOT BE GIVEN

ADDITIONAL TIME ON THE PLEA TO THOSE COUNTS.

            THE COURT:  THAT'S CORRECT.  ANY COUNT TO WHICH

HE'S NOT PLEADING TO TODAY, WHETHER THEY ARE --

            MR. O'BRIEN:   WHETHER THEY ARE --

            THE COURT:  -- THEY ARE CURRENTLY PENDING; WHETHER

THEY ARE REINSTATED.

MR. O'BRIEN:  JUST TO GET A -- CLARIFY OUT OF AN ABUNDANCE OF CAUTION THE REFERENCE BEFORE TO A CONSPIRACY TO COMMIT MURDER IS A CONSPIRACY CHARGE TO COMMIT THE MURDER OF ONE ELY ESTAVAN THAT WAS FILED UNDER CASE A578478 AND WAS DISMISSED BY THIS COURT PURSUANT TO 995 MOTION.

THE COURT:  THAT'S CORRECT.

MR. O'BRIEN:  AND I WOULD MAY I ASK THE COURT TO ADDRESS ITSELF TO ONE LAST ISSUE BEFORE WE TAKE THE WAIVERS?  THERE'S ONE THING LEFT THAT NEEDS TO BE SAID.

IN THE EVENT THAT ANY COUNTS COME BEFORE THIS COURT AGAIN AND MR. SCONCE DOES NOT CHOOSE TO PLEAD GUILTY AND ACCEPT THE OFFER THAT THE COURT HAS MADE, THERE WAS AN ADDITIONAL PROVISO I THINK THE COURT SHOULD PUT ON THE RECORD.

IF HE PROCEEDS TO TRIAL AND CHOOSES TO PROCEED TO TRIAL AS TO ANY COUNTS THAT ARE NOT RESOLVED TODAY, THE UNDERSTANDING IS THERE WILL BE NO PROMISES TO ULTIMATE SENTENCE IF HE'S CONVICTED ON ANY OF THOSE COUNTS?

THE COURT:  YES.  THAT WAS FAIRLY CLEAR.  MY PROMISE ONLY EXTENDS TO PLEAS OF GUILTY TO COUNTS 53, 61 THROUGH 66 OR ANY COUNTS REINSTATED UPON APPEAL.

DO YOU UNDERSTAND ALL THAT, MR. SCONCE?

THE DEFENDANT:  YES, SIR, I DO.

THE COURT:  ANY QUESTIONS ABOUT MY OFFER TO YOU?

MR. O'BRIEN:  THERE WAS ONE QUESTION WITH RESPECT

TO 47.  IF I MAY LOOK AT THE INFORMATION A MOMENT.

THE COURT:  47.  WHAT ABOUT IT?

MR. O'BRIEN:  MR. SCONCE HAD A QUESTION ABOUT IT.

THE COURT:  IT'S A MISDEMEANOR.  THAT'S -- THAT WAS A SO-CALLED BABY CHAM COUNT.

MR. O'BRIEN:  ALL RIGHT.

THE COURT:  MR. SCONCE, DO YOU HAVE ANY QUESTIONS?

MR. O'BRIEN:  NO.  I -- I THOUGHT THAT HAD ALREADY BEEN DROPPED.  I WAS TOLD IT HAD BEEN REINSTATED.  I WAS JUST UNCLEAR ON THAT ONE COUNT.

THE COURT:  ALL RIGHT.

SIR, IF YOU'RE WILLING TO ACCEPT MY OFFER, YOU MUST MAKE PLEAS OF GUILTY -- WHICH I'LL ENUMERATE FOR YOU AGAIN:

COUNTS 2, 19; 31 THROUGH 35, 41 THROUGH 44; 47; 50 THROUGH 56 AND 59 AND 60.

AND TO DO THAT, SIR, YOU MUST GIVE UP CERTAIN CONSTITUTIONAL RIGHTS.  THEY ARE AS FOLLOWS:

THE RIGHT TO A JURY TRIAL, MEANING THE RIGHT TO A TRIAL BY 12 PERSONS FROM THE COMMUNITY SELECTED WITH THE ASSISTANCE OF YOUR ATTORNEY.

FOR THAT JURY TO FIND YOU GUILTY ALL 12 MUST AGREE.

THE BURDEN OF PROOF IS BEYOND A REASONABLE DOUBT.

ULTIMATELY, SIR, YOU WAIVE YOUR RIGHT TO JURY TRIAL AND THE PEOPLE LIKEWISE WAIVES ITS RIGHT TO A JURY TRIAL AND RIGHT TO A COURT TRIAL BEFORE A JUDGE, MEANING

9

MYSELF, AND THEN THE JUDGE IS TO FIND YOU -- THE BURDEN
OF PROOF REMAINS THE SAME, BEYOND A REASONABLE DOUBT.

YOU HAVE A RIGHT TO CONFRONT AND
CROSS-EXAMINE YOUR ACCUSERS. THAT MEANS THE RIGHT TO
HAVE YOUR ACCUSERS BROUGHT TO COURT AND IN YOUR PRESENCE
PLACED UNDER OATH AND EXAMINED BY BOTH YOUR ATTORNEY AND
THE PROSECUTOR.

AND YOU HAVE THE RIGHT AGAINST
SELF-INCRIMINATION MEANING THE RIGHT TO REMAIN SILENT AND
NOT SAY ANYTHING AGAINST YOURSELF.

YOU GIVE THAT RIGHT UP OBVIOUSLY IF YOU PLEAD
GUILTY BECAUSE YOU'RE ADMITTING YOUR GUILT.

IN ADDITION, SIR, YOU HAVE THE RIGHT TO
PRESENT A DEFENSE AND TO USE THE SUBPOENA POWER OF THIS
COURT TO HAVE WITNESSES ON YOUR BEHALF BROUGHT INTO COURT
TO TESTIFY.

IF YOU SO CHOOSE, YOU MAY TESTIFY FOR
YOURSELF.

SIR, HAVE YOU HAD SUFFICIENT TIME TO DISCUSS
THIS MATTER WITH YOUR ATTORNEY, MR. O'BRIEN?

THE DEFENDANT:   YES, I HAVE.

THE COURT:   HAVE YOU HAD SUFFICIENT TIME TO DISCUSS
MY OFFER TO YOU WITH MR. O'BRIEN?

THE DEFENDANT:   YES, I HAVE, SIR.

THE COURT:   HAVE YOU AND YOUR ATTORNEY DISCUSSED
EACH OF THE RIGHTS I'VE MENTIONED?

THE DEFENDANT:   YES, SIR. WE HAVE.

THE COURT:   DO YOU UNDERSTAND ALL THOSE RIGHTS?

THE DEFENDANT:  YES, I DO.

THE COURT:  DO YOU GIVE EACH OF THEM UP?

THE DEFENDANT:  YES, I DO.

THE COURT:  SIR, THERE ARE NUMEROUS CONSEQUENCES THAT WILL FOLLOW FROM YOUR PLEA OF GUILTY.

IF YOU'RE NOT A CITIZEN, YOU CAN BE DEPORTED, DENIED REENTRY IF YOU LEAVE THE COUNTRY OR DENIED NATURALIZATION.

IF YOU ARE A CITIZEN, WHAT I JUST SAID HAS NO EFFECT.

IF YOU'RE ON PROBATION OR PAROLE IN ANOTHER MATTER, THIS PLEA OF GUILTY HERE COULD BE A VIOLATION OF THAT PROBATION OR PAROLE.

MOST OF THE COUNTS YOU'RE PLEADING TO ARE FELONIES.

SO YOUR PLEAS OF GUILTY FOR PREVIOUS FELONY CONVICTIONS COULD BE USED IN THE FUTURE TO INCREASE OR ENHANCE PUNISHMENT IF AT SOME FUTURE DATE YOU'RE AGAIN CONVICTED OF A FELONY.

IN THAT RESPECT, SIR, THE FELONY COUNTS FOR WHICH I'M GOING TO SEND YOU TO STATE PRISON WILL LEAD TO A ONE-YEAR INCREASE IN YOUR PUNISHMENT IN THE EVENT ON SOME FUTURE DATE YOU'RE AGAIN CONVICTED OF A FELONY.

AND ARE ANY OF THESE COUNTS SERIOUS FELONIES ASIDE FROM THE ROBBERY?

MR. ROGAN:  JUST COUNT 56.

THE COURT:  JUST 56.

COUNT 56, THE ROBBERY COUNT, THAT'S A SERIOUS

1   FELONY, SIR.   AND THAT MEANS THAT IF AT SOME FUTURE DATE

2   YOU'RE AGAIN CONVICTED OF A FELONY, THE ROBBERY

3   CONVICTION WOULD INCREASE YOUR PUNISHMENT BY FIVE YEARS.

4           DO YOU UNDERSTAND THAT SIR?

5           THE DEFENDANT:   BUT I UNDERSTAND THAT.   I DIDN'T

6   ROB ANYBODY.

7           THE COURT:   SIR, I'M GOING TO SEND YOU TO PRISON

8   FOR A PERIOD OF FIVE YEARS.

9               UPON RELEASE FROM PRISON YOU'LL BE PLACED ON

10  PAROLE FOR A PERIOD OF THREE YEARS.

11              THAT PERIOD CAN BE EXTENDED FOR A TOTAL

12  PERIOD OF FOUR YEARS FOR ANY PAROLE VIOLATIONS YOU MIGHT

13  SUFFER.

14              FOR ANY GIVEN VIOLATION, YOU COULD BE

15  RETURNED TO PRISON FOR UP TO ONE YEAR.

16              YOU'RE GOING TO HAVE TO PAY A $100

17  RESTITUTION FINE.

18              I UNDERSTAND THIS IS GOING TO BE A PEOPLE

19  VERSUS WEST PLEA.

20              SIR, I WANT YOU TO UNDERSTAND THERE'S STILL

21  CERTAIN CONSEQUENCES TO THIS PLEA.

22              BY PLEADING GUILTY THAT CONVICTION CAN BE

23  USED PENDING CIVIL CASES INVOLVING THE SAME CIRCUMSTANCES

24  THAT'S AN ADMISSION UPON YOU OF CERTAIN FACTS.

25              DO YOU UNDERSTAND THAT, SIR?

26          THE DEFENDANT:   YES, SIR.

27          THE COURT:   DO YOU HAVE ANY QUESTIONS ABOUT ANY OF

28  THE CONSEQUENCES I'VE UNDERLINED?

12

1986

1    THE DEFENDANT:   IF I DO ADDRESS THEM TO MY

2    ATTORNEY AT A FUTURE DATE --

3              RIGHT NOW AT THE MOMENT, NO.

4    THE COURT:   DO YOU FEEL COMFORTABLE WITH THOSE

5    CONSEQUENCES, SIR?

6         THE DEFENDANT:   YES.

7         THE COURT:   ALL RIGHT.   SIR, HAS ANYBODY MADE ANY

8    PROMISES TO _____ THAN HAVE STATED ON THE

9    OPEN RECORD TO HAVE YOU PLEAD GUILTY?

10        THE DEFENDANT:   NO, SIR.

11        THE COURT:   HAS ANYBODY THREATENED YOU OR ANYBODY

12   CLOSE TO YOU TO MAKE YOU PLEAD GUILTY?

13        THE DEFENDANT:   IT'S BEEN AN INCREDIBLE AMOUNT OF

14   PRESSURE BUT NO DIRECT THREATS TO ME TO PLEAD GUILTY.

15        THE COURT:   ANY THREATS TO ANYBODY CLOSE TO YOU,

16   YOUR MOTHER AND FATHER?

17        THE DEFENDANT:   NO, SIR.

18        THE COURT:   ARE YOU PLEADING GUILTY FREELY AND

19   VOLUNTARILY?

20        THE DEFENDANT:   YES, SIR.

21        THE COURT:   ARE YOU PLEADING GUILTY BECAUSE YOU

22   BELIEVE IT'S IN YOUR BEST INTEREST TO DO SO?

23        THE DEFENDANT:   YES, SIR.

24        THE COURT:   ALL RIGHT.   YOU'VE GIVEN THIS A LOT OF

25   CONSIDERATION?

26        THE DEFENDANT:   BEST INTEREST FOR MY FAMILY, SIR.

27        THE COURT:   FOR YOURSELF?

28        THE DEFENDANT:   FOR MYSELF.

(13)

1   THE COURT:   ALL RIGHT.   MR. O'BRIEN, YOU STIPULATE

2   THAT THERE'S A FACTUAL BASIS ESTABLISHED IN THE

3   PRELIMINARY HEARING TRANSCRIPT FOR EACH OF THE COUNTS FOR

4   WHICH YOUR CLIENT IS GOING TO PLEAD?   TO WIT:   COUNT TWO,

5   19; 31 THROUGH 35, 41 THROUGH 46; 47; 50 THROUGH 56; 59

6   AND 60?

7        MR. O'BRIEN:   YES, YOUR HONOR.

8        THE COURT:   ALL RIGHT.   I SHOULD THAT BECAUSE I

9   RULED ON A VERY EXTENSIVE SERIES OF 995 MOTIONS, I READ

10  THE ENTIRETY OF THE PRELIMINARY HEARING TRANSCRIPT AND

11  I'M MAKING A FINDING, BASED UPON MY READING OF THAT

12  TRANSCRIPT LIKEWISE THERE ARE FACTUAL BASIS FOR EACH OF

13  THOSE COUNTS.

14        ALL RIGHT.

15        MR. SCONCE, HAVE YOU UNDERSTOOD EVERYTHING

16  I'VE SAID TO YOU OR ASKED YOU?

17        THE DEFENDANT:   YES.

18        THE COURT:   DO YOU HAVE ANY QUESTIONS?

19        THE DEFENDANT:   NO, SIR.

20        THE COURT:   ALL RIGHT.   MR. ROGAN, WITHOUT

21  CONCURRING IN MY OFFER, ARE YOU SATISFIED BY THE

22  ADMONITION?

23        MR. ROGAN:   YES, YOUR HONOR.   THANK YOU.

24        THE COURT:   ALL RIGHT.   MR. SCONCE, HOW DO YOU

25  PLEAD TO COUNT TWO CHARGING YOU WITH HEALTH AND SAFETY

26  CODE SECTION 7051?

27        THE DEFENDANT:   GUILTY.

28        THE COURT:   AND HOW DO YOU PLEAD TO COUNT 19,

(14)

1037

1   CHARGING YOU WITH HEALTH AND SAFETY CODE -- VIOLATION OF

2   HEALTH AND SAFETY CODE SECTION 7051?

3         THE DEFENDANT:   GUILTY.

4         THE COURT:   HOW DO YOU PLEAD TO COUNT 31 AGAIN

5   CHARGING YOU WITH A VIOLATION OF HEALTH AND SAFETY CODE

6   SECTION 7051?

7         THE DEFENDANT:   GUILTY.

8         THE COURT:   HOW DO YOU PLEAD TO COUNT TWO CHARGING

9   -- HOW DO YOU PLEAD TO COUNT 32 CHARGING YOU WITH

10  VIOLATION OF HEALTH AND SAFETY CODE 7052?

11        THE DEFENDANT:   GUILTY.

12        THE COURT:   HOW DO YOU PLEAD TO COUNT 33, VIOLATION

13  OF HEALTH AND SAFETY CODE 7051?

14        THE DEFENDANT:   GUILTY.

15        THE COURT:   HOW DO YOU PLEAD TO COUNT 34 CHARGING

16  YOU WITH A VIOLATION OF HEALTH AND SAFETY CODE 7052?

17        THE DEFENDANT:   GUILTY.

18        THE COURT:   HOW DO YOU PLEAD TO COUNT 35 CHARGING

19  YOU WITH CONSPIRACY -- WAIT A SECOND.   STRIKE THAT FOR A

20  MOMENT.

21              THAT'S A CONSPIRACY TO VIOLATE HEALTH AND

22  SAFETY CODE SECTIONS 7051 UNDER 7052 AND PENAL CODE

23  SECTION 642?

24        THE DEFENDANT:   IS THAT 35, YOUR HONOR?

25        THE COURT:   35.

26        THE DEFENDANT:   GUILTY.

27        THE COURT:   HOW DO YOU PLEAD TO COUNT --

28        MR. ROGAN:   YOUR HONOR, MAY I HAVE THAT LAST --

(15)

1333

MR. SCONCE'S PLEA READ BACK ON COUNT 35.

THE COURT:  WOULD THE REPORTER PLEASE DO THAT?

(THE REQUESTED PORTION WAS READ BACK

BY THE REPORTER.)

THE COURT:  IS THAT CLEAR ENOUGH, MR. ROGAN?

MR. ROGAN:  YES.  THANK YOU, YOUR HONOR.

THE COURT:  MR. SCONCE, HOW DO YOU PLEAD TO COUNT

41 CHARGING YOU WITH HEALTH AND SAFETY CODE SECTION

7054.7(A)(1), A MISDEMEANOR?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 43 CHARGING

YOU WITH HEALTH AND SAFETY CODE SECTION 7054.7(A)(1), A

MISDEMEANOR?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 45 CHARGING

YOU WITH VIOLATION OF HEALTH AND SAFETY CODE

7054.7(A)(1), A MISDEMEANOR?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 46 CHARGING

YOU WITH VIOLATION OF HEALTH AND SAFETY CODE

7054.7(A)(1), A MISDEMEANOR?

THE DEFENDANT:  GUILTY.

THE COURT:  ALL RIGHT.  SIR, HOW DO YOU PLEAD TO

COUNT 47 CHARGING YOU WITH VIOLATION OF HEALTH AND SAFETY

CODE SECTION, 7103 ALSO A MISDEMEANOR?

THE DEFENDANT:  GUILTY.

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

(16)

1089

THE COURT:  SIR, HOW DO YOU PLEAD TO COUNT 50

CHARGING YOU WITH ASSAULT WITH A DEADLY WEAPON, VIOLATION

OF PENAL CODE SECTION 245(A)(1)?

MR. ROGAN:  YOUR HONOR, MAY I INQUIRE?  MY NOTES

SHOW THAT THERE'S A CONSPIRACY ON THAT COUNT RATHER THAN

A STRAIGHT 245.

IS THAT REFLECTED IN THE INFORMATION?

THE COURT:  I MISSPOKE.  I'M SORRY.  I MISREAD.

SIR, LET ME BACK UP.

HOW DO YOU PLEAD TO COUNT 50 CHARGING YOU

WITH CONSPIRACY VIOLATION OF THE PENAL CODE 182(1),

CONSPIRACY TO COMMIT A VIOLATION OF PENAL CODE SECTION

245(A)(1), ASSAULT WITH A DEADLY WEAPON?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 51 CHARGING

YOU WITH VIOLATION OF THE PENAL CODE SECTION 245(A)(1),

ASSAULT WITH A DEADLY WEAPON?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 52 AGAIN

CHARGING YOU WITH PENAL CODE SECTION 245(A)(1) ASSAULT

WITH A DEADLY WEAPON?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 53 CHARGING

YOU WITH THE CONSPIRACY IN VIOLATION OF PENAL CODE

SECTION 182(1), CONSPIRACY TO VIOLATE PENAL CODE SECTION

245(A)(1), ASSAULT WITH A DEADLY WEAPON?

THE DEFENDANT:  GUILTY.

THE COURT:  HOW DO YOU PLEAD TO COUNT 54 ALSO

1    CHARGING YOU WITH CONSPIRACY VIOLATION OF PENAL CODE

2    SECTION 182(1), CONSPIRACY TO COMMIT VIOLATIONS OF PENAL

3    CODE SECTION 211, ROBBERY AND 245(A)(1), ASSAULT WITH A

4    DEADLY WEAPON?

5              THE DEFENDANT:   GUILTY.

6              THE COURT:   SIR, HOW DO YOU PLEAD -- HOW DO YOU

7    PLEAD TO COUNT ?? CHARGING YOU WITH VIOLATION OF PENAL

8    CODE SECTION ??? ???????? ???? WITH A DEADLY WEAPON?

9              THE DEFENDANT:   GUILTY.

10             THE COURT:   SIR, HOW DO YOU PLEAD TO COUNT 53

11   CHARGING YOU WITH THE CRIME OF ROBBERY, VIOLATION OF

12   PENAL CODE SECTION 211?

13             THE DEFENDANT:   I DIDN'T ROB ANYBODY BUT GUILTY.

14             MR. ROGAN:   YOUR HONOR, I HAVE SOME CONCERNS ABOUT

15   THE VALIDITY OF THAT PLEA WHEN THE DEFENDANT IS SAYING

16   THAT.

17             THE COURT:   WELL -- I BELIEVE THERE'S A FACTUAL --

18   THAT'S THE COUNT WITH THE VICTIM AS TIM WATERS.

19             AS I UNDERSTAND THE FACTS UNDERLYING THAT

20   MR. SCONCE --

21             MR. ROGAN:   WE HAVE NOT ALLEGED THAT MR. SCONCE

22   PERSONALLY ENGAGED IN THAT ROBBERY.

23             THE ALLEGATION WAS HE WAS A PRINCIPAL.

24             THE COURT:   HE WAS A PRINCIPAL BY VIRTUE OF HIRING

25   TWO MEN TO BEAT UP MR. WATERS AND MAKE IT LOOK LIKE A

26   ROBBERY AND IN FACT THOSE TWO MEN TOOK PROPERTY FROM

27   MR. WATERS.

28             MR. ROGAN:   CORRECT.   PERHAPS IF MR. SCONCE WAS

1091

ADVISED OF THAT, THAT WE HAVE NOT ALLEGED THAT HE

PERSONALLY ENGAGED IN A ROBBERY, THAT MIGHT MAKE THE

COUNT MORE CLEAR TO HIM.

THE COURT:  YOU UNDERSTAND WHAT YOU'RE CHARGED WITH

AS TO THAT COUNT, SIR, AS TO COUNT 56?

THE DEFENDANT:  I UNDERSTAND IT, YOUR HONOR.

THE COURT:  ARE YOU WILLING TO ADMIT THAT YOU

COMMITTED A ROBBERY AS TO THAT COUNT?

MR. O'BRIEN:  I DON'T BELIEVE HE IS.  HE'S WILLING

TO PLEAD GUILTY PURSUANT TO PEOPLE VERSUS WEST AND NORTH

CAROLINA VERSUS ALFREY.  WE ASK THE COURT TO ACCEPT THAT

PLEA.

THE COURT:  I'LL ACCEPT THE PLEA.  I THINK THERE'S

AN ABUNDANT FACTUAL BASIS MR. SCONCE DOESN'T COMPREHEND

WHEN A ROBBERY IS COMMITTED.  IT'S A LEGAL ISSUE.  I'M

SATISFIED.  COUNSEL IS SATISFIED THERE'S A FACTUAL BASIS

FOR THAT PLEA.

SIR, ONCE AGAIN, AS TO COUNT 56 HOW DO YOU

PLEAD TO THE CHARGE OF ROBBERY, VIOLATION OF PENAL CODE

SECTION 211?

THE DEFENDANT:  GUILTY.

THE COURT:  ALL RIGHT.  SIR, HOW DO YOU PLEAD AS TO

COUNT 59 CHARGING YOU WITH GRAND THEFT AUTO IN VIOLATION

OF PENAL CODE SECTION 487(3)?

THE DEFENDANT:  GUILTY.

THE COURT:  AND HOW DO YOU PLEAD TO COUNT 60, SIR,

CHARGING YOU WITH RECEIVING STOLEN PROPERTY IN VIOLATION

OF THE PENAL CODE SECTION 496?

1092

1   THE DEFENDANT:   GUILTY.

2   THE COURT:   SIR, AND YOU UNDERSTAND THAT ALL THE

3   OFFENSES YOU PLEAD TO ARE FELONIES EXCEPT FOR THE ONES I

4   EXPLICITLY SAID THEY WERE MISDEMEANORS?

5   THE DEFENDANT:   YES, SIR.

6   THE COURT:   KNOWING THAT YOU STILL WISH TO ADHERE

7   TO ALL THESE PLEAS OF GUILTY, SIR?

8   THE DEFENDANT:   YES, SIR.

9   THE COURT:   COUNSEL JOIN AND CONCUR IN ALL THE

10   PLEAS?

11   MR. O'BRIEN:   YES.

12   THE COURT:   YOU STIPULATE TO A FACTUAL BASIS TO ALL

13   THOSE PLEAS?

14   MR. O'BRIEN:   YES, SIR.

15   THE COURT:   ALL RIGHT.   THE COURT FINDS THAT THE

16   DEFENDANT HAS KNOWINGLY AND INTELLIGENTLY WAIVED HIS

17   RIGHTS.   HE'S FREELY AND VOLUNTARILY CHANGED HIS PLEAS TO

18   THE COUNTS TO GUILTY.   THERE'S A FACTUAL BASIS FOR THE

19   PLEAS.

20   ACCORDINGLY THE COURT WILL ACCEPT THE PLEAS

21   AND ADJUDGE THE DEFENDANT GUILTY OF THOSE COUNTS.

22   MR. O'BRIEN, IS THIS MATTER READY FOR

23   SENTENCING?

24   MR. O'BRIEN:   YES.

25   THE COURT:   ALL RIGHT.

26   COUNSEL APPROACH FOR A MINUTE.

27

28   (PROCEEDINGS HELD AT BENCH

20

1093

BUT NOT REPORTED.)

1    THE COURT:  ALL RIGHT.  MR. O'BRIEN, IS THIS MATTER
2
3  READY FOR SENTENCING?
4    MR. O'BRIEN:  YES.
5    THE COURT:  WAIVE FURTHER ARRAIGNMENT; NO LEGAL
6  CAUSE?
7    MR. O'BRIEN:  YES, YOUR HONOR.
8    THE COURT:  AND THERE IS A PRE-PLEA REPORT IN HERE,
9  IS THERE NOT SOME TIME AGO?
10    MR. O'BRIEN:  YES, THERE IS.
11    THE COURT:  I THINK I RECALL SEEING IT.  HAVING
12  CONSIDERED THE PRE-PLEA REPORT WHICH REALLY HAS VERY
13  LITTLE IMPACT ON MY SENTENCING DECISION.  THE BASIS OF
14  MY SENTENCING DECISION IS BASED UPON THE NATURE AND
15  CONDUCT FOR WHICH YOU PLED GUILTY, MR. SCONCE.
16    I'M GOING TO DENY PROBATION.  THERE'S TOO
17  MUCH VIOLENCE, TOO MUCH INCORRIGIBILITY, TOO MUCH -- THE
18  SYSTEM FOR ME TO GRANT YOU PROBATION DESPITE THE FACT
19  THAT YOU HAVE NO PRIOR CRIMINAL RECORD.
20    SO I'M GOING TO DENY PROBATION.  I'M GOING TO
21  SENTENCE YOU AS FOLLOWS:  FOR THE EDIFICATION OF THE
22  CLERK ALL SENTENCING WILL BE CONCURRENT.
23    AS TO COUNT TWO -- FURTHERMORE I AM -- AS TO
24  ALL FELONY COUNTS, SIR, I'M GOING TO SENTENCE YOU TO HIGH
25  TERM STATE PRISON BECAUSE OF THE -- SAME REASONS I'M
26  DENYING PROBATION WHICH ARE THE VIOLENCE INVOLVED.
27    CONSISTENT LAW-BREAKING, INCORRIGIBILITY,
28  APPARENTLY HAVING BURNED A LITTLE -- OF LAW, LAW

21

1094

1  ENFORCEMENT. ALL SENTENCING WILL BE HIGH TERM. IT WILL

2  BE AS FOLLOWS:

3         COUNT TWO, HIGH TERM STATE PRISON, THREE

4  YEARS.

5         COUNT 19, HIGH TERM STATE PRISON, THAT'S

6  THREE.

7         COUNT 31, HIGH TERM STATE PRISON, THREE

8  YEARS.

9         COUNT 32, HIGH TERM STATE PRISON, THREE

10  YEARS.

11         COUNT 33, HIGH TERM STATE PRISON, THREE

12  YEARS.

13         COUNT 34, HIGH TERM STATE PRISON, THREE

14  YEARS.

15         COUNT 35, HIGH TERM STATE PRISON, THREE

16  YEARS.

17         COUNT 41 WHICH IS A MISDEMEANOR, 180 DAYS

18  COUNTY JAIL, CREDIT 180 DAYS SERVED.

19         COUNT 42, 180 DAYS, CREDIT 180 DAYS SERVED.

20         COUNT 43, 180 DAYS, CREDIT 180 DAYS ALREADY

21  SERVED.

22         COUNT 44, 180 DAYS JAIL, 180 ALREADY SERVED.

23         COUNT 47, 180 DAYS COUNTY JAIL, CREDIT 180

24  DAYS ALREADY SERVED.

25         COUNT 50, AGAIN READING BACK TO THE FELONIES,

26  HIGH TERM STATE PRISON. THAT'S FOUR YEARS.

27         COUNT 51, HIGH TERM STATE PRISON, FOUR YEARS.

28         COUNT 52, HIGH TERM FOUR YEARS.

22

1    COUNT 55, HIGH TERM STATE PRISON FOUR YEARS.

2    COUNT 56, HIGH TERM STATE PRISON, THAT'S FIVE

3    YEARS.

4    AS TO COUNT 33, IN LIGHT OF MY SENTENCE IN

5    COUNT 56 -- COUNT 33 IS CONTAINED IN 56, PURSUANT TO P.C.

6    654 SENTENCING IS STAYED PENDING A COMPLETION OF SENTENCE

7    ON COUNT 56.

8    COUNT ... TERM STATE PRISON, THREE

9    YEARS.

10    COUNT 49, LIKEWISE PURSUANT TO P.C. 654.

11    CONTAINED IN 59, SO IT IS, SO AS TO COUNT 60 AS WELL

12    SENTENCING IS STAYED PENDING YOUR COMPLETION OF THE

13    SENTENCE ON COUNT 59.

14    I BELIEVE THAT COVERS ALL COUNTS, DOES IT

15    NOT?

16    MR. ROGAN:  YOUR HONOR, MAY I INQUIRE OF THE

17    CLERK?  I DIDN'T HEAR THE COURT ADDRESS 53 AND 54.  DOES

18    THE CLERK HAVE THOSE IN HER NOTES?

19    THE CLERK:  THE COURT ADDRESSED 53, I DIDN'T HEAR

20    54.

21    THE COURT:  AS TO COUNT 56, HIGH TERM FOUR YEARS.

22    DOES THAT COVER ALL COUNTS, MR. ROGAN?

23    MR. ROGAN:  I BELIEVE SO.

24    THE COURT:  MADAM CLERK, ALL COUNTS COVERED?

25    THE CLERK:  YES, YOUR HONOR.

26    THE COURT:  AS INDICATED BEFORE, ALL SENTENCING ARE

27    CONCURRENT.

28    THIS IS -- THE CREDITS ARE 814 DAYS ACTUAL

(23)

1    PLUS 607 GOOD/TIME, WORK/TIME.   TOTAL CREDITS 1,221.

2                AND MR. SCONCE IS TO BE REMANDED FORTHWITH TO

3    THE DEPARTMENT OF CORRECTIONS TO SERVE THE BALANCE OF HIS

4    SENTENCE -- SENTENCES I SHOULD SAY.

5                NOW, THERE'S SOME REMAINING COUNTS.   THEY ARE

6    STILL OPEN.   AS TO COUNT 53, IS THERE A MOTION?

7        MR. O'BRIEN:   AS TO COUNTS --

8        THE COURT:   53, AND 41 THROUGH 44.

9        MR. O'BRIEN:   THERE WILL BE A MOTION TO CONTINUE

10   THOSE COUNTS, YOUR HONOR.   AND I'D SUGGEST AT THIS POINT

11   AT LEAST A TWO-MONTH CONTINUANCE.

12               MOST OF THOSE COUNTS INVOLVE INVESTIGATIONS

13   INTO THE SO-CALLED JAILHOUSE INFORMANT SITUATION WHICH IS

14   CURRENTLY UNDER INVESTIGATION BY BOTH THE STATE BAR AND

15   GRAND JURY APPOINTED ESPECIALLY.   IN MY OPINION IT WOULD

16   BE IMPOSSIBLE TO PREPARE FOR TRIAL AS TO THOSE COUNTS

17   UNTIL THERE'S FURTHER RESOLUTION OF THOSE OUTSIDE

18   INVESTIGATIONS.

19               I WOULD SUGGEST A TWO-MONTH DATE

20   NONAPPEARANCE AS TO MR. SCONCE AS TO THE REMAINING

21   COUNTS.

22       THE COURT:   ALL RIGHT.   GIVE ME A DATE TWO MONTHS

23   FROM NOW.

24       MR. O'BRIEN:   NOVEMBER 10.   IT'S A LITTLE MORE

25   THAN TWO MONTHS.

26       MR. O'BRIEN:   NOVEMBER 10 IS NOT GOOD.   THIRD IS

27   OKAY OR 17TH.

28       THE COURT:   LET'S MAKE IT NOVEMBER THIRD.

24

1197

1      MR. O'BRIEN:   THIRD.

2      THE COURT:   ALL RIGHT.   THE COURT FINDS GOOD CAUSE

3  STATED BY MR. O'BRIEN FOR A CONTINUANCE.

4          SO THAT WILL BE FOR PRETRIAL, WILL IT?

5      MR. O'BRIEN:   YES.   AND NONAPPEARANCE.

6      THE COURT:   NONAPPEARANCE.   IS THAT A 30-DAY TIME

7  WAIVER?

8      MR. O'BRIEN:   LET'S MAKE IT A 60-DAY TIME WAIVER.

9      THE COURT:   60-DAY TIME WAIVER.

10      MR. ROGAN:   THAT'S FINE.

11      THE COURT:   MR. SCONCE, YOU UNDERSTAND YOU HAVE A

12  RIGHT TO A SPEEDY TRIAL.   IF WE PUT THIS MATTER OVER TO

13  NOVEMBER THREE ON THE REQUEST OF YOUR ATTORNEY, YOU MUST

14  GIVE UP THAT RIGHT AND FURTHER AGREE THAT ON NOVEMBER

15  THIRD THE PROSECUTION WILL HAVE AN ADDITIONAL 60 DAYS TO

16  GET YOU TO TRIAL ON THE REMAINING COUNTS.

17          DO YOU UNDERSTAND YOUR RIGHT TO A SPEEDY

18  TRIAL, SIR?

19      THE DEFENDANT:   YES, SIR.

20      THE COURT:   YOU GIVE THAT RIGHT UP UNTIL NOVEMBER

21  THREE?

22      THE DEFENDANT:   YES, SIR.

23      THE COURT:   AND AGREE TO THE 60-DAY TIME WAIVER I

24  JUST DESCRIBED?

25      THE DEFENDANT:   YES.

26      THE COURT:   COUNSEL JOIN?

27      MR. O'BRIEN:   YES.

28      THE COURT:   THAT WILL BE NONAPPEARANCE BY

(25)

1   MR. SCONCE.   AND MR. O'BRIEN, I'D LIKE YOUR CLIENT TO

2   EXECUTE A 977 WAIVER FOR THE RECORD.

3                 MR. SCONCE, THERE'S ONE THING I DID NOT

4   IMPOSE I MUST IMPOSE.   I MUST IMPOSE UPON YOU A $100

5   RESTITUTION FINE AS A PART OF YOUR SENTENCE.

6         THE DEFENDANT:   SHOULD I ANSWER THAT?

7         THE COURT:   YOU'LL HAVE NO CHOICE.

8         MR. ROGAN:   YOUR HONOR, IN THE MEANTIME MAY WE

9   HAVE A TRANSCRIPT ORDERED FOR THIS PROCEEDING FOR BOTH

10  PARTIES?

11        THE COURT:   YES.   SO ORDERED.

12                MR. SCONCE, I'M BEING HANDED A WAIVER OF

13  PERSONAL PRESENCE.   YOU'VE SIGNED THIS DOCUMENT IN MY

14  PRESENCE?

15        THE DEFENDANT:   YES, SIR.

16        THE COURT:   YOU'RE AGREEING THAT HENCEFORWARD

17  MR. O'BRIEN MAY APPEAR ON YOUR BEHALF WITHOUT BEING

18  PRESENT IN COURT?

19        THE DEFENDANT:   YES, SIR.

20        THE COURT:   HENCEFORTH THE DEFENDANT MAY APPEAR 977

21  IN THIS MATTER OF THESE CASES, MR. O'BRIEN.

22                ANYTHING FURTHER, COUNSEL?

23        MR. ROGAN:   NOTHING.   THANK YOU, YOUR HONOR.

24                (WHEREUPON THE MATTER CONCLUDED.)

25

26

27

28

1

2

3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NORTHEAST "O"     HON. TERRY SMERLING, JUDGE

4

5   THE PEOPLE OF THE STATE OF CALIFORNIA, )

6               PLAINTIFF,   )

7          VS.           )   NO. A573519

8   DAVID SCORCE,         )   REPORTER'S

9                  )   CERTIFICATE

10           DEFENDANT.   )

11

12   STATE OF CALIFORNIA   )
                    ) SS

13   COUNTY OF LOS ANGELES  )

14       I, NANCY SMITH-WELLS, OFFICIAL REPORTER OF THE

15   SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

16   OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING

17   PAGES 1074 THROUGH 1116, INCLUSIVE, COMPRISE A FULL,

18   TRUE, AND CORRECT PARTIAL TRANSCRIPT OF THE PROCEEDINGS

19   HELD IN THE ABOVE-ENTITLED MATTER ON AUGUST 30, 1989.

20       DATED THIS 13TH DAY OF SEPTEMBER, 19 89.

21

22

23

24

25

26

27                      CSR NO. 5931
                      OFFICIAL REPORTER

28

(27)

SEPT. 28, 2021

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
255 E. TEMPLE ST.
LOS ANGELES, CA. 90012

RE: ENCLOSURES

HONORABLE CLERK :

PLEASE RECEIVE THIS CIVIL RIGHTS COMPLAINT WITH
ATTACHMENTS. THIS LAWSUIT HAS BEEN DELIVERED TO
YOUR OFFICE IN TWO SEPARATE ENVELOPES NUMBERED
1 AND 2 .

BECAUSE MY INMATE (LEGAL) HANDBOOK IS NOW A
FEW YEARS OLD WITH RESPECT TO PROCEDURES REQUIRED
FOR BRINGING FEDERAL CIVIL RIGHTS LAWSUITS, AND IF IT
IS NOT TOO MUCH TO ASK ; MY RECEIPT OF A COPY OF
YOUR CURRENT COURT RULES REGARDING SECTION 1983
LAWSUITS WOULD BE APPRECIATED.

THANK YOU,

DAVID SCONCE
AP3966 E-19C-101
P.O. 409090
IONE, CA. 95640

<<DIGITIZED COPY A5784   Vol:SCONCE Seq:10000467 page:1 F   ted by: 474976 on: 07/23/2015 02:50 PM>>

PGS 41-44
CREDITS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NE A                    HONORABLE THOMAS W. STOEVER, JUDGE

PEOPLE OF THE STATE OF CALIFORNIA, )
                                   )
              Plaintiffs,          )    No.  A 573819
                                   )    Re:  Hearing
        vs                         )         Pursuant to
                                   )         Federal Court
DAVID WAYNE SCONCE,                )         Ruling on
                                   )         Petition or
              Defendant.           )         Writ of
                                   )         Habeas Corpus
                                   )

TRANSCRIPT OF PROCEEDINGS

April 29, 1997

**ORIGINAL FILED**

MAY 2 9 1997

SUPERIOR COURT

APPEARANCES:

For the People:            OFFICE OF THE DISTRICT ATTORNEY
                           BY:  HARVEY GISS
                           Deputy District Attorney
                           201 N. Figueroa Street
                           Suite 15
                           Los Angeles, CA  90012-2623
                           (213) 580-3373


For the Defendant:         R. DIAMOND
                           Attorney at Law


Courtroom Monitor:         M. VIELMA, ERM


Transcribed by:            HAFTA COMMUNICATIONS
                           TRANSCRIPTION SERVICES
                           8236 Kirkwood Ct.
                           Rancho Cucamonga, CA 91730
                           Telephone:  (909) 987-2630

**COPY**

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:2   ted by: 474976  on: 07/23/2015 02:50 PM>>

1

1    PASADENA, CALIFORNIA; TUESDAY, APRIL 29, 1997, A.M. SESSION

2    DEPARTMENT NE A          HONORABLE THOMAS W. STOEVER, JUDGE

3

4    APPEARANCES:   COUNSEL FOR THE PEOPLE, HARVEY GISS;

5                   THE DEFENDANT, DAVID SCONCE;

6                   COUNSEL FOR THE DEFENDANT, R. DIAMOND.

7

8              (M. VIELMA, ELECTRONIC RECORDING MONITOR)

9

10             THE COURT:  WE'LL GO ON THE RECORD IN THE MATTER OF

11   PEOPLE VERSUS SCONCE.  MR. SCONCE IS IN COURT WITH

12   MR. DIAMOND.  MR. GISS FOR THE PEOPLE.

13             GOOD MORNING, MR. SCONCE.

14             THE DEFENDANT:  HELLO, JUDGE STOEVER.

15             THE COURT:  WE ARE APPROACHING A RESOLUTION IN THIS

16   DEPENDING ON WHAT THE COURT OF APPEAL DOES WITH THE PENDING

17   WRIT.  I THINK THAT IN ORDER TO PROCEED THE COURT IS GOING

18   TO NEED A PROBATION REPORT.  THE COURT IS GOING TO ORDER A

19   PRE-PLEA REPORT.  MR. SCONCE IS ORDERED TO PROBATION FOR AN

20   INTERVIEW.  AND THIS WILL BE ON AN EXPEDITED BASIS BECAUSE I

21   KNOW MR. SCONCE HAS SCHEDULING MATTERS IN ARIZONA THAT NEED

22   TO BE MET, SO I WOULD LIKE PROBATION TO PAY ATTENTION TO

23   THIS ON AN EXPEDITED BASIS.

24             WHAT IS YOUR PLEASURE, COUNSEL, WITH RESPECT

25   TO THIS COURT OF APPEAL WRIT CONFERENCE THAT'S GOING ON AS

26   WE SPEAK?

27             DO YOU WANT TO WAIT A FEW MINUTES TO SEE IF

28   WE GET ANY RESULTS FROM THEM OR DO YOU WANT TO COME BACK AT

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:3 l.  .ted by: 474976  on: 07/23/2015 02:50 PM>>

2

1   A TIME CONVENIENT TO YOU?

2        MR. DIAMOND:   OUR POSITION, OF COURSE, -- AND I

3   THINK WE FILED AN APPLICATION TO HAVE THE MATTER TRANSFERRED

4   TO JUDGE SMERLING, OUR POSITION IS THAT JUDGE SMERLING

5   SHOULD TAKE THE PLEA AND IMPOSE THE SENTENCE.   WE UNDERSTAND

6   THE DISTRICT ATTORNEY OBJECTS.   WE'RE CITING ARBUCKLE.   AND

7   I UNDERSTAND THE COURT'S POSITION IS THAT ABSENT A WRIT FROM

8   THE COURT OF APPEAL THIS COURT BELIEVES THAT ARBUCKLE DOES

9   NOT PRECLUDE THIS COURT FROM IMPOSING THE SENTENCE AND

10  TAKING THE PLEA.

11        THE COURT:   IT IS THIS COURT'S POSITION THAT THE

12  DECISION OF RECUSAL, RECUSING JUDGE SMERLING, MEANS THAT

13  JUDGE SMERLING IS RECUSED FOR ALL PURPOSES.   IF I AM WRONG

14  IN THAT, I'M SURE THAT THE COURT OF APPEAL WILL TELL ME.

15  AND THAT'S THE PURPOSE OF YOUR PETITION.

16        MR. DIAMOND:   RIGHT.

17             ALSO, IT'S OUR POSITION THAT EVEN IF THE

18  DISTRICT ATTORNEY HAS RENDERED JUDGE SMERLING DISQUALIFIED,

19  THE DISTRICT ATTORNEY HAS WITHIN HIM THE POWER TO UNDUE THE

20  DISQUALIFICATION AND SO WE ARE REQUESTING THAT MR. GISS, ON

21  BEHALF OF THE DISTRICT ATTORNEY, WITHDRAW THE

22  DISQUALIFICATION PETITION THAT HE FILED AGAINST MR. --

23  AGAINST JUDGE SMERLING BECAUSE THAT'S THE ONLY REASON THAT

24  JUDGE SMERLING WAS DISQUALIFIED; WAS AT THE REQUEST OF THE

25  DISTRICT ATTORNEY.   SO THE DISTRICT ATTORNEY HAS THE POWER

26  TO UNDUE THAT.

27             THE COURT:   WELL, I DON'T THINK SO.   I THINK THAT

28  ALL THAT THE DISTRICT ATTORNEY DID WAS BRING IT TO THE COURT

<<DIGITIZED COPY A57847  fol:SCONCE Seq:10000467 page:4 F  ed by: 474976  on: 07/23/2015 02:50 PM>>

3

1  -- TO THE ATTENTION OF A NEUTRAL TRIBUNAL TO DETERMINE

2  WHETHER OR NOT JUDGE SMERLING WAS, IN FACT, PREDISPOSED TO A

3  PARTICULAR POSITION.

4  MR. DIAMOND: HE WAS PREDISPOSED.

5  THE COURT: IT'S NOT THE -- IT IS NOT THE DISTRICT

6  ATTORNEY'S POSITION TO MAKE THAT DECISION. IT'S THE COURT'S

7  DECISION. THE COURT MADE THAT DECISION AND I THINK JUDGE

8  SMERLING IS RECUSED FOR ALL PURPOSES.

9  ANYWAY, WHAT IS YOUR POSITION, MR. GISS?

10  ARE YOU WILLING TO WITHDRAW YOUR PETITION FOR

11  RECUSAL OF JUDGE SMERLING?

12  MR. GISS: NO, YOUR HONOR.

13  THE COURT: VERY WELL.

14  MR. DIAMOND: YOUR HONOR, JUST FOR THE RECORD, WE

15  ASK THIS COURT TO TAKE JUDICIAL NOTICE OF THE FACT THAT

16  JUDGE SMERLING, AS WE SPEAK RIGHT NOW, IS UPSTAIRS ON THE

17  FIFTH FLOOR DIRECTLY ABOVE YOUR HONOR IN ROOM 510, I

18  BELIEVE. HE'S ALIVE AND WELL. HE'S NOT DISABLED AND HE'S

19  FUNCTIONING AND HE DOES HAVE ALL OF HIS JUDICIAL CAPACITIES.

20  WE'D LIKE YOUR HONOR TO TAKE JUDICIAL NOTICE OF THOSE FACTS.

21  THE COURT: I WILL TAKE JUDICIAL OF THE FACT THAT

22  JUDGE SMERLING IS A SITTING JUDGE. HE IS ASSIGNED TO

23  DEPARTMENT D IN THIS COURT. I HAVE NO SPECIFIC KNOWLEDGE AS

24  TO WHETHER OR NOT HE IS HERE TODAY. HOWEVER, HE IS A

25  SITTING JUDGE. HE IS NOT UNDER ANY DISABILITY. AND I WILL

26  TAKE JUDICIAL NOTICE OF THOSE FACTS.

27  MR. DIAMOND: AND WE RESPECTFULLY REQUEST THAT YOUR

28  HONOR TRANSFER THE CASE TO JUDGE SMERLING.

<<DIGITIZED COPY A57847   Vol:SCONCE Seq:10000467 page:5 R   ed by: 474976  on: 07/23/2015 02:50 PM>>

4

1   THE COURT:  THAT IS DENIED.

2        SCHEDULING, WHAT DO YOU WANT TO DO?

3        I AM AVAILABLE TO CONTINUE WITH THIS MATTER

4   THIS AFTERNOON, TOMORROW, THURSDAY, FRIDAY, WHATEVER DATE

5   YOU TWO PICK.

6        MR. DIAMOND:  WELL, WE UNDERSTAND THAT THE COURT

7   WILL NOT DO ANYTHING AS FAR AS SENTENCING WITHOUT A

8   PROBATION REPORT.

9        THE COURT:  THAT IS CORRECT.

10       MR. DIAMOND:  ALTHOUGH MR. SCONCE -- DO YOU OBJECT

11  TO A PROBATION REPORT, MR. SCONCE?

12       THE DEFENDANT:  NO, I DON'T.  I BELIEVE IT COULD BE

13  DONE TODAY, HOPEFULLY.

14       MR. GISS:  I'VE NEVER HEARD OF SUCH A THING.  THE

15  PROBATION DEPARTMENT NEEDS TIME TO WORK THIS MATTER UP.

16       THE COURT:  THE INTERVIEW MAY BE ABLE TO TAKE PLACE

17  TODAY.  THAT I JUST DON'T KNOW.

18       MR. GISS:  THAT I UNDERSTAND.

19       THE COURT:  AND I'M GOING TO ASK THAT THE CLERK

20  CALL PROBATION ON THIS.

21       MR. GISS:  THERE IS AN EXISTING REPORT IN THIS CASE

22  BY THE WAY. (FOR A573819)

23       THE COURT:  I BELIEVE THERE IS AND IT'S QUITE OLD.

24       MR. GISS:  CORRECT.

25       THE COURT:  SEVERAL YEARS, I BELIEVE.

26       MR. GISS:  ABOUT FIVE YEARS AT LEAST -- NO, 1989.

27  I THINK IT EXISTED AT THE TIME IN AUGUST 1989 WHEN JUDGE

28  SMERLING SENTENCED THE DEFENDANT.

<<DIGITIZED COPY A57841  /ol:SCONCE Seq:10000467 page:6 P  ted by: 474976  on: 07/23/2015 02:50 PM>>

5

1    THE COURT:  OKAY, BUT I WANT TO SEE THIS MATTER

2  CONCLUDED.  AND THE ONLY PERSON WHO WANTS IT MORE THAN I IS

3  MR. SCONCE.

4    THE DEFENDANT:  VERY TRUE, YOUR HONOR.

5    THE COURT:  AGAIN, --

6    MR. DIAMOND:  WELL, I'M AT THE MERCY OF MR. SCONCE.

7  APPARENTLY, THE COURT WILL REQUIRE A PRE-PLEA

8  REPORT IRRESPECTIVE OF THE WISHES OF MR. SCONCE.  THAT'S MY

9  UNDERSTANDING.  SO MR. SCONCE HAS NO VETO POWER OVER THE

10  PRE-PLEA REPORT.

11    MR. GISS:  I THINK THE ONLY CIRCUMSTANCE IN WHICH

12  MR. SCONCE COULD CIRCUMVENT A PROBATION REPORT, AND WHICH

13  YOUR HONOR MIGHT AGREE TO DO SO, IF HE WOULD HAVE NO

14  OBJECTION TO THE PEOPLE'S REQUEST THAT HE BE SENTENCED TO

15  LIFETIME PROBATION, BECAUSE I THINK THAT'S THE MAXIMUM

16  NEGATIVITY THAT COULD RESULT IN THIS CASE TO HIM, OTHER THAN

17  PLEADING GUILTY TO CONSPIRACY TO COMMIT MURDER, PLEADING

18  GUILTY TO TWO SEPARATE INDIVIDUAL COUNTS OF SOLICITATION OF

19  MURDER AND PLEADING GUILTY TO THE BRIBERY AND DISSUADING

20  WITNESS COUNTS.

21    THE COURT:  AS I READ THE FEDERAL COURT DECISION IN

22  THIS MATTER, WHICH IS THE BEGINNING POINT FOR THE WRIT THAT

23  WAS ULTIMATELY ISSUED BY JUDGE DAVIES, THE ONLY OPTION THAT

24  IS AVAILABLE TO THIS COURT IS PROBATION FOR SOME PERIOD OF

25  TIME.

26    MR. GISS:  CORRECT.

27    THE COURT:  AND THE QUESTION IS WHAT IS THAT PERIOD

28  OF TIME.

<<DIGITIZED COPY A5784  /ol:SCONCE Seq:10000467 page:7 F  .ted by: 474976  on: 07/23/2015 02:50 PM>>

6

1   MR. DIAMOND:  THE OTHER --

2   THE COURT:  THE MAXIMUM, OF COURSE, BEING LIFETIME

3   PROBATION.

4   AND I THINK MR. GISS MAKES A POINT; THAT IF

5   MR. SCONCE DOES AGREE TO THE MAXIMUM, THERE IS NO NEED FOR A

6   PROBATION REPORT.

7   MR. GISS:  AND I COULD TAKE A PLEA IN ABOUT FIFTEEN

8   MINUTES UNDER THOSE CIRCUMSTANCES.

9   THE COURT:  DO YOU WANT TO TALK TO MR. SCONCE ABOUT

10   THAT?

11   MR. DIAMOND:  WELL, IT WOULD BE OVER MY OBJECTION,

12   BUT MR. SCONCE IS THE CLIENT.  IT'S HIS LIFE.  HE'S IN

13   CUSTODY NOW IN ARIZONA, AT LEAST CONSTRUCTIVE CUSTODY.  HE'S

14   PHYSICALLY HERE.

15   THE COURT:  ALL RIGHT, I THINK THIS.  THAT IF THIS

16   WERE ACCEPTABLE TO MR. SCONCE, WE COULD ACCOMPLISH ALL OF

17   THIS TODAY AND HAVE IT DONE AND BEHIND US.

18   THE DEFENDANT:  CAN WE HAVE FIVE MINUTES, PLEASE,

19   YOUR HONOR?

20   THE COURT:  YES, OF COURSE.  I WAS GOING TO SUGGEST

21   THAT.  WHY DON'T YOU TALK IT OVER WITH HIM.

22   MR. DIAMOND:  THE OTHER, OF COURSE, OPEN QUESTION

23   ARE THE CONDITIONS OF PROBATION.

24   THE COURT:  TALK TO MR. SCONCE.

25   MR. DIAMOND:  YES.

26

27   (DEFENDANT AND COUNSEL CONFER)

28

<<DIGITIZED COPY A5784\   /ol:SCONCE Seq:10000467 page:8 F   ied by: 474976  on: 07/23/2015 02:50 PM>>

7

1                    (OFF RECORD)

2

3          MR. GISS:  1203.1(A).

4              I CITED IT PREVIOUSLY.

5          THE COURT:  YEAH, I SEE THAT.

6          MR. GISS:  IS IT ALL RIGHT IF I PUT MY WORK UP

7    HERE?

8          THE COURT:  SURE.

9

10                   (OFF RECORD)

11

12         THE COURT:  ARE WE READY TO PROCEED?

13         MR. DIAMOND:  YES, YOUR HONOR.

14         MR. GISS:  CAN I PULL A CHAIR UP?

15         THE COURT:  YES, OF COURSE YOU CAN.

16             ALSO THE -- EACH COUNSEL AND MR. SCONCE WILL

17   NOTICE THAT WE HAVE ELECTRONIC REPORTING IN THIS COURT

18   RATHER THAN A LIVE REPORTER.

19             DO YOU ALL AGREE THAT WE CAN PROCEED WITH

20   ELECTRONIC REPORTING AS DISTINGUISHED FROM LIVE REPORTING?

21             MR. GISS?

22         MR. GISS:  NO OBJECTION, YOUR HONOR.

23         MR. DIAMOND:  THAT'S FINE, YOUR HONOR.

24         THE DEFENDANT:  NO OBJECTION, YOUR HONOR.

25         THE COURT:  THANK YOU ALL VERY MUCH.

26             HAVE YOU DISCUSSED THIS MATTER WITH

27   MR. SCONCE?

28         MR. DIAMOND:  YES.

HARPA COMMUNICATIONS TRANSCRIPTION SERVICE

<<DIGITIZED COPY A5784: /ol:SCONCE Seq:10000467 page:9 F ted by: 474976 on: 07/23/2015 02:50 PM>>

8

1        MR. SCONCE -- OF COURSE, WE'RE NOT WAIVING

2   THE ARBUCKLE CLAIM, BUT WE UNDERSTAND THE COURT'S POSITION.

3   WE STILL MAINTAIN THAT HE HAS A RIGHT TO BE SENTENCED BY

4   JUDGE --

5        THE COURT:   SMERLING.

6        MR. DIAMOND:   -- SMERLING, BUT WE UNDERSTAND THE

7   COURT HAS OVERRULED THAT OBJECTION.   MR. SCONCE HAS A

8   MEETING FRIDAY, THIS WEEK, FOR HIS KNEE.

9        IS THAT RIGHT, MR. SCONCE?

10       THE DEFENDANT:   YES.

11       MR. DIAMOND:   IN ARIZONA, SOME MEDICAL SITUATION?

12       THE DEFENDANT:   I HOPE THEY'RE GOING TO FIX IT

13  THEN.

14       MR. DIAMOND:   OKAY.

15       SO MR. SCONCE WOULD LIKE TO FINISH THIS THING

16  NOW AND GET IT OVER WITH.

17       MR. GISS:   I JUST DON'T WANT THAT TO APPEAR ON THE

18  RECORD AS THOUGH IT'S A FORM OF COERCION; THAT HE'S GOT A

19  DEFECTIVE KNEE AND HE'S PLEADING FOR THE SAKE OF

20  CONVENIENCE.   THESE ARE VERY SERIOUS CHARGES.   I DON'T WANT

21  ANY COLLATERAL ATTACKS BEING MADE UPON THEM IN THE FUTURE.

22  SO I'M GOING TO ASK THE COURT, IF I DO TAKE THE PLEAS, TO

23  MAKE ITS OWN INQUIRY INTO THAT SUBJECT MATTER BEFORE I EVEN

24  BEGIN.

25       THE COURT:   MR. SCONCE, DOES YOUR DESIRE AND NEED

26  TO HAVE THIS KNEE PROCEDURE, WHATEVER IT IS, WHETHER IT'S

27  SURGERY OR OTHERWISE, IN THE STATE OF ARIZONA IN ANY WAY

28  ENTER INTO YOUR DECISION TO ENTER INTO THE PLEA TODAY?

<<DIGITIZED COPY A57841   /ol:SCONCE Seq:10000467 page:10   ified by: 474976 on: 07/23/2015 02:50 PM>>

9

1    THE DEFENDANT:  NO, YOUR HONOR.

2    THE COURT:  AND YOU FEEL THAT YOU WOULD BE ENTERING

3    INTO THIS PLEA TODAY WHETHER OR NOT YOU HAD THE MEDICAL

4    PROCEDURE FOR YOUR KNEE?

5    THE DEFENDANT:  FOR THE SAKE OF MY RECEIPT OF

6    BENEFIT OF MY PLEA, I WOULD STILL BE ENTERING THIS PLEA.

7    THE COURT:  ALL RIGHT.

8    ANYTHING FROM THE PEOPLE, MR. GISS?

9    MR. GISS:  NO, YOUR HONOR, IF YOU'RE SATISFIED THAT

10   THAT'S A --

11   THE COURT:  I AM --

12   MR. GISS:  FREE AND VOLUNTARY.

13   THE COURT:  I'VE BEEN WITH THIS CASE FOR ABOUT

14   THREE YEARS NOW AND I RECOGNIZE THAT MR. SCONCE HAS HAD THIS

15   MEDICAL PROBLEM PENDING, BUT IT DOESN'T SEEM TO HAVE ENTERED

16   INTO ANY OF THE DECISIONS THAT HE'S MADE SO FAR.  HE'S MADE

17   THEM ALL ON THE BASIS OF CONSULTATION WITH COUNSEL AND FOR

18   WHAT IS IN HIS BEST INTERESTS ONLY AND HE'S NOT UNDER ANY

19   GREAT PRESSURE THAT I CAN SEE TO HAVE THIS KNEE SURGERY

20   DONE, ALTHOUGH IF HE WANTS TO HAVE IT DONE IT COULD BE DONE,

21   PERHAPS, AT SOME TIME IN THE FUTURE.  SO I DON'T THINK THAT

22   IS THE MOTIVATING FORCE FOR HIS PLEA.

23   DO WE HAVE AGREEMENT THAT THE PROBATIONARY

24   PERIOD WILL BE FOR THE REMAINDER OF MR. SCONCE'S NATURAL

25   LIFE?

26   MR. GISS:  AND THAT IS THE PEOPLE'S REQUEST.  THAT

27   WOULD BE OUR EMPHATIC DEMAND IF THERE WAS A PROBATION AND

28   SENTENCE HEARING.

<<DIGITIZED COPY A5784?   /ol:SCONCE Seq:10000467 page:11 ?   ?rted by: 474976  on: 07/23/2015 02:51 PM>>

10

1    MR. DIAMOND:  WELL, ON BEHALF OF MR. SCONCE, I HAVE

2   TO OBJECT TO A LIFETIME PROBATION, BUT I UNDERSTAND THE

3   COURT, I SUPPOSE, HAS THE DISCRETION TO DO THAT.  WE

4   WOULD -- I WOULD OPPOSE IT AND I'VE ADVISED MR. SCONCE

5   AGAINST IT, BUT IT'S MY UNDERSTANDING THAT HE WANTS IT

6   IRRESPECTIVE OF MY WISHES AND SO --

7    THE COURT:  AND THEN I'D LIKE TO HEAR FROM MR.

8   SCONCE ON THIS.

9    WHAT IS YOUR POSITION, MR. SCONCE, WITH

10  RESPECT TO WHETHER YOU WANT TO PROCEED TODAY AND AGREE TO A

11  LIFETIME PERIOD OF PROBATION OR HAVE A PROBATION REPORT DONE

12  WITH THE OPTION OF A LESSER PERIOD?

13   MR. DIAMOND:  AND I THINK HE HAS TO UNDERSTAND THAT

14  THE ARBUCKLE ISSUE IS STILL BEING PRESERVED BECAUSE JUDGE

15  SMERLING MIGHT VERY WELL GIVE HIM SOMETHING LESS THAN

16  LIFETIME PROBATION.

17   MR. GISS:  I'M NOT COMFORTABLE WITH THAT.  I THINK

18  THIS IS A WAIVER.

19   THE COURT:  WELL, THIS COURT MIGHT GIVE HIM

20  SOMETHING LESS THAN A LIFETIME OF PROBATION AS WELL

21  DEPENDING ON WHAT'S SHOWN IN THE PROBATION REPORT AND THE

22  ARGUMENT OF COUNSEL AND WHAT MAY BE SHOWN AT A PROBATION AND

23  SENTENCE HEARING.

24   MR. DIAMOND:  BUT I THINK MR. SCONCE IS UNDER THE

25  IMPRESSION THAT IT'S ALL GOING TO BE DONE TODAY.  I DON'T

26  THINK MR. SCONCE UNDERSTANDS THAT THE COURT IS STILL GOING

27  TO REQUEST A PROBATION REPORT.

28   IS THAT RIGHT, MR. SCONCE?

＜＜DIGITIZED COPY A57847   Vol:SCONCE Seq:10000467 page:12   nted by: 474976  on: 07/23/2015 02:51 PM＞＞

11

THE DEFENDANT:  IT WAS MY BELIEF THAT IF I AGREED

TO WHAT MR. GISS WANTS TO SENTENCE ME TO OR HAVE ME

SENTENCED TO THAT THE PROBATION REPORT COULD BE WAIVED TODAY

--

THE COURT:  THAT IS --

THE DEFENDANT:  -- AND I COULD BE RETURNED TO

ARIZONA FORTHWITH.

THE COURT:  THAT UNDERSTANDING IS CORRECT.

MR. GISS:  BUT HE WOULD THEN BE WAIVING THE RIGHT

TO BE SENTENCED BEFORE JUDGE SMERLING.  BECAUSE HERE'S THE

PROBLEM.  UNDER 1389 OF THE PENAL CODE, IF HE'S RETURNED

TODAY AND THIS SENTENCE IS SET ASIDE, EVERYTHING IS NOT ONLY

VOIDED, WE LOSE THIS CASE WITH PREJUDICE.

THE COURT:  MY UNDERSTANDING IS THAT THIS IS A

COMPROMISED AND AGREED DISSOLUTION OF THE CASE; THAT

MR. SCONCE WILL WAIVE ANY RIGHT HE MAY HAVE TO BE SENTENCED

BY JUDGE SMERLING; THAT HE WILL AGREE TO A LIFETIME

PROBATIONARY PERIOD; THAT A PROBATION REPORT WILL BE WAIVED

AND THAT THIS COURT WOULD BE ORDERED -- WILL ORDER THAT HE

BE RETURNED TO ARIZONA FORTHWITH.

THE DEFENDANT:  WITH NO DETAINER.

THE COURT:  WITH WHATEVER.

MR. DIAMOND:  WELL, THAT WAS THE PROBLEM HE WAS

FACING TOO; THAT SO FAR THE PENDENCY OF THIS PROCEEDING HAS

CAUSED A DETAINER TO BE PLACED UPON HIM IN ARIZONA.

THE COURT:  THIS CASE WILL BE FINISHED TODAY IF ALL

OF THIS IS AGREED UPON.

MR. GISS:  THE MOST CRITICAL FACTOR BECAUSE OF 1389

<<DIGITIZED COPY A57841   /ol:SCONCE Seq:10000467 page:13   nted by: 474976  on: 07/23/2015 02:51 PM>>

12

1   OF THE PENAL CODE IS THAT HE IS -- UNDERSTANDS HE IS WAIVING

2   HIS RIGHT, THAT HE'S PURSUING UNDER THE WRIT BEFORE THE

3   SECOND DISTRICT COURT OF APPEAL AT THIS VERY MOMENT. THAT'S

4   WAIVED AND THAT'S BEHIND HIM NO MATTER WHAT THEY RULE.  IF

5   THEY SHOULD RULE IN HIS FAVOR THE MOMENT WE WALK OUT OF THIS

6   COURTROOM, HE HAS GIVEN UP AND SWORN OFF ON THAT RIGHT.

7   BECAUSE IF HE'S RETURNED TO ARIZONA, UNDER CASE LAW, WE

8   CAN'T RESENTENCE HIM, WE CAN'T REJURY HIM.  HE'S BEEN

9   RETURNED WITHOUT A CONCLUSION OF THE PROCEEDINGS AND UNDER

10   THE CASE LAW WE'VE LOST THIS CASE WITH PREJUDICE.

11              THAT LAW -- THAT'S VERY CLEAR BECAUSE THAT'S

12   WHY I WROTE THAT VERY CAREFULLY CRAFTED STIPULATION WHEN HE

13   WAS LAST RETURNED BY THE COURT TO ARIZONA.  IT'S A VIOLATION

14   OF THE INTERSTATE COMPACT TO RETURN AN INDIVIDUAL WITHOUT

15   CONCLUSION OF PROCEEDINGS.

16              THE COURT:  ALL COUNSEL AND MR. SCONCE, IN TEN

17   MINUTES WE'RE HAVING THIS EARTHQUAKE DRILL AND WE HAVE NO

18   CHOICE BUT TO VACATE THE BUILDING.

19              MR. GISS:  SO SHOULD WE COME BACK AT 1:30 AND

20   CONCLUDE THIS?

21              THE COURT:  I WANT TO SEE YOU ALL BACK HERE AT

22   1:45.

23              MR. GISS:  1:45.

24              THANK YOU.

25              THE COURT:  AND I WILL BE PREPARED TO WORK WITH YOU

26   THROUGH TO COMPLETION OF THE CASE.

27              MR. GISS:  AND THEN MAYBE WE WILL HAVE HEARD FROM

28   THE COURT AS WELL, THE SECOND DISTRICT.

COMMUNICATIONS TRANSCRIPTION SERVICE

<<DIGITIZED COPY A5784( /ol:SCONCE Seq:10000467 page:14   .nted by: 474976  on: 07/23/2015 02:51 PM>>

13

1          THE COURT:  PERHAPS.

2

3              (PROCEEDINGS CONTINUED UNTIL 1:45 P.M.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<<DIGITIZED COPY A57841   /ol:SCONCE Seq:10000467 page:15,   .ited by: 474976 on: 07/23/2015 02:51 PM>>

14

PASADENA, CALIFORNIA; TUESDAY, APRIL 29, 1997, 1:45 P.M.

DEPARTMENT NE A          HONORABLE THOMAS W. STOEVER, JUDGE

APPEARANCES:    COUNSEL FOR THE PEOPLE, HARVEY GISS;

THE DEFENDANT, DAVID SCONCE;

COUNSEL FOR THE DEFENDANT, R. DIAMOND.


(M. VIELMA, ELECTRONIC RECORDING MONITOR)


THE BAILIFF:  COURT IS NOW IN SESSION.

THE COURT:  NOTHING FROM --

MR. DIAMOND:  YES.

MR. GISS:  THE SECOND DISTRICT, DIVISION 3,

SUMMARILY DENIED THE WRIT.

THE COURT:  OKAY.

MR. GISS:  ACCORDING TO MY APPELLATE DEPARTMENT,

WHO JUST RETURNED THE CALL TO ME.

SO WE DO HAVE JURISDICTION AND I'M NOT

WORRIED ABOUT THE CONSEQUENCES NOW OF TAKING A PLEA AND

SENDING HIM BACK.

THE COURT:  YOU ARE CONCERNED ABOUT IT?

MR. GISS:  I'M NOT.

THE COURT:  OH, OKAY.

MR. GISS:  I FEEL CONFIDENT NOW.

MR. DIAMOND:  HOW WAS THE EARTHQUAKE?

AND EVERYBODY SURVIVED?

MR. GISS:  IT WAS A SUCCESSFUL EARTHQUAKE.

THE COURT:  IT WAS A SUCCESSFUL EARTHQUAKE.  JUDGE

<<DIGITIZED COPY A5784 Vol:SCONCE Seq:10000467 page:16 nted by: 474976  on: 07/23/2015 02:51 PM>>

15

1   DE VANON AND I DISCUSSED IT AT LENGTH OVER LUNCH.

2         MR. DIAMOND:  OH, SO THE CAFETERIA THEN WAS CLOSED

3   DURING LUNCH HERE?

4         THE COURT:  I DON'T KNOW.  I NEVER GO THERE.

5         MR. DIAMOND:  OH, YOU DON'T EAT AT THE CAFETERIA?

6         THE COURT:  ARE YOU FOLKS STILL WORKING ON

7   RESOLUTION?

8

9                    (OFF RECORD)

10

11        THE COURT:  ...SCONCE BE IN ARIZONA.

12        MR. DIAMOND:  HE WAS SENTENCED TO FIVE YEARS IN

13   JUNE OF '94, I BELIEVE, SO HE'S GOT A --

14        MR. GISS:  HE HAD TO DO EIGHTY-FIVE PERCENT OF THAT

15   TIME, FOUR AND A THIRD YEARS, I THINK.

16             I WENT THERE IN THE MIDDLE OF THE SUMMER TO

17   EXTRADITE HIM TO FLORENCE, WHICH IS ADJACENT TO THE PRISON.

18   IT'S QUITE A PLACE, ONE SPOTLIGHT, BUT FOUR COURTROOMS FROM

19   ALL THE ACTION IN THE -- PLUS IT'S A CENTER FOR THE COURTS

20   IN THAT PART OF THE JURISDICTION.

21        THE COURT:  ALL RIGHT, ONCE AGAIN WE WILL GO ON THE

22   RECORD IN THE SCONCE MATTER.

23             MR. GISS INFORMS THE COURT THAT THE COURT OF

24   APPEAL HAS DENIED THE PETITION FOR WRIT, SO I THINK WE ARE

25   IN A POSITION NOW TO PROCEED WITH THE PLEA AND SENTENCING IF

26   THAT IS MR. SCONCE'S DESIRE.

27        THE DEFENDANT:  THAT'S FINE, YOUR HONOR.

28        MR. GISS:  ALL RIGHT, SHOULD I TAKE THE WAIVERS AND

<<DIGITIZED COPY A57847 Vol:SCONCE Seq:10000467 page:17   ited by: 474976 on: 07/23/2015 02:51 PM>>

16

1   SPELL IT OUT?

2   THE COURT: WILL YOU, PLEASE?

3   MR. GISS: THANK YOU, YOUR HONOR.

4   THIS IS GOING TO TAKE A FEW MINUTES MR.

5   SCONCE BECAUSE WE WANT TO DOT ALL THE I'S AND CROSS ALL THE

6   T'S AND THERE'S SEVERAL CHARGES HERE.

7   IT'S MY UNDERSTANDING, BASED ON YOUR

8.   DISCUSSION WITH JUDGE STOEVER AND WITH YOUR COUNSEL BEFORE

9   WE BROKE FOR THE NOON HOUR, THAT YOU'RE PREPARED TO ENTER

10   PLEAS OF GUILTY TO COUNT I IN CASE NUMBER 578478 CHARGING

11   YOU WITH VIOLATION OF PENAL CODE SECTION 182(1)/187(A),

12   THAT'S CONSPIRACY TO COMMIT MURDER, AS WELL AS TO PLEAS OF

13   GUILTY TO COUNT LVIII AND COUNTS LXI THROUGH LVX IN CASE

14   NUMBER 573819.

15   AND THE CHARGES IN THOSE TWO PARTICULAR -- IN

16   THOSE PARTICULAR COUNTS, COUNT "A" CHARGES YOU WITH

17   SOLICITATION OF MURDER, COUNT LXI CHARGES YOU WITH

18   SOLICITATION OF MURDER.  AND IN CONNECTION WITH TAKING YOUR

19   PLEAS ON THESE COUNTS, I'LL BE MORE SPECIFIC IN A FEW

20   MOMENTS.  AND THEN THE REMAINING COUNTS, LXII THROUGH LXV,

21   ARE VARIOUS ALLEGATIONS OF BRIBERY OR DISSUADING WITNESSES

22   FROM TESTIFYING.

23   I'M NOT GOING TO GO THROUGH THE HISTORICAL

24   BACKGROUND OF THIS CASE BECAUSE IT'S TOO CONVOLUTED AND

25   TORTURED TO REPEAT HERE.  SUFFICE IT TO SAY, TO PROTECT THE

26   RECORD, THIS PLEA IS THE RESULT OF A UNILATERAL PLEA BARGAIN

27   THAT YOU ENTERED INTO WITH JUDGE TERRY SMERLING BACK IN

28   AUGUST OF 1989 WHEN YOU PLEADED GUILTY TO TWENTY-ONE COUNTS

<<DIGITIZED COPY A57847   /ol:SCONCE Seq:10000467 page:18 . ited by: 474976  on: 07/23/2015 02:51 PM>>

17

1   IN CASE NUMBER A-573819 AND RECEIVED A SENTENCE OF FIVE

2   YEARS IN STATE PRISON.  HE PROMISED YOU, IN CONNECTION WITH

3   THAT PARTICULAR CASE, WITH THE PLEAS THAT YOU ENTERED ON

4   THAT PARTICULAR DATE TO THOSE TWENTY-ONE COUNTS THAT IF THE

5   CONSPIRACY TO MURDER, WHICH HE HAD PREVIOUSLY DISMISSED, BUT

6   WHICH WAS EVENTUALLY REINSTATED ON APPEAL BY THE PEOPLE, IF

7   THAT WERE EVER REINSTATED AND CAME BACK TO THAT COURTROOM .

8   YOU'D BE ALLOWED TO PLEAD GUILTY TO THAT WITH NO ADDITIONAL

9   TIME.  HE DIDN'T SAY ANYTHING ABOUT THE TERMS AND CONDITIONS

10  OF PROBATION.

11          LIKEWISE, FOR THE REMAINING COUNTS THAT HAD

12  NOT BEEN DISPOSED OF THAT DAY, WHICH WERE COUNTS LVIII AND

13  LXI THROUGH LXV THAT I'VE ALREADY MADE REFERENCE TO, HE TOLD

14  YOU THAT IF, WHEN YOU CAME BACK IN THE FUTURE, AFTER THE

15  CONSPIRACY TO MURDER CHARGES WERE RESOLVED IN THE COURT OF

16  APPEAL THAT YOU'D BE ENTITLED TO PLEAD GUILTY TO THOSE

17  COUNTS AS WELL AND RECEIVE NO ADDITIONAL TIME.

18          AND WE'VE GONE THROUGH ALL THE COURTS OF

19  APPEAL OF THE LAND, THAT'S THE STATE OF CALIFORNIA AND THE

20  NINTH DISTRICT AND NINTH CIRCUIT COURT OF APPEALS, AND IT'S

21  FINALLY BEEN DECIDED BY THE NINTH CIRCUIT COURT OF APPEALS

22  THAT YOU ARE ENTITLED TO YOUR PLEA BARGAIN ENTERED INTO

23  UNILATERALLY BY THE JUDGE AND YOURSELF OVER THE OBJECTION OF

24  THE PROSECUTION.  WE'RE NOW PREPARED TO HAVE YOU ENTER

25  GUILTY PLEAS, BUT IT'S ALSO UNDERSTOOD THAT WHILE YOUR

26  PETITION FOR WRIT OF PROHIBITION TO HAVE JUDGE SMERLING

27  SENTENCE YOU AS OPPOSED TO JUDGE STOEVER, BECAUSE YOU

28  ORIGINALLY PLEADED BEFORE JUDGE SMERLING, HAS BEEN SUMMARILY

*STRAIGHT LIE* (handwritten note left margin, lines 9-10)

*THE D.A. DID NOT OBJECT.* (handwritten note left margin, lines 22-24)

<<DIGITIZED COPY A57847  Vol:SCONCE Seq:10000467 page:19  nted by: 474976  on: 07/23/2015 02:51 PM>>

18

1   DENIED BECAUSE JUDGE STOEVER (SIC) HAS BEEN RECUSED IN THIS

2   CASE LONG AGO.

3            THE COURT:  JUDGE SMERLING.

4       MR. DIAMOND:  YOU MEAN SMERLING.

5       MR. GISS:  SMERLING, PARDON ME.

6            YOU WILL BE -- YOU WILL BE WAIVING AS PART OF

7   THE PLEA TODAY, YOUR RIGHT TO APPEAL THAT AND TO EVER ARGUE

8   AGAIN IN THE FUTURE THAT JUDGE SMERLING SHOULD HAVE BEEN THE

9   SENTENCING JUDGE.

10            DO YOU UNDERSTAND THAT?

11       THE DEFENDANT:  YES, SIR.

12       MR. GISS:  AND AT THIS TIME DO YOU GIVE UP AND

13   WAIVE YOUR RIGHT TO APPEAL THAT PARTICULAR RECUSAL ISSUE AND

14   ALLOW JUDGE STOEVER TO SENTENCE YOU TODAY IN THE SENTENCE

15   THAT WE'RE ABOUT TO TAKE?

16            THE DEFENDANT:  SO AS TO PRESERVE THE BENEFIT OF

17   THE PROMISE MADE ME BY JUDGE SMERLING ON AUGUST 30, 1989, I

18   WILL WAIVE THAT, YES.

19       MR. GISS:  AND IN THAT PARTICULAR REGARD ARE YOU

20   ENTERING YOUR -- WILL YOU BE ENTERING YOUR PLEAS TODAY

21   FREELY AND VOLUNTARILY?

22       THE DEFENDANT:  YES.

23       MR. GISS:  YOU DON'T FEEL THERE'S ANY TYPE OF

24   COERCION IN ANY FORM WHATSOEVER, INCLUDING THAT PARTICULAR

25   ISSUE, THAT'S CAUSING YOU TO ENTER INTO THESE PLEAS?

26            THE DEFENDANT:  YOU'RE THE PERSON THAT SAID A LONG

27   AND TORTURED HISTORY, BUT NO.

28       MR. GISS:  THAT IS YOU'D LIKE TO HAVE THIS OVER

<<DIGITIZED COPY A5784   /ol:SCONCE Seq:10000467 page:20   nted by: 474976  on: 07/23/2015 02:52 PM>>

19

1   WITH, GO BACK TO ARIZONA, FINISH UP YOUR SENTENCE THERE?

2   THE DEFENDANT: YES.

3   MR. GISS: YOU WILL BE ENTERING GUILTY PLEAS.

4   YOU UNDERSTAND THAT THAT'S ONE OF THE

5   MANDATORY ASPECTS AND CONDITIONS LAID DOWN BY JUDGE SMERLING

6   WHEN HE TOLD YOU YOU COULD COME BACK AND PLEAD GUILTY, ONLY

7   GUILTY, NO OTHER TYPE OF PLEA?

8   THE DEFENDANT: I BELIEVE HIS EXACT WORDS WERE,

9   "THAT'S ONLY IF YOU PLEAD TO THEM."

10   MR. GISS: PLEAD GUILTY HE SAID. I HAVE THE

11   TRANSCRIPT HERE.

12   THE DEFENDANT: YES.

13   MR. GISS: ALL RIGHT.

14   HAVE ANY THREATS BEEN MADE TO YOU BY ANYONE

15   IN EXCHANGE FOR YOUR PLEA?

16   THE DEFENDANT: NO.

17   MR. GISS: AND YOU'VE HAD A SUFFICIENT OPPORTUNITY

18   OVER THE LAST ELEVEN YEARS TO DISCUSS THIS CASE WITH YOUR

19   LAWYER AND WHAT THE POSSIBLE DEFENSES ARE?

20   THE DEFENDANT: I BELIEVE THAT SPEAKS FOR ITSELF.

21   MR. GISS: ALL RIGHT.

22   THE ANSWER IS NO -- THE ANSWER IS YES?

23   THE DEFENDANT: THE ANSWER IS YES.

24   MR. GISS: AND AS FAR AS THE FOLLOWING QUESTION,

25   ARE YOU UNDER THE INFLUENCE OF ANY DRUGS OR MEDICINE OF ANY

26   SORT WHATSOEVER EITHER FOR YOUR LEG OR FOR ANY OTHER REASON?

27   THE DEFENDANT: NEVER IN MY LIFE.

28   MR. GISS: SO YOU HAVE A CLEAR MIND AT THE PRESENT

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:21   nted by: 474976 on: 07/23/2015 02:52 PM>>

20

1   TIME?

2            THE DEFENDANT:  YES.

3            MR. GISS:  AND YOU UNDERSTAND WHAT YOU'RE DOING?

4            THE DEFENDANT:  (NO AUDIBLE RESPONSE).

5            MR. GISS:  ALL RIGHT, YOU'RE GOING TO HAVE TO GIVE

6    UP AND WAIVE CERTAIN CONSTITUTIONAL RIGHTS BEFORE WE TAKE

7    YOUR PLEAS, THE FIRST OF WHICH IS A RIGHT TO A TRIAL BY JURY

8    AND BY THAT I MEAN YOU AND THE PEOPLE HAVE A RIGHT TO SELECT

9    A JURY CONSISTING OF TWELVE PEOPLE TO SIT IN JUDGEMENT ON

10   YOUR CASE AND THE PROSECUTION WOULD HAVE TO PROVE YOU GUILTY

11   TO EACH OF THE CHARGES THAT YOU'RE GOING TO PLEAD GUILTY TO

12   BEYOND A REASONABLE DOUBT AND TO A UNANIMOUS VERDICT OF

13   TWELVE.

14            DO YOU UNDERSTAND THAT?

15            THE DEFENDANT:  YES.

16            MR. GISS:  DO YOU GIVE UP AND WAIVE YOUR RIGHT TO

17   TRIAL BY JURY?

18            THE DEFENDANT:  YES.

19            MR. GISS:  DOES COUNSEL JOIN?

20            MR. DIAMOND:  THAT IS MR. SCONCE'S WISH, SO I'M

21   JOINING IN HIS WISH.

22            MR. GISS:  YOU ALSO HAVE A RIGHT TO BE CONFRONTED

23   BY YOUR ACCUSERS.  THAT IS TO SAY BEFORE THE PROSECUTION

24   COULD PROVE YOU GUILTY OF ANY PARTICULAR OFFENSE, WE'D HAVE

25   TO PRESENT THE WITNESSES LIVE IN COURT, THEY'D HAVE TO SWEAR

26   UNDER OATH THAT THEY'RE TELLING THE TRUTH AND THEN YOUR

27   ATTORNEY WOULD HAVE AN OPPORTUNITY TO FULLY CONFRONT THEM

28   AND CROSS-EXAMINE THEM.

<<DIGITIZED COPY A57847.  /ol:SCONCE Seq:10000467 page:22\   .ited by: 474976  on: 07/23/2015 02:52 PM>>

21

1          DO YOU GIVE UP AND WAIVE YOUR RIGHT TO

2  CONFRONTATION?

3         THE DEFENDANT: YES..

4         MR. GISS: DOES MR. DIAMOND JOIN?

5         MR. DIAMOND: AT MR. SCONCE'S --

6         MR. GISS: WITH THE SAME PROVISO.

7         MR. DIAMOND: YEAH, AT MR. SCONCE'S REQUEST.

8         MR. GISS: AND YOU ALSO HAVE A RIGHT AGAINST SELF-

9  INCRIMINATION, A PRIVILEGE AGAINST SELF-INCRIMINATION. AND

10  BY THAT I MEAN THE PEOPLE WOULD HAVE TO PROVE THEIR CASE TO

11  THAT JURY OF TWELVE BEYOND A REASONABLE DOUBT AND

12  UNANIMOUSLY -- WITHOUT CALLING YOU TO THE STAND, BUT BY

13  PLEADING GUILTY TO ALL THE COUNTS THAT YOU'RE GOING TO PLEAD

14  GUILTY TO, YOU, IN THE ULTIMATE SENSE, ACTUALLY INCRIMINATE

15  YOURSELF.

16         DO YOU UNDERSTAND THAT?

17         THE DEFENDANT: YES.

18         MR. GISS: DO YOU GIVE UP AND WAIVE YOUR RIGHT

19  AGAINST SELF-INCRIMINATION?

20         THE DEFENDANT: YES.

21         MR. GISS: WITH THE SAME PROVISION AS HERETOFORE

22  STATED, DOES COUNSEL JOIN?

23         MR. DIAMOND: YES, AT MR. SCONCE'S REQUEST.

24         MR. GISS: ALL RIGHT.

25         ADDITIONALLY, OTHER RIGHTS THAT YOU HAVE THAT

26  I'LL GO THROUGH QUICKLY. YOU HAVE A RIGHT TO THE SUBPOENA

27  POWERS OF THE COURT AND THAT IS YOU CAN BRING WITNESSES IN

28  IF YOU NEED THE ASSISTANCE OF THE COURT. YOU HAVE A RIGHT

<<DIGITIZED COPY A57847   /ol:SCONCE Seq:10000467 page:23    ited by: 474976  on: 07/23/2015 02:5 PM>>

22

1   TO PRESENT A DEFENSE AND YOU HAVE A RIGHT TO ASSISTANCE OF

2   COUNSEL AT ALL STAGES OF THE PROCEEDINGS, BUT YOU'RE GOING

3   TO WAIVE ALL OF THOSE BECAUSE YOU'RE NOT GOING TO HAVE A

4   TRIAL.

5           DO YOU UNDERSTAND THAT?

6       THE DEFENDANT:  YES.

7       MR. GISS:  YOU GIVE UP AND WAIVE ALL OF THOSE

8   BENEFITS?

9       THE DEFENDANT:  YES.

10      MR. GISS:  COUNSEL JOIN WITH THE SAME PROVISIONS?

11      MR. DIAMOND:  YES, AGAIN AT MR. SCONCE'S REQUEST.

12      MR. GISS:  ALL RIGHT.

13          NOW ADDITIONALLY, SIR, THERE'S NOT GOING TO

14  BE A SENTENCE OF ACTUAL TIME IN THIS PARTICULAR CASE FOR THE

15  REASONS THAT I'VE HERETOFORE STATED BASED UPON THE OFFER

16  MADE BY JUDGE SMERLING, BUT IT'S UNDERSTOOD THAT YOU'RE

17  GOING TO GET A LIFETIME PROBATIONARY SENTENCE.  THAT'S

18  ALREADY --

19          MR. DIAMOND:  EXCUSE ME, I THINK IT'S UP TO JUDGE

20  STOEVER.  I DON'T THINK JUDGE STOEVER HAS INDICATED WHAT

21  HE'S GOING TO DO.

22          MR. GISS:  I THOUGHT THAT WAS PART OF THE

23  AGREEMENT.

24          THE COURT:  I THINK THAT IS PART OF THE AGREEMENT.

25          MR. GISS:  THAT IT'S GOING TO BE LIFETIME

26  PROBATION.

27          THE COURT:  YES, THAT'S PART OF THIS AGREEMENT.

28          MR. GISS:  DID YOU UNDERSTAND THAT TO BE SUCH?

<<DIGITIZED COPY A57847   Vol:SCONCE Seq:10000467 page:24   ited by: 474976  on: 07/23/2015 02:52 PM>>

23

1    THE DEFENDANT:  YES.

2        JUDGE STOEVER HADN'T WORDED IT FROM JUDGE

3    STOEVER YET, BUT I UNDERSTOOD IT TO BE AS SUCH.

4        MR. GISS:  SO YOU'RE GOING TO HAVE LIFETIME

5    PROBATION ON THE ONE COUNT FROM CASE NUMBER 578478 CHARGING

6    YOU IN THE SOLE COUNT THAT'S CHARGED THERE OF CONSPIRACY TO

7    COMMIT MURDER.

8        AND I JUST WANT TO EXPLAIN SOMETHING TO YOU

9    IN THAT REGARD AND MAKE SURE YOU UNDERSTAND THIS.  THAT

10    MEANS ON THAT COUNT, FOR THE REST OF YOUR NATURAL LIFE, YOU

11    WILL BE ON PROBATION TO EITHER THIS COURT OR IF YOU TRANSFER

12    THE MATTER TO ANOTHER JURISDICTION, TO THAT COURT, AND IF

13    YOU VIOLATE THE TERMS AND CONDITIONS OF PROBATION, ONE OF

14    WHICH IS ALWAYS TO OBEY ALL THE LAWS OF THE LAND, AND YOU'RE

15    ARRESTED FOR THAT, YOU COULD BE BROUGHT INTO COURT AND YOU

16    WOULD BE SUBJECTED TO A TRIAL BY THE COURT.  YOU WOULDN'T BE

17    ENTITLED TO A JURY TRIAL.  AND ALL THE PROSECUTION WOULD

18    HAVE TO DO IS ESTABLISH BY A STANDARD LESS THAN GUILTY,

19    BEYOND A REASONABLE DOUBT, THAT YOU DID VIOLATE THE TERMS

20    AND CONDITIONS OF PROBATION, THAT IS BY STRONG AND

21    SUBSTANTIAL EVIDENCE, AND SUCH A VIOLATION COULD CAUSE YOU

22    TO BE SENTENCED UP TO TWENTY-FIVE TO LIFE IN STATE PRISON ON

23    COUNT I.

24        DO YOU UNDERSTAND THAT?

25    THE DEFENDANT:  YES.

26    MR. GISS:  AND THEN THERE'S ANOTHER POSSIBILITY

27    THAT ON THE OTHER COUNTS INVOLVING THE SOLICITATION OF

28    MURDER THE SENTENCE RANGE THERE IS THREE YEARS, SIX YEARS OR

<<DIGITIZED COPY A5784  Vol:SCONCE Seq:10000467 page:25  nted by: 474976 on: 07/23/2015 02:5 PM>>

24

1   NINE YEARS.  THAT'S A POSSIBILITY TOO IF A JUDGE DIDN'T WANT

2   TO SENTENCE YOU TO A LIFETIME IN STATE PRISON FOR A

3   VIOLATION OF PROBATION.

4                    DO YOU UNDERSTAND ALL OF THAT?

5            THE DEFENDANT:  YES.

6        MR. GISS:  ALL RIGHT.

7                    DOES COUNSEL HAVE ANY QUESTIONS IN THAT

8   REGARD?

9            MR. DIAMOND:  I HAVE NO QUESTIONS, NO.

10        MR. GISS:  DO YOU HAVE ANY QUESTIONS ABOUT THAT

11   SUBJECT MATTER?

12            THE DEFENDANT:  IN ESSENCE, A TWENTY-FIVE TO LIFE

13   SENTENCE, CAN IT EXPIRE AT THE END OF TWENTY-FIVE YEARS?

14        MR. GISS:  NO, YOU'LL BE ON PROBATION FOR THE REST

15   OF YOUR NATURAL LIFE.  THE POSSIBLE SENTENCE ARRANGED WOULD

16   BE TWENTY-FIVE TO LIFE IF YOU VIOLATED YOUR TERMS AND

17   CONDITIONS OF PROBATION, WHICH THE JUDGE WILL SPELL OUT IN

18   DETAIL AND WHICH YOU MUST ABIDE BY FOR THE REST OF YOUR

19   NATURAL LIFE.

20            THE DEFENDANT:  I UNDERSTAND.

21        MR. GISS:  ALL RIGHT.

22                    ADDITIONALLY, WHILE YOU HAVE PLEADED GUILTY

23   TO TWENTY-ONE COUNTS IN CASE NUMBER A-573819, MANY OF THOSE

24   COUNTS INVOLVED CONSPIRACY TO COMMIT ASSAULT WITH GREAT

25   BODILY INJURY, ACTUAL COMMISSION OF ASSAULT WITH GREAT

26   BODILY INJURY AND ROBBERY.  THOSE CONSTITUTE STRIKES FOR THE

27   FUTURE.  AND CALIFORNIA HAS WHAT THEY KNOW AS A THREE

28   STRIKES LAW.  THAT MEANS IF YOU'RE CONVICTED OR CHARGED WITH

<<DIGITIZED COPY A5784   Vol:SCONCE Seq:10000467 page:26   nted by: 474976 on: 07/23/2015 02:5? PM>>

25

1   AN OFFENSE IN THE FUTURE WHICH CONSTITUTES A FELONY, THOSE

2   WORK AGAINST YOU AND COULD ALSO INDEPENDENTLY CAUSE YOU TO

3   BE SENTENCED TO TWENTY-FIVE TO LIFE.

4          AND I MENTION THAT BECAUSE ONE OF THE CHARGES

5   HERE, THE CONSPIRACY TO COMMIT MURDER, WILL DEFINITELY BE A

6   STRIKE AND I THINK THE SOLICITATION TO COMMIT MURDER MIGHT

7   CONSTITUTE STRIKES AS WELL OR ENHANCEMENTS.   THE RANGE OF

8   POSSIBILITIES ARE QUITE GREAT, BUT WHAT -- THEY'RE ALL BAD,

9   VERY NEGATIVE FOR YOU.

10          THE DEFENDANT:  GOOD FOR YOU.

11          MR. GISS:  WELL, THAT FACT IS DO YOU UNDERSTAND

12   WHAT I'M SAYING HERE?

13          THE DEFENDANT:  YES.

14          MR. GISS:  ALL RIGHT.

15          AND WHEN YOU ENTER YOUR PLEA, AT LEAST TO

16   COUNT I OF INFORMATION 578478, YOU UNDERSTAND THAT THAT WILL

17   BE A STRIKE AS A SERIOUS PRIOR AND THE STRIKES THAT YOU

18   SUFFERED IN THE PREVIOUS CONVICTION WHERE YOU PLEADED BEFORE

19   JUDGE SMERLING ARE ALL STRIKES?

20          THE DEFENDANT:  YES, AS PER YOUR EXPLANATION, YES.

21          MR. GISS:  THANK YOU.

22          MAY I HAVE JUST ONE MOMENT TO SHUT THIS OFF?

23          IF YOU'RE NOT A CITIZEN OF THE UNITED STATES

24   AND YOU PLEAD GUILTY TO THESE PARTICULAR OFFENSES, YOU'RE

25   SUBJECT TO THE POSSIBILITY OF DEPORTATION OR OTHER SERIOUS

26   CONSEQUENCES WITH THE IMMIGRATION AND NATURALIZATION

27   SERVICES.

28          DO YOU UNDERSTAND THAT?

&lt;&lt;DIGITIZED COPY A5784\   Vol:SCONCE Seq:10000467 page:27\   nted by: 474976 on: 07/23/2015 02:52 PM&gt;&gt;

26

1      THE DEFENDANT:  YES.

2      MR. GISS:  I DON'T KNOW IF THE COURT'S GOING TO

3   GIVE YOU A FINE IN THIS CASE.  TECHNICALLY SPEAKING, IT MAY

4   HAVE BEEN IMPOSED WHEN YOU INITIALLY PLEADED IN AUGUST OF

5   1989.

6      THE DEFENDANT:  I BELIEVE IT WAS.

7      MR. GISS:  OKAY, SO THAT COULD COVER TODAY'S

8   PROCEEDINGS BECAUSE THAT SUBSUMES WHAT'S TAKING PLACE TODAY.

9      THE COURT:  AND THAT WILL BE THE RESTITUTION PART?

10      MR. GISS:  I DON'T KNOW ABOUT A RESTITUTION.  I

11   DON'T KNOW OF ANY LOSS TO THE PUBLIC AS A RESULT OF A --

12      THE COURT:  WELL, I'M COMPELLED TO IMPOSE $200.00 -

13

14      MR. GISS:  $200.00.

15      THE COURT:  -- TO $10,000.00 UNLESS IT WAS IMPOSED

16   BY JUDGE SMERLING ORIGINALLY.

17      MR. GISS:  OF COURSE THAT'S A RECENT -- THAT'S

18   RECENT LAW AND HE PLEADED IN 1989.  I'M NOT POSITIVE WHETHER

19   OR NOT THAT MANDATORY PORTION EXISTED IN 1989.

20      THE COURT:  ALL THINGS CONSIDERED, I THINK IT

21   SHOULD BE WAIVED.

22      MR. GISS:  THANK YOU.

23      MR. DIAMOND:  AND ALSO IT DOESN'T MATTER WHEN THE

24   PLEA WAS ENTERED.  IT MATTERS WHEN THE CRIME OCCURRED.

25      THE COURT:  RIGHT.

26      MR. GISS:  YOUR HONOR, I'M ABOUT TO TAKE THE PLEAS

27   FROM THE DEFENDANT.

28      ARE THERE ANY OTHER WAIVERS OR MATTERS THAT

<<DIGITIZED COPY A5784\   Vol:SCONCE Seq:10000467 page:28.   .nted by: 474976 on: 07/23/2015 02:52 PM>>

27

1    THE COURT WANTS TO ENTERTAIN?

2              THE COURT:  I BELIEVE YOU HAVE COVERED IT ALL, SIR.

3         MR. GISS:  THANK YOU, YOUR HONOR.

4         MR. DIAMOND:  AND I DID WANT THE RECORD TO REFLECT

5    THAT I HAVE TOLD MR. SCONCE THAT I'M READY, WILLING AND ABLE

6    TO GO TO TRIAL AND THAT THIS IS MR. SCONCE'S DECISION TO DO

7    THIS BECAUSE HE BELIEVES THAT IN HIS BEST INTEREST, BUT

8    I'M --

9              YOU UNDERSTAND I'M READY TO GO TO TRIAL FOR

10   YOU?

11        THE DEFENDANT:  YES.

12        MR. GISS:  I THINK THE RECORD SHOULD REFLECT, AND

13   THIS IS LAWYER TALK, BUT MR. DIAMOND AND I HAVE BECOME

14   PROFESSIONAL COMRADES IN THIS CASE OVER A LONG PERIOD OF

15   TIME.  MR. DIAMOND'S GREATEST CONCERN IS A FEAR THAT THERE

16   COULD BE RAMIFICATIONS IN THE FUTURE TO HIM, AN ALLEGATION

17   THAT HE LET HIS CLIENT DOWN, SHOULDN'T HAVE LET HIM PLEA TO

18   POSSIBLE NEGLIGENCE, THINGS OF THAT SORT.  THAT'S THE ONLY

19   THING HE'S WORRIED ABOUT, YOUR HONOR.

20             THE COURT:  AT THIS POINT I CAN'T IMAGINE ANY STONE

21   THAT MR. DIAMOND HAS LEFT UNTURNED IN THIS CASE.

22        MR. GISS:  I HONESTLY BELIEVE I WOULD HAVE

23   CONVICTED THIS DEFENDANT FIVE YEARS AGO, WERE IT NOT FOR

24   MR. DIAMOND, OF EVERYTHING HE WAS CHARGED WITH.  HE'S DONE

25   AN OUTSTANDING JOB.

26             ALL RIGHT, AS TO --

27        THE DEFENDANT:  I HAVE ONE QUESTION FIRST,

28   MR. GISS.

<<DIGITIZED COPY A57847  Vol:SCONCE Seq:10000467 page:29  .ited by: 474976  on: 07/23/2015 02:53 PM>>

28

1    MR. GISS:  PLEASE.

2    THE DEFENDANT:  IS THERE ANYTHING, TO YOUR

3  KNOWLEDGE, THAT EITHER YOU OR ANY OTHER DISTRICT ATTORNEY IN

4  CALIFORNIA HAVE THAT MAY BE PENDING OR OF A PENDING NATURE

5  AGAINST ME?

6    MR. GISS:  I CAN HONESTLY TELL YOU I KNOW OF

7  NOTHING ELSE AT THIS TIME.  AND IF THERE WERE SOMETHING

8  PENDING AND IT WAS A TRICK UP SOMEONE'S SLEEVE, THEY WOULD

9  HAVE TO PROVE THAT THEY RECENTLY CAME BY THIS INFORMATION

10  AND HAD A REASON TO KEEP IT SECRET ALL THIS TIME.

11    THE DEFENDANT:  WELL, YOU NEVER KNOW.

12    MR. GISS:  OTHERWISE, I SHOULD KNOW ABOUT IT

13  BECAUSE I'M, QUOTE, "THE SCONCE MAN," SO IT WOULD HAVE BEEN

14  BROUGHT TO MY ATTENTION.  SO I CAN HONESTLY ASSURE YOU I'M

15  AWARE OF NOTHING AND I CAN'T IMAGINE THE PROSECUTION BEING

16  ABLE TO OVERCOME THE BARRIERS THAT WOULD BE THROWN IN THEIR

17  WAY TO ALLOW THEM TO FURTHER PROSECUTE YOU ON ANYTHING THAT

18  WOULD BE IN PREPARATION OR IN AN EMBRYONIC STAGE AT THE

19  PRESENT TIME.  I'D BE DUTY BOUND TO INFORM YOU AND THE COURT

20  OF THAT.

21    THE DEFENDANT:  THANK YOU.

22    MR. GISS:  ALL RIGHT.

23    MR. DIAMOND:  AND I ALSO WANTED TO ADD ONE OTHER

24  THING.  ALTHOUGH THE STATE COURT OF APPEAL DENIED THE

25  PETITION TODAY IN SCONCE VERSUS SUPERIOR COURT, 111104, A

26  PETITION FOR REVIEW IN THE STATE SUPREME COURT COULD BE

27  FILED WITHIN TEN DAYS OF TODAY'S DATE AND THE SUPREME COURT

28  COULD REVIEW THE MATTER.  AND SO I WANTED MR. SCONCE TO KNOW

<<DIGITIZED COPY A5784   Vol:SCONCE Seq:10000467 page:30   nted by: 474976  on: 07/23/2015
02:53 PM>>

29

1    THAT THAT IS AN OPTION THAT HE'S GIVING UP BY DOING THIS AND

2    I WAS FULLY PREPARED TO GO TO THE STATE SUPREME COURT ON A

3    PETITION FOR REVIEW ON THE ARBUCKLE ISSUE.

4              AND DAVID SCONCE IS WAIVING THAT, AS I

5    UNDERSTAND THAT; IS THAT RIGHT?

6              THE DEFENDANT:  YES.

7              MR. DIAMOND:  OKAY.

8              SO YOU ARE DIRECTING ME NOT TO GO TO THE

9    SUPREME COURT?

10             THE DEFENDANT:  YES.

11             MR. DIAMOND:  OKAY.

12             MR. GISS:  DAVID WAYNE SCONCE, IS THAT YOUR TRUE

13   NAME, SIR?

14             THE DEFENDANT:  YES.

15             MR. GISS:  IN INFORMATION NUMBER A-578478 YOU'RE

16   CHARGED IN COUNT I, THE SOLE COUNT, WITH HAVING COMMITTED

17   THE CRIME OF CONSPIRACY TO COMMIT MURDER.  IT'S ALLEGED THAT

18   BETWEEN SEPTEMBER 1, 1985 AND OCTOBER 17, 1985 YOU DID

19   CONSPIRE WITH ANOTHER PERSON OR PERSONS, WHOSE IDENTITY IS

20   NOT ALLEGED IN THE INFORMATION, TO COMMIT THE ACT OF MURDER.

21   AND THERE ARE SEVERAL OVERT ACTS ALLEGED AS TO THE

22   UNDERLYING OFFENSE.

23             DO YOU NOW -- HOW DO YOU NOW PLEAD, SIR?

24             THE DEFENDANT:  FOR THE BENEFIT OF THE PLEA BARGAIN

25   AND THE PROMISE MADE ME BY JUDGE SMERLING ON AUGUST 30,

26   1989, I PLEAD GUILTY.

27             MR. GISS:  THAT IS TO SAY YOU FEEL IT'S IN YOUR

28   BEST INTEREST NOT TO RISK GOING TO TRIAL AND BEING CONVICTED

<<DIGITIZED COPY A5784   Vol:SCONCE Seq:10000467 page:31   nted by: 474976 on: 07/23/2015 02:5 PM>>

30

1   AND POSSIBLY SPENDING THE REST OF YOUR LIFE IN PRISON?

2   THE DEFENDANT:  FOR THE BENEFIT OF THE PLEA

3   BARGAIN.

4   MR. GISS:  ALL RIGHT.

5   NOW, YOUR HONOR, ADDITIONALLY -- AND DO YOU

6   ADMIT THAT AT LEAST ONE OVERT ACT TOOK PLACE; THAT IS TO SAY

7   THAT YOU MET ONCE WITH BOB GARCIA AND SUGGESTED TO HIM THAT

8   YOU'D LIKE TO HAVE ELI ESTEVAN OUT OF THE WAY?

9   THE DEFENDANT:  SO AS TO RECEIVE BENEFIT OF THE

10   PLEA BARGAIN MADE TO ME BY JUDGE SMERLING.

11   MR. GISS:  ALL RIGHT.

12   YOUR HONOR, I'M GOING TO ASK THE COURT TO

13   TAKE JUDICIAL NOTICE OF THE OPINION IN PEOPLE VERSUS SCONCE,

14   228 CAL APP 3D, 693 WHICH WE BROUGHT TO THE COURT'S

15   ATTENTION MANY TIMES PREVIOUSLY IN ALL THE PRETRIAL MOTIONS

16   AND EVIDENTIARY HEARINGS THAT TOOK PLACE IN THIS PARTICULAR

17   CASE FOR THE SOLE PROPOSITION OF THE COURT ASCERTAINING

18   WHETHER OR NOT IT FEELS THERE IS A FACTUAL BASIS IN FACT TO

19   ACCEPT THIS PLEA TO THE COUNT THAT THE DEFENDANT HAS ALREADY

20   ENTERED A PLEA OF GUILTY TO.

21   THE COURT:  THE COURT IS FAMILIAR WITH THAT CASE

22   AND I WILL TAKE JUDICIAL NOTICE OF IT.

23   MR. GISS:  THANK YOU.

24   NOW AS TO CASE NUMBER A-573819, COUNT LVIII

25   THEREIN CHARGES YOU AS FOLLOWS.  THAT ON OR BETWEEN DECEMBER

26   1, 1986 AND DECEMBER 31, 1986 IN THE COUNTY OF LOS ANGELES

27   YOU COMMITTED THE CRIME OF SOLICITATION OF MURDER IN

28   VIOLATION OF PENAL CODE SECTION 653 (F) (B), A FELONY, BY

<<DIGITIZED COPY A5784 Vol:SCONCE Seq:10000467 page:32 nted by: 474976 on: 07/23/2015 02:53 PM>>

31

1   SOLICITING GEORGE BRISTOL TO COMMIT AND JOIN IN THE

2   COMMISSION OF MURDER OF YOUR GRANDPARENTS, LAWRENCE LAMB AND

3   LUCILLE LAMB.

4              DO YOU NOW PLEAD TO THAT PARTICULAR COUNT AND

5   IF SO, HOW?

6              THE DEFENDANT:  I BELIEVE THE SOURCE OF THAT

7   INFORMATION SPEAKS VOLUMES ON ITS FACE, BUT SO AS TO RECEIVE

8   BENEFIT OF THE PLEA BARGAIN OF AUGUST 30TH WITH JUDGE

9   SMERLING I WILL PLEAD GUILTY TO THAT.

10             MR. GISS:  DOES YOUR HONOR, BASED UPON A REVIEW OF

11   THE TRANSCRIPTS SUBMITTED TO THE COURT UNDER THE 1101(B)

12   HEARINGS TO GET THOSE COUNTS BEFORE THE COURT AND BEFORE A

13   JURY, IF WE WERE TO GO TO TRIAL, FEEL THAT THERE'S A FACTUAL

14   BASIS TO ACCEPT THE PLEA?

15             THE COURT:  THE COURT DOES BELIEVE AND SO FEEL THAT

16   THERE IS A FACTUAL BASIS TO ACCEPT THE PLEA.

17             MR. GISS:  AS TO COUNT LXI OF THE AFOREMENTIONED

18   INFORMATION NUMBER CHARGING YOU WITH ON -- OR BETWEEN AUGUST

19   25, 1987 AND SEPTEMBER 15, 1987 IN THE COUNTY OF LOS ANGELES

20   HAVING COMMITTED THE CRIME OF SOLICITATION OF MURDER OF A

21   DEPUTY DISTRICT ATTORNEY, WALT LEWIS, HOW DO YOU -- IN

22   VIOLATION OF PENAL CODE SECTION 653(F)(B), HOW DO YOU NOW

23   PLEA?

24             THE DEFENDANT:  AGAIN, I BELIEVE THE SOURCE OF THAT

25   INFORMATION TOO SPEAKS VOLUMES ON ITS FACE, BUT FOR THE SAKE

26   OF THE PRESERVATION OF MY PLEA BARGAIN WITH JUDGE SMERLING,

27   I PLEAD GUILTY TO THAT.

28             MR. GISS:  AND FOR THE REASONS HERETOFORE

<<DIGITIZED COPY A57847 /ol:SCONCE Seq:10000467 page:33 nted by: 474976 on: 07/23/2015 02:53 PM>>

32

1   MENTIONED, I'M INQUIRING OF THE COURT WHETHER IT FEELS THERE

2   IS A FACTUAL BASIS TO ACCEPT THAT PLEA.

3          THE COURT:  YES, THE COURT DOES HAVE SUFFICIENT

4   INFORMATION TO FIND THAT THERE'S A FACTUAL BASIS FOR THAT

5   PLEA.

6          MR. GISS:  NOW I'LL TRY TO SPEED THIS UP.

7               AS TO COUNT LXII YOU'RE CHARGED WITH BRIBERY

8   OF A WITNESS, ALONG WITH TWO OTHER -- ALONG WITH ONE OTHER

9   PERSON, THAT IN VIOLATION OF PENAL CODE SECTION 137(A), A

10  FELONY.

11             HOW DO YOU NOW PLEAD?

12         THE DEFENDANT:  WERE THESE THE JAILHOUSE COUNTS?

13         MR. GISS:  THAT'S TO ROGILIO ROJAS (PHONETIC).

14         THE DEFENDANT:  THE JAILHOUSE INFORMANT COUNTS?

15         MR. GISS:  YES.

16         THE DEFENDANT:  FOR THE SAKE OF THE PRESERVATION OF

17  MY PLEA BARGAIN WITH JUDGE SMERLING, I ENTER A PLEA OF

18  GUILTY.

19         MR. GISS:  AND DOES THE COURT ACCEPT THAT AS HAVING

20  HAD A FACTUAL BASIS?

21         THE COURT:  YES, I DO.  YES, THE COURT SO ACCEPTS

22  IT.

23         MR. GISS:  AS TO COUNT LXIII CHARGING YOU WITH

24  OFFER TO BRIBE A WITNESS UNDER PENAL CODE SECTION 138(A)

25  HAVING BEEN COMMITTED ON AND BETWEEN SEPTEMBER 1, 1987 AND

26  SEPTEMBER 15, 1987, THE BRIBE BEING OFFERED TO ROGILIO

27  ROJAS, HOW DO YOU NOW PLEAD?

28         THE DEFENDANT:  AGAIN, THE JAILHOUSE INFORMANT

<<DIGITIZED COPY A5784  ol:SCONCE Seq:10000467 page:34   nted by: 474976  on: 07/23/2015 02:5∶ PM>>

33

1   ISSUES.

AGAIN, FOR THE SAKE OF THE PRESERVATION OF MY
2
3   PLEA BARGAIN WITH JUDGE SMERLING, I PLEAD GUILTY.

MR. GISS:  AND I ASK THE COURT AGAIN WHETHER OR NOT
4
5   IT FEELS THERE'S A FACTUAL BASIS TO ACCEPT THAT PLEA?

THE COURT:  YES, THE COURT DOES FEEL THAT THERE'S A
6
7   FACTUAL BASIS TO ACCEPT THAT PLEA.

MR. GISS:  FINALLY, TO THE REMAINING TWO COUNTS,
8
9   COUNT LXIV CHARGING YOU WITH VIOLATION OF PENAL CODE SECTION
10  137(A) ALLEGING THAT ON OR BETWEEN SEPTEMBER 4, 1987 IN THE
11  COUNTY OF LOS ANGELES YOU DID UNLAWFULLY ATTEMPT TO GIVE --
12  OFFER A PROMISE TO DAVID GERHART, A WITNESS ABOUT TO BE
13  CALLED, A BRIBE WITH THE UNDERSTANDING AND AGREEMENT THAT HE
14  NOT TESTIFY, HOW DO YOU NOW PLEAD?

_____THE DEFENDANT:  I DON'T BELIEVE THAT WAS HIS
15
16  CORRECT NAME.  I BELIEVE THAT'S AN ALIAS.  BUT FOR THE SAKE
17  OF THE PRESERVATION OF MY PLEA WITH JUDGE SMERLING, I'LL
18  ENTER A GUILTY PLEA TO THAT.

MR. GISS:  AND IS THERE A FACTUAL BASIS IN THE
19
20  COURT'S OPINION?

THE COURT:  YES, THERE IS.
21
22  MR. GISS:  IN COUNT LXV, THE FINAL MATTER, CHARGING
23  YOU WITH ON OR ABOUT SEPTEMBER 4, 1987 IN THE COUNTY OF
24  LOS ANGELES OFFERING A BRIBE IN VIOLATION OF PENAL CODE
25  SECTION 138(A) TO DAVID GERHART ASKING HIM NOT TO ATTEND ANY
26  TRIAL OR JUDICIAL PROCEEDING, HOW DO YOU NOW PLEAD?

THE DEFENDANT:  AGAIN, FOR THE SAKE OF THE
27
28  PRESERVATION OF MY PLEA BARGAIN WITH JUDGE SMERLING, I WILL

<<DIGITIZED COPY A57847  'ol:SCONCE Seq:10000467 page:35   nted by: 474976 on: 07/23/2015
·02:53 PM>>

34

1   ENTER A GUILTY PLEA.

2           MR. GISS:  AND DOES THE COURT FEEL THAT THERE'S A

3   FACTUAL BASIS FOR THAT?

4           THE COURT:  YES, SIR.

5           MR. GISS:  AND IT'S UNDERSTOOD, SIR, AS I MENTIONED

6   EARLIER, THAT THOSE COUNTS INVOLVING THE SOLICITATION OF

7   MURDER EACH INVOLVE A THREE, SIX OR NINE-YEAR SENTENCE, SO

8   SHOULD YOU BE FOUND IN VIOLATION OF THE TERMS AND CONDITIONS

9   OF PROBATION, YOU COULD BE SENTENCED ON THOSE, AS WELL AS

10  THE MORE SERIOUS CONSPIRACY TO MURDER COUNT FOR UP TO THOSE

11  AMOUNTS OF TIME.

12          THE DEFENDANT:  DO YOU WANT ME TO SAY I UNDERSTAND

13  THAT?

14          MR. GISS:  YES.

15          THE DEFENDANT:  I UNDERSTAND THAT.

16          MR. GISS:  OKAY, THANK YOU.

17          THE CLERK:  MAY I HAVE THE CODE SECTION TO COUNT

18  LXIV, PLEASE?

19          MR. GISS:  COUNT LXIV IS VIOLATION OF PENAL CODE

20  SECTION 137(A).

21                  NOW SHOULD COUNSEL JOIN IN THE WAIVERS THAT I

22  TOOK NEAR THE END?

23          MR. DIAMOND:  I DON'T THINK IT'S NECESSARY, YOUR

24  HONOR.  HE'S PLEADING AND THE COURT IS OBLIGATED BY THE

25  FEDERAL DISTRICT COURT TO GRANT HIM PROBATION.  I DON'T

26  THINK --

27          THE COURT:  THAT IS CORRECT.

28          MR. GISS:  ALL RIGHT.

HAFTA COMMUNICATIONS TRANSCRIPTION SERVICE

<<DIGITIZED COPY A57847 Vol:SCONCE Seq:10000467 page:36: nted by: 474976 on: 07/23/2015 02:53 PM>>

35

1    THE COURT:  YOU MAY PROCEED.

2    MR. GISS:  THANK YOU.

3            THE PEOPLE JOIN IN ALL THE WAIVERS AND WE'RE

4    ASKING THE COURT TO IMPOSE THE APPROPRIATE TERMS AND

5    CONDITIONS OF PROBATION.

6    THE COURT:  OKAY, WE'LL GET --

7    MR. DIAMOND:  MAY I BE HEARD JUST BRIEFLY?

8    THE COURT:  YES.

9    MR. DIAMOND:  ON THE ISSUE OF PROBATION, OF COURSE,

10   I RESPECTFULLY DISAGREE THAT IT SHOULD BE LIFETIME

11   PROBATION.

12   THE COURT:  BEFORE WE GET TO THAT, --

13   MR. DIAMOND:  OH, SURE.

14   THE COURT:  -- YOU'LL HAVE YOUR CHANCE.

15           THE COURT FINDS THAT MR. SCONCE KNOWS,

16   UNDERSTANDS AND ACCEPTS THE CONSEQUENCE OF THESE PLEAS AND

17   THAT HE HAS VOLUNTARILY AND INTELLIGENTLY WAIVED HIS RIGHTS

18   AS EXPLAINED BY THE DISTRICT ATTORNEY.  THE COURT HAS READ

19   THE TRANSCRIPTS OF PAST PROCEEDINGS IN THIS CASE.  THE COURT

20   HAS BEEN INVOLVED IN THIS CASE FOR THE PAST THREE YEARS.

21   BASED UPON THE READINGS AND THE INVOLVEMENT IN THE CASE AND

22   THE DISCUSSIONS WITH COUNSEL AND MR. SCONCE, THE COURT FINDS

23   THAT THERE IS A FACTUAL BASIS FOR EACH OF THE PLEAS AND THE

24   COURT WILL ACCEPT SAME.

25           IS THERE ANY LEGAL CAUSE WHY SENTENCE CANNOT

26   BE IMPOSED?

27   MR. DIAMOND:  NO, YOUR HONOR, BUT I DO WANT TO

28   ADDRESS THE COURT ON THE SENTENCE.

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:37   nted by: 474976  on: 07/23/2015 02:5
PM>>

36

1    THE COURT:  YOU WILL INDEED, YES.

2    MR. DIAMOND:  YES.

3    THE COURT:  DO WAIVE ARRAIGNMENT FOR JUDGEMENT?

4    MR. DIAMOND:  YES, YOUR HONOR.

5    THE COURT:  NOW, SIR, YOU MAY BE HEARD.

6    MR. DIAMOND:  TWO ISSUES.

7    FIRST ON THE LENGTH OF PROBATION, I

8    RESPECTFULLY OBJECT TO LIFETIME PROBATION.  I THINK IT'S

9    INAPPROPRIATE, TOO LONG AND CREATES ALL KINDS OF PROBLEMS

10   FOR MR. SCONCE.

11   SECONDLY, WE HAVE NOT DISCUSSED THE ISSUE OF

12   CONDITIONS OF PROBATION.  IT'S MY UNDERSTANDING THAT

13   MR. SCONCE WISHES TO, WHEN HE'S RELEASED FROM THE ARIZONA

14   PRISON -- AND I UNDERSTAND THAT HE'S CURRENTLY SERVING A

15   FIVE-YEAR SENTENCE IMPOSED IN JUNE OF '94 FOR COUNTERFEITING

16   BUS TOKENS IN ARIZONA, IT'S MR. SCONCE'S DESIRE THAT WHEN

17   HE'S RELEASED FROM HIS ARIZONA STATE PRISON SENTENCE TO

18   PERMANENTLY STAY AWAY FROM CALIFORNIA AND BE PLACED ON

19   PROBATION IN ARIZONA.  AND THAT GETS TO THE QUESTION OF

20   CONDITIONS OF PROBATION.

21   IT WOULD SEEM TO ME THAT IT WILL BE

22   INAPPROPRIATE AND A VIOLATION OF THE SPIRIT OF THE PLEA

23   BARGAIN AND THE NINTH CIRCUIT DECISION FOR UNUSUAL

24   CONDITIONS OF PROBATION OR ONEROUS CONDITIONS OF PROBATION

25   TO BE IMPOSED IN THIS PARTICULAR CASE.  I WOULD ASSUME --

26   THE COURT:  THE CONDITIONS THAT I PROPOSE ARE AS

27   FOLLOWS.  FIRST, WITH RESPECT TO THE LENGTH OR TERM OF THE

28   PROBATION, THAT IS A PART OF THE AGREEMENT THAT WE HAVE JUST

<<DIGITIZED COPY A5784   Vol:SCONCE Seq:10000467 page:38   nted by: 474976 on: 07/23/2015 02:5
PM>>

37

1    ENTERED INTO AND IT IS THE COURT'S INTENTION TO ABIDE BY

2    THAT AGREEMENT.  BUT THE CONDITIONS THAT I WOULD IMPOSE ARE

3    AS FOLLOWS;  SEEK AND MAINTAIN TRAINING, SCHOOLING OR

4    EMPLOYMENT APPROVED BY THE PROBATION OFFICER, MAINTAIN A

5    RESIDENCE APPROVED BY THE PROBATION OFFICER, NOT OWN, USE OR

6    POSSESS ANY DANGEROUS OR DEADLY WEAPONS, SUBMIT PERSON AND

7    PROPERTY TO SEARCH OR SEIZURE AT ANY TIME OF THE DAY OR

8    NIGHT BY ANY LAW ENFORCEMENT OFFICER ACTING WITH OR WITHOUT

9    A WARRANT, PROBABLE CAUSE OR REASONABLE SUSPICION, OBEY ALL

10   LAWS, ORDERS, RULES AND REGULATIONS OF THE PROBATION

11   DEPARTMENT OF THIS COURT AND ANY STATE IN WHICH MR. SCONCE

12   RESIDES; TO USE ONLY HIS TRUE NAME, WHICH, AS I UNDERSTAND

13   IT, IS DAVID WAYNE SCONCE.

14            THE DEFENDANT:  YES, YOUR HONOR.

15            THE COURT:  AND TO REPORT TO HIS PROBATION OFFICER

16   WITHIN FIVE WORKING DAYS AFTER HIS RELEASE FROM CUSTODY IN

17   ARIZONA.

18            IF HE SHOULD LEAVE THE COUNTRY, HE MAY NOT

19   ENTER -- WELL, ACTUALLY HE'S A CITIZEN, SO THAT WOULD NOT BE

20   APPROPRIATE.

21            THIS COURT HAS NO OBJECTION TO HIS RESIDING

22   IN ARIZONA AND HAVING THE PROBATION TRANSFERRED TO ARIZONA.

23   I THINK THAT'S FINE.

24            MR. GISS:  SO THAT WE UNDERSTAND THIS MATTER

25   CORRECTLY, WHEN HE'S RELEASED FROM PRISON IN ARIZONA DOES HE

26   HAVE TO REPORT IN CALIFORNIA OR CAN COUNSEL MAKE

27   ARRANGEMENTS BEFOREHAND TO HAVE THE PROBATION TRANSFERRED SO

28   THAT HE CAN REPORT IN ARIZONA?

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:39   nted by: 474976  on: 07/23/2015 02:54 PM>>

38

1        THE COURT:  IF PROBATION IS TRANSFERRED TO ARIZONA,

2    IT'S FINE IF HE REPORTS IN ARIZONA.

3        MR. GISS:  FINE.

4            I JUST DON'T WANT ANY COMMUNICATION PROBLEMS

5    TO ARISE AS TO WHAT HE THOUGHT -- WHERE HE THOUGHT HE WAS

6    SUPPOSED TO GO.

7        THE COURT:  I UNDERSTAND.

8        MR. DIAMOND:  IS THE ARRANGEMENT ON PROBATION BEING

9    TRANSFERRED TO ARIZONA, IS THAT TO BE MADE BEFORE HE'S

10   RELEASED FROM CUSTODY?

11       THE COURT:  YOU'D HAVE TO TALK TO PROBATION ABOUT

12   THAT.

13       MR. DIAMOND:  THE ARIZONA PROBATION DEPARTMENT?

14       THE COURT:  NO, START WITH CALIFORNIA.

15       MR. GISS:  CALIFORNIA.

16       THE DEFENDANT:  YOUR HONOR, I HAVE A QUESTION, JUST

17   A SILLY QUESTION, BUT I DO LIKE TO STILL GO DEER AND DUCK

18   HUNTING.

19            AM I PROHIBITED FOREVER FROM DOING THAT NOW?

20       THE COURT:  YES, SIR.

21            WELL, LET ME -- YES, I THINK YOU WOULD BE.

22       THE DEFENDANT:  I GO TO OREGON AND IT'S A SEASONAL

23   THING.

24       THE COURT:  YEAH, I THINK YOU WOULD BE.

25            I'LL HEAR FROM THE PEOPLE ON THAT ISSUE.

26       MR. GISS:  WE THINK IT'S AN APPROPRIATE ORDER.  I

27   DON'T THINK THIS MAN SHOULD BE IN POSSESSION OF WEAPONS.

28       THE DEFENDANT:  I DON'T OWN A WEAPON.  I USE IT

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:40   nted by: 474976  on: 07/23/2015 02:54 PM>>

39

1    WHEN I TRAVEL TO OREGON.

2         MR. DIAMOND:  HE'S NEVER -- I DON'T THINK ANY OF

3    THE CASES INVOLVED THE USE OF WEAPONS OR GUNS OR ANYTHING.

4         MR. GISS:  I THINK HE HAS A PROCLIVITY TOWARDS

5    VIOLENCE IN GENERAL AND I WOULDN'T WANT IT -- AT LEAST I'M

6    SPEAKING ON THE RECORD, I WOULDN'T WANT IT IN MY CONSCIENCE

7    THAT HE WENT ANYWHERE, LET ALONE ANOTHER STATE, AND HAD A

8    PROBLEM.

9         THE COURT:  I THINK THE WEAPONS CONDITION IS

10   APPROPRIATE.

11        ALL RIGHT, ANY FURTHER ISSUES?

12        MR. DIAMOND:  AND I UNDERSTAND ONE FACTOR

13   MOTIVATING MR. SCONCE HERE IS HIS DESIRE TO BE SENT BACK TO

14   ARIZONA AS QUICKLY AS POSSIBLE.  HE TELLS ME HE HAS

15   SOMETHING SET FOR FRIDAY, I BELIEVE.

16        THE DEFENDANT:  YES.

17        MR. DIAMOND:  SO IF THE COURT COULD ISSUE SOME KIND

18   OF AN ORDER FORTHWITH TRANSFERRING HIM BACK TO ARIZONA, THAT

19   WOULD BE APPRECIATED.

20        THE COURT:  THAT'S MY INTENTION.

21        THE DEFENDANT:  YOUR HONOR, TO EVEN SPEED THAT UP

22   MORE, IF I MAY BE SO BOLD, THE EXTRADITION OFFICERS WHO

23   BROUGHT ME HERE WANTED ME TO REMAIN IN THE NORWALK SUB-

24   STATION BECAUSE THAT'S WHERE THEIR HOME BASE IS.  THEY SAID

25   IF UPON CONCLUSION OF MY SENTENCING IF I COULD BE

26   TRANSPORTED BACK THERE, IT WOULD FACILITATE THEIR TAKING ME

27   TO ARIZONA A COUPLE OF DAYS FASTER.

28        THE COURT:  I'LL DO WHAT I CAN IN THAT REGARD.  THE

<<DIGITIZED COPY A57847  ol:SCONCE Seq:10000467 page:41  ited by: 474976  on: 07/23/2015 02:54 PM>>

40

1  SHERIFF'S OFFICE SOMETIMES LISTENS TO THE COURTS AND

2  SOMETIMES IT DOES NOT.

3        THE DEFENDANT:  RIGHT.

4             IF I WERE ORDERED TO COURT IN NORWALK

5  TOMORROW MORNING WITH ANOTHER COURT ORDER IN HAND TO KEEP ME

6  THERE RATHER THAN RETURN ME TO CENTRAL JAIL, IT WOULD SPEED

7  THINGS UP.

8        THE COURT:  I'LL DO WHAT I CAN FROM HERE.

9        THE DEFENDANT:  I APPRECIATE IT.

10        THE COURT:  OKAY?

11        MR. GISS:  THANK YOU, YOUR HONOR.

12        MR. DIAMOND:  THANK YOU, YOUR HONOR.

13        MR. GISS:  AND I WISH TO THANK THE COURT FOR ITS

14  PATIENCE AND ENDURANCE OVER THE LONG HISTORY OF THIS CASE.

15        THE COURT:  WELL, IT HAS BEEN --

16        MR. GISS:  YOU'VE MAINTAINED A RATHER STEADY KEEL

17  DESPITE COUNSEL.

18        THE COURT:  IT HAS BEEN AN INTERESTING EXPERIENCE.

19             I NEED TIME CREDITS.

20        MR. DIAMOND:  CORRECT.

21             WELL, HE WAS ARRESTED ON JUNE --

22        THE DEFENDANT:  8TH OF '87.

23        MR. DIAMOND:  -- JUNE 8, 1987 AND HE WAS IN CUSTODY

24  UNTIL --

25        THE DEFENDANT:  TILL APRIL --

26        MR. DIAMOND:  -- HE WAS RELEASED FROM THE VENTURA

27  COUNTY JAIL ON APRIL 4, 1991, I BELIEVE.  AND HE ACTUALLY

28  WAS SENTENCED BY JUDGE SMERLING TO FIVE YEARS IN PRISON.

<<DIGITIZED COPY A5784  /ol:SCONCE Seq:10000467 page:42   nted by: 474976  on: 07/23/2015 02:54 PM>>

41

1   AND BASED UPON HIS GOOD TIME AND CONDUCT CREDITS, HE WOULD

2   HAVE BEEN RELEASED IN OCTOBER OF 1990 HAVING BEEN IN CUSTODY

3   SINCE JUNE 8, 1987, BUT THE REASON HE WAS NOT RELEASED FROM

4   CUSTODY ON HIS FIVE-YEAR SENTENCE IMPOSED BY JUDGE SMERLING,

5   THE SENTENCE HAVING BEEN IMPOSED IN AUGUST OF 1989, WAS THAT

6   HE WAS IN CUSTODY IN THE VENTURA COUNTY JAIL ON THE VENTURA

7   CASE FOR WHICH HE WAS NEVER CONVICTED AND THE CASE WAS

8   DISMISSED.

9           SO I BELIEVE THAT HE OUGHT TO BE ENTITLED TO

10  CUSTODY CREDITS FOR THE TIME THAT HE WAS IN JAIL IN VENTURA

11  WHILE SERVING HIS STATE PRISON SENTENCE.  AND NOW, SINCE

12  JUNE 8, '94 (SIC), HE'S BEEN IN CUSTODY IN ARIZONA ON

13  MATTERS UNRELATED TO THIS CASE.

14          THE COURT:  WELL, --

15          MR. DIAMOND:  AND I DON'T BELIEVE HE'S ENTITLED --

16          THE COURT:  WHAT I WOULD LIKE TO HAVE IS A NUMBER

17  AGREED UPON BY COUNSEL.

18          MR. GISS:  I AM UNABLE TO SATISFY THE COURT IN THAT

19  REGARD.

20          MR. DIAMOND:  I CAN DO THAT RIGHT NOW BECAUSE I

21  HAVE THE --

22          MR. GISS:  UNLESS YOU WANT A LETTER FROM MR.

23  DIAMOND TO GO THROUGH ME AND IT CAN BE DONE NUNC PRO TUNC.

24          MR. DIAMOND:  WELL, IT WAS JUNE 8.  YOU NEED A

25  NUMBER.  YOU DON'T NEED THE DATES.

26          THE COURT:  NO, I JUST NEED A NUMBER OF DAYS.

27          MR. DIAMOND:  THAT HE GETS CREDIT.

28          THE COURT:  LET'S TAKE MR. GISS' SUGGESTION AND MR.

<<DIGITIZED COPY A5784\   Vol:SCONCE Seq:10000467 page:43   nted by: 474976  on: 07/23/2015 02:5.
.PM>>

42

1    SCONCE WILL BE GIVEN TIME CREDITS IN AN AMOUNT DETERMINED BY

2    MR. DIAMOND AFTER CLEARING IT WITH MR. SCONCE AND WE'LL MAKE

3    THAT A PART OF THE RECORD.

4         MR. DIAMOND:  BUT THAT WILL NOT DELAY MR. --

5         THE CLERK:  I'M NOT SURE IF WE CAN ISSUE AN

6    ABSTRACT OF JUDGEMENT WITHOUT ANY OF THAT INFORMATION.

7         THE COURT:  WHEN DO YOU HAVE TO DO THE ABSTRACT?

8         THE CLERK:  I'M NOT SURE THAT -- WHETHER OR NOT

9    THAT WOULD HOLD UP HIS EXTRADITION OR NOT.

10        MR. DIAMOND:  IT MIGHT.  THAT'S THE PROBLEM.  THAT

11   WAS THE WHOLE IDEA, TO GET HIM BACK AS QUICKLY AS POSSIBLE.

12        HE WENT IN JUNE 8 OF '87 AND HE WAS RELEASED

13   APRIL 4 OF '91, SO THAT'S --

14        THE DEFENDANT:  JUST TAKE 365 AND MULTIPLY IT BY 4

15   AND THEN TAKE OFF THE DAYS BETWEEN APRIL THE 4TH AND JUNE

16   THE 8TH.

17        THE COURT:  THAT'S 1,460 MINUS --

18        THE DEFENDANT:  IT SHOULD BE MINUS 32.

19        THE COURT:  FOURTEEN FOUR --

20        MR. GISS:  NO.

21        THE DEFENDANT:  62.

22        MR. GISS:  62 -- NO, 64 ROUGHLY.

23        THE DEFENDANT:  THAT'S RIGHT.

24        MR. GISS:  60 TO 64.

25        THE DEFENDANT:  YOU'RE RIGHT.

26        THE COURT:  1,396.

27        IS THERE AN ADDITIONAL AMOUNT OR IS THAT IT?

28        MR. DIAMOND:  WELL, THERE'S ACTUALLY ONE EARLIER

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:44   nted by: 474976  on: 07/23/2015 02:54 PM>>

43

1    TIME WHEN HE WAS ARRESTED IN SAN BERNARDINO AND THEN THAT

2    CASE WAS DISMISSED, BUT WE'LL FORGET THAT.   THAT'S TOO

3    COMPLICATED AND IT'S NOT WORTH WORRYING ABOUT.

4          THE DEFENDANT:  IT HAS NOTHING TO DO --

5          THE COURT:  NOW DOES THIS 1,396 INCLUDE THE TIME

6    THAT MR. SCONCE HAS BEEN IN CUSTODY IN THE LAST -- OH, I'M

7    SORRY, TELL ME WHAT PERIOD OF TIME THAT COVERS, THE 1,396.

8          MR. GISS:  FROM THE DATE HE WAS ARRESTED --

9          THE COURT:  IN '87.

10         MR. GISS:  -- IN CONNECTION WITH THIS CASE TO THE

11   DATE THAT HE WAS RELEASED BY THE VENTURA COUNTY AUTHORITIES

12   WHO BROUGHT HIM TO VENTURA COUNTY TO PROSECUTE HIM FROM

13   STATE PRISON WHERE HE WAS ACTUALLY DOING THE TIME THAT HE

14   WAS SENTENCED TO BY JUDGE SMERLING.

15         THE COURT:  OKAY.

16         MR. DIAMOND:  SO I WOULD SAY IT'S FROM JUNE 8 OF

17   '87 TO APRIL 4 OF '91.

18               AND AS FAR AS THE TIME THAT HE'S COME HERE TO

19   THIS COURT, IT IS MY UNDERSTANDING, AND MR. SCONCE CAN

20   CORRECT ME, THAT HE'S -- I GUESS HE'S ENTITLED TO CREDITS

21   FOR THE TIME HE'S BEEN HERE OR DOES THIS COUNT TOWARDS THE

22   ARIZONA SENTENCE?

23         MR. GISS:  SEE, THAT'S WHERE IT GETS VEXING BECAUSE

24   --

25         THE DEFENDANT:  THE ARIZONA SENTENCE CONTINUED TO

26   RUN.

27         MR. GISS:  HE'S GETTING CREDIT, TO MY

28   UNDERSTANDING, IN ARIZONA FOR ALL THE TIME HE'S HERE NOW.

<<DIGITIZED COPY A5784\   Vol:SCONCE Seq:10000467 page:45   .nted by: 474976  on: 07/23/2015 02:54 PM>>

44

1       THE COURT:  IN ARIZONA, YEAH.

2              ALL RIGHT.

3       MR. DIAMOND:  SO HE DOES NOT GET CREDIT FOR THE

4  TIME HE SPENT HERE?

5       THE COURT:  NO.

6              ALL RIGHT, THE TIME CREDITS WOULD BE 1,396

7  DAYS ACTUAL, 698 DAYS GOOD TIME/WORK TIME, FOR A TOTAL OF

8  2,094 DAYS TIME CREDIT.

9              BECAUSE THIS IS A STRAIGHT PROBATIONARY

10  SENTENCE WITH NO ADDITIONAL TIME IMPOSED, I THINK THE

11  ABSTRACT WOULD SIMPLY SHOW THAT AMOUNT OF TIME CREDITS.

12       THE CLERK:  TIME IMPOSED.

13       THE COURT:  OKAY.

14              ALL RIGHT, IS THERE ANYTHING ELSE BEFORE

15  SENTENCE IS PRONOUNCED?

16       MR. DIAMOND:  I DON'T THINK SO, YOUR HONOR.

17       THE COURT:  IN THE MATTER OF DAVID WAYNE SCONCE,

18  THE PROCEEDINGS ARE SUSPENDED.  HE IS PLACED ON PROBATION

19  FOR THE REMAINDER OF HIS NATURAL LIFE. THE TERMS AND

20  CONDITIONS OF PROBATION ARE AS FOLLOWS.  THE RESTITUTION

21  FINE IS ORDERED WAIVED.

22              MR. SCONCE, DURING THE TERM OF YOUR PROBATION

23  YOU WILL SEEK AND MAINTAIN TRAINING, SCHOOLING OR EMPLOYMENT

24  APPROVED BY YOUR PROBATION OFFICER, MAINTAIN A RESIDENCE

25  APPROVED BY YOUR PROBATION OFFICER.  YOU WILL NOT OWN, USE

26  OR POSSESS ANY DANGEROUS OR DEADLY WEAPONS.  YOU WILL SUBMIT

27  YOUR PERSON AND PROPERTY TO SEARCH OR SEIZURE BY ANY LAW

28  ENFORCEMENT AGENCY ACTING WITH OR WITHOUT A WARRANT,

<<DIGITIZED COPY A57847. Vol:SCONCE Seq:10000467 page:46   ited by: 474976  on: 07/23/2015 02:54 PM>>

45

1   PROBABLE CAUSE OR REASONABLE SUSPICION.  YOU WILL OBEY ALL

2   LAWS, ORDERS, RULES AND REGULATIONS OF THE PROBATION

3   DEPARTMENT OF THIS COURT -- AND OF THIS COURT.

4        YOU WILL USE ONLY YOUR TRUE NAME OF DAVID

5   WAYNE SCONCE; IS THAT CORRECT, SIR?

6        THE DEFENDANT: YES, SIR.

7        THE COURT:  YOU WILL REPORT TO YOUR PROBATION

8   OFFICER WITHIN FIVE WORKING DAYS UPON YOUR RELEASE FROM

9   CUSTODY IN THE STATE OF ARIZONA.  THIS PROBATION MAY BE

10  SERVED IN THE STATE OF ARIZONA RATHER THAN IN THE STATE OF

11  CALIFORNIA.  THE COURT HAS NO OBJECTION TO THAT.  COUNSEL

12  FOR MR. SCONCE WILL MAKE THOSE ARRANGEMENTS.

13        MR. SCONCE IS FORTHWITH ORDERED TO BE

14  RETURNED TO THE STATE OF ARIZONA WITH ALL EXPEDITION AND

15  DISPATCH.  THE COURT REQUESTS THAT HE BE HOUSED IN THE

16  NORWALK FACILITY --

17        THE DEFENDANT: YES, SIR.

18        THE COURT:  -- OF THE SHERIFF'S DEPARTMENT IN ORDER

19  TO EXPEDITE THE EXTRADITION PROCEEDINGS.

20        **THE COURT IMPOSES THIS PROBATIONARY SENTENCE**

21  **AS HAVING BEEN COMPELLED TO DO SO BY THE DECISIONS OF THE**

22  **FEDERAL COURTS.**  THIS BEING THE MAXIMUM SENTENCE POSSIBLE,

23  THE COURT DOES NOT FEEL THAT AN ADDITIONAL PROBATION REPORT

24  IS NECESSARY AND THAT IS WAIVED.

25        IS THERE ANYTHING FURTHER THAT NEEDS TO BE

26  TAKEN CARE OF FOR MR. SCONCE?

27        MR. DIAMOND: NO, YOUR HONOR.

28        THE COURT:  AND THUS ENDETH A VERY LONG SAGA IN THE

<<DIGITIZED COPY A57847   /ol:SCONCE Seq:10000467 page:47   rted by: 474976 on: 07/23/2015 ,02:54 PM>>

46

```
 1     HISTORY OF LOS ANGELES COUNTY JURISPRUDENCE.

 2               MR. GISS:   THANK YOU, YOUR HONOR.

 3               MR. DIAMOND:   THANK YOU.

 4               THE DEFENDANT:   THANK YOU, JUDGE STOEVER.

 5               THE COURT:   YOU ARE WELCOME, SIR.

 6

 7                    (END OF PROCEEDINGS)

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

<<DIGITIZED COPY A57841   Vol:SCONCE Seq:10000467 page:9 Filed by: 474976  on: 07/23/2015 02:50 PM>>

8

1               MR. SCONCE -- OF COURSE, WE'RE NOT WAIVING

2  THE ARBUCKLE CLAIM, BUT WE UNDERSTAND THE COURT'S POSITION.

3  WE STILL MAINTAIN THAT HE HAS A RIGHT TO BE SENTENCED BY

4  JUDGE --

5          THE COURT:  SMERLING.

6         MR. DIAMOND:  -- SMERLING, BUT WE UNDERSTAND THE

7  COURT HAS OVERRULED THAT OBJECTION.  MR. SCONCE HAS A

8  MEETING FRIDAY, THIS WEEK, FOR HIS KNEE.

9           IS THAT RIGHT, MR. SCONCE?

10       THE DEFENDANT:  YES.

11       MR. DIAMOND:  IN ARIZONA, SOME MEDICAL SITUATION?

12       THE DEFENDANT:  I HOPE THEY'RE GOING TO FIX IT

13  THEN.

14       MR. DIAMOND:  OKAY.

15         SO MR. SCONCE WOULD LIKE TO FINISH THIS THING

16  NOW AND GET IT OVER WITH.

17       MR. GISS:  I JUST DON'T WANT THAT TO APPEAR ON THE

18  RECORD AS THOUGH IT'S A FORM OF COERCION; THAT HE'S GOT A

19  DEFECTIVE KNEE AND HE'S PLEADING FOR THE SAKE OF

20  CONVENIENCE.  THESE ARE VERY SERIOUS CHARGES.  I DON'T WANT

21  ANY COLLATERAL ATTACKS BEING MADE UPON THEM IN THE FUTURE.

22  SO I'M GOING TO ASK THE COURT, IF I DO TAKE THE PLEAS, TO

23  MAKE ITS OWN INQUIRY INTO THAT SUBJECT MATTER BEFORE I EVEN

24  BEGIN.

25       THE COURT:  MR. SCONCE, DOES YOUR DESIRE AND NEED

26  TO HAVE THIS KNEE PROCEDURE, WHATEVER IT IS, WHETHER IT'S

27  SURGERY OR OTHERWISE, IN THE STATE OF ARIZONA IN ANY WAY

28  ENTER INTO YOUR DECISION TO ENTER INTO THE PLEA TODAY?

<<DIGITIZED COPY A5784  /ol:SCONCE Seq:10000467 page:10   nted by: 474976  on: 07/23/2015 02:50 PM>>

9

1   THE DEFENDANT:  NO, YOUR HONOR.

2   THE COURT:  AND YOU FEEL THAT YOU WOULD BE ENTERING

3   INTO THIS PLEA TODAY WHETHER OR NOT YOU HAD THE MEDICAL

4   PROCEDURE FOR YOUR KNEE?

5   THE DEFENDANT:  FOR THE SAKE OF MY RECEIPT OF

6   BENEFIT OF MY PLEA, I WOULD STILL BE ENTERING THIS PLEA.

7   THE COURT:  ALL RIGHT.

8   ANYTHING FROM THE PEOPLE, MR. GISS?

9   MR. GISS:  NO, YOUR HONOR, IF YOU'RE SATISFIED THAT

10  THAT'S A --

11  THE COURT:  I AM --

12  MR. GISS:  FREE AND VOLUNTARY.

13  THE COURT:  I'VE BEEN WITH THIS CASE FOR ABOUT

14  THREE YEARS NOW AND I RECOGNIZE THAT MR. SCONCE HAS HAD THIS

15  MEDICAL PROBLEM PENDING, BUT IT DOESN'T SEEM TO HAVE ENTERED

16  INTO ANY OF THE DECISIONS THAT HE'S MADE SO FAR.  HE'S MADE

17  THEM ALL ON THE BASIS OF CONSULTATION WITH COUNSEL AND FOR

18  WHAT IS IN HIS BEST INTERESTS ONLY AND HE'S NOT UNDER ANY

19  GREAT PRESSURE THAT I CAN SEE TO HAVE THIS KNEE SURGERY

20  DONE, ALTHOUGH IF HE WANTS TO HAVE IT DONE IT COULD BE DONE,

21  PERHAPS, AT SOME TIME IN THE FUTURE.  SO I DON'T THINK THAT

22  IS THE MOTIVATING FORCE FOR HIS PLEA.

23  DO WE HAVE AGREEMENT THAT THE PROBATIONARY

24  PERIOD WILL BE FOR THE REMAINDER OF MR. SCONCE'S NATURAL

25  LIFE?

26  MR. GISS:  AND THAT IS THE PEOPLE'S REQUEST.  THAT

27  WOULD BE OUR EMPHATIC DEMAND IF THERE WAS A PROBATION AND

28  SENTENCE HEARING.

<<DIGITIZED COPY A57847   Vol:SCONCE Seq:10000467 page:11 ᵥ   nted by: 474976  on: 07/23/2015 02:51 PM>>

10

1    MR. DIAMOND:  WELL, ON BEHALF OF MR. SCONCE, I HAVE

2    TO OBJECT TO A LIFETIME PROBATION, BUT I UNDERSTAND THE

3    COURT, I SUPPOSE, HAS THE DISCRETION TO DO THAT.  WE

4    WOULD -- I WOULD OPPOSE IT AND I'VE ADVISED MR. SCONCE

5    AGAINST IT, BUT IT'S MY UNDERSTANDING THAT HE WANTS IT

6    IRRESPECTIVE OF MY WISHES AND SO --

7         THE COURT:  AND THEN I'D LIKE TO HEAR FROM MR.

8    SCONCE ON THIS.

9              WHAT IS YOUR POSITION, MR. SCONCE, WITH

10   RESPECT TO WHETHER YOU WANT TO PROCEED TODAY AND AGREE TO A

11   LIFETIME PERIOD OF PROBATION OR HAVE A PROBATION REPORT DONE

12   WITH THE OPTION OF A LESSER PERIOD?

13        MR. DIAMOND:  AND I THINK HE HAS TO UNDERSTAND THAT

14   THE ARBUCKLE ISSUE IS STILL BEING PRESERVED BECAUSE JUDGE

15   SMERLING MIGHT VERY WELL GIVE HIM SOMETHING LESS THAN

16   LIFETIME PROBATION.

17        MR. GISS:  I'M NOT COMFORTABLE WITH THAT.  I THINK

18   THIS IS A WAIVER.

19        THE COURT:  WELL, THIS COURT MIGHT GIVE HIM

20   SOMETHING LESS THAN A LIFETIME OF PROBATION AS WELL

21   DEPENDING ON WHAT'S SHOWN IN THE PROBATION REPORT AND THE

22   ARGUMENT OF COUNSEL AND WHAT MAY BE SHOWN AT A PROBATION AND

23   SENTENCE HEARING.

24        MR. DIAMOND:  BUT I THINK MR. SCONCE IS UNDER THE

25   IMPRESSION THAT IT'S ALL GOING TO BE DONE TODAY.  I DON'T

26   THINK MR. SCONCE UNDERSTANDS THAT THE COURT IS STILL GOING

27   TO REQUEST A PROBATION REPORT.

28              IS THAT RIGHT, MR. SCONCE?

<<DIGITIZED COPY A57847   Vol:SCONCE Seq:10000467 page:12   nted by: 474976  on: 07/23/2015 02:51 PM>>

11

1    THE DEFENDANT:  IT WAS MY BELIEF THAT IF I AGREED

2    TO WHAT MR. GISS WANTS TO SENTENCE ME TO OR HAVE ME

3    SENTENCED TO THAT THE PROBATION REPORT COULD BE WAIVED TODAY

4    --

5    THE COURT:  THAT IS --

6    THE DEFENDANT:  -- AND I COULD BE RETURNED TO

7    ARIZONA FORTHWITH.

8    THE COURT:  THAT UNDERSTANDING IS CORRECT.

9    MR. GISS:  BUT HE WOULD THEN BE WAIVING THE RIGHT

10   TO BE SENTENCED BEFORE JUDGE SMERLING.  BECAUSE HERE'S THE

11   PROBLEM.  UNDER 1389 OF THE PENAL CODE, IF HE'S RETURNED

12   TODAY AND THIS SENTENCE IS SET ASIDE, EVERYTHING IS NOT ONLY

13   VOIDED, WE LOSE THIS CASE WITH PREJUDICE.

14   THE COURT:  MY UNDERSTANDING IS THAT THIS IS A

15   COMPROMISED AND AGREED DISSOLUTION OF THE CASE; THAT

16   MR. SCONCE WILL WAIVE ANY RIGHT HE MAY HAVE TO BE SENTENCED

17   BY JUDGE SMERLING; THAT HE WILL AGREE TO A LIFETIME

18   PROBATIONARY PERIOD; THAT A PROBATION REPORT WILL BE WAIVED

19   AND THAT THIS COURT WOULD BE ORDERED -- WILL ORDER THAT HE

20   BE RETURNED TO ARIZONA FORTHWITH.

21   THE DEFENDANT:  WITH NO DETAINER.

22   THE COURT:  WITH WHATEVER.

23   MR. DIAMOND:  WELL, THAT WAS THE PROBLEM HE WAS

24   FACING TOO; THAT SO FAR THE PENDENCY OF THIS PROCEEDING HAS

25   CAUSED A DETAINER TO BE PLACED UPON HIM IN ARIZONA.

26   THE COURT:  THIS CASE WILL BE FINISHED TODAY IF ALL

27   OF THIS IS AGREED UPON.

28   MR. GISS:  THE MOST CRITICAL FACTOR BECAUSE OF 1389

DOCKETING                    :4157449723          AUG 2 96    10:17 No.004 P.02

**FILED**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 1996

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID WAYNE SCONCE | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| GIL GARCETTI, District Attorney; | ) |
| HARVEY GISS, District Attorney | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

No. 96-55209

D.C. No. CV-96-00863-JGD

| | |
|---|---|
| DAVID WAYNE SCONCE | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| SAM LEWIS, Director, Arizona | ) |
| Department of Corrections; | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF CALIFORNIA | ) |
| | ) |
| Respondents-Appellants. | ) |
| | ) |

No. 96-56095

D.C. No. CV-94-8201-JGD

ORDER

Before: REINHARDT, HALL, and LEAVY, Circuit Judges.

Plaintiff's motion to consolidate appeals is GRANTED.

# FILED

AUG 29 1996

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DAVID WAYNE SCONCE | ) | No. 96-55209 |
|     Plaintiff-Appellant, | ) ) | D.C. No. CV-96-00863-JGD |
| v. | ) ) | |
| GIL GARCETTI, District Attorney; HARVEY GISS, District Attorney | ) ) ) | |
|     Defendants-Appellees. | ) ) | |
| DAVID WAYNE SCONCE | ) ) | No. 96-56095* |
|     Petitioner-Appellant, | ) ) | D.C. No. CV-94-8201-JGD |
| v. | ) ) | **M E M O R A N D U M** ** |
| SAM LEWIS, Director, Arizona Department of Corrections; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA | ) ) ) ) | |
|     Respondents-Appellants. | ) ) | |

Appeal from the United States District Court
for the Central District of California
John G. Davies, District Judge, Presiding

Argued and Submitted August 8, 1996
Pasadena, California

Before: REINHARDT, HALL, and LEAVY, Circuit Judges.

---

\* In an order filed along with this disposition, we grant the motion to consolidate the appeal pending in Case No. 96-56095 with the appeal in Case No. 96-55209.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Petitioner, David Wayne Sconce, an Arizona state prisoner who is currently in custody in California awaiting trial, appeals the denial of his petitions for a writ of habeas corpus and his request for a preliminary injunction. Sconce alleges that the state of California has violated his fourteenth amendment right to due process by not fulfilling the terms of a plea agreement he made with the trial court, pursuant to which he served an agreed-upon sentence. Notwithstanding the fact that the trial court lacked authority to make the plea agreement, we conclude that Sconce has been deprived of his constitutional rights by the state's belated refusal to comply with the terms of the plea agreement, and that, having served his sentence, he is entitled to specific enforcement of that agreement. Accordingly, we reverse and remand for the issuance of a writ.

## BACKGROUND

On August 30, 1989, Sconce pled guilty to 21 counts in the Lamb Funeral Home case, which involved charges of mishandling of human remains. He entered the plea pursuant to an agreement offered by California Superior Court Judge Terry Smerling. According to the plea agreement, if Sconce pled guilty to the 21 counts, he would receive a five-year sentence; and, should the state obtain a reversal of the conspiracy to commit murder charge Judge Smerling had dismissed earlier, he could then plead guilty to that charge as well, receive probation, and be required to serve no additional prison time. It was further agreed that the arrangement would apply to a number of other funeral home counts

-2-

on appeal at that time.1/  Pursuant to the plea agreement, Sconce was sentenced to five years in California state prison.

During the proceedings, the state objected to the plea bargain.  It argued that the sentence was not long enough.  At no time, however, did the state object to the jurisdiction of the judge to make the plea bargain as to the counts on appeal, or challenge any part of the plea bargain agreement itself as invalid.  Moreover, the state never appealed the plea agreement

---

1/  The following portion of the colloquy makes clear the terms of the offer.

The Court:    My offer to you, Mr. Sconce, is that in the event any counts in this case you're later convicted on you receive no more time than the five years I just sentenced you to initially.
    That does include the conspiracy to murder count that I dismissed.  After that count, the way the law is set up, giving this a rather drastic option to giving you 25 to life or probation.
    It's my view that 25 to life is an extremely excessive sentence for the behavior that underlies that count.  I'd be compelled by conscience to give you probation.
    Actually the sentencing in between would be more appropriate but that's not the law.

        . . . .

The Court:    Mr. Sconce, do you understand the terms of the offer I'm making to you?

[Sconce]:    Yes, Sir.

The Court:    All right.  By the way, I'll be explicit about this.
    As to counts you're not pleading to today, if you subsequently plead to them--if you plead to them after they are reinstated on People's appeal--if you plead to them in that time, I will give you no additional time beyond five years I'm going to sentence you to.
    That's only if you plead to them.
    Do you understand that sir?

[Sconce]:    Yes, Sir.

(Emphasis added).

-3-

DOCKETING                    1D:4157449723              AUG 29 _6   10:18 No.004 P.06

and never sought a writ of prohibition or mandate.[2]/   Instead, it proceeded to incarcerate Sconce in accordance with the agreement. Only after Sconce had completed serving his prison sentence did the state move to vacate the plea bargain.

The California Court of Appeal reversed the dismissal of the conspiracy count on March 18, 1991.  The court ruled that because Sconce's withdrawal from the conspiracy occurred after he had committed an overt act, the withdrawal did not absolve him of liability.  On June 5, 1991, the California Supreme Court denied review of the ruling, and on June 21, 1991, the conspiracy count was remanded to the Superior Court.  On August 8, 1991, the state filed a motion to recuse Judge Smerling.  The motion was granted.

On October 1, 1991, after Sconce had been released from state prison in the normal course, the state requested that the plea bargain be set aside, contending for the first time that the judge had lacked jurisdiction to offer a plea bargain with respect to the conspiracy charge because it was on appeal at the time the plea bargain was offered and accepted.  Sconce brought a motion to enforce the plea bargain.

On December 24, 1991, Superior Court Judge Paul Boland invalidated the plea agreement.  The case had been assigned to him following Judge Smerling's recusal.  Judge Boland found that "Judge Smerling was without authority to take any action" with respect to the conspiracy charge and, as a result, "any of Judge

---

2/  When asked at oral argument whether the state had attempted to prevent Sconce from being incarcerated pursuant to the plea agreement or appealed to the Court of Appeal because the trial court had exceeded its authority in entering into it, counsel for the state responded, "No, your Honor, that didn't happen."

-4-

Smerling's actions, including contingent offers, made during the
pendency of the appeal are not subject to enforcement." Judge
Boland concluded, moreover, that even if Judge Smerling had
jurisdiction to make the contingent offer, the plea agreement was
invalid because the charge was not an appropriate one for plea
bargaining under California Penal Code § 1192.7.

On January 9, 1992, Sconce challenged the constitutionality
of the rescission of the plea agreement. The California Court of
Appeal denied Sconce's petition for a writ of mandate. It ruled
that his remedy, if he so chose, was to "withdraw from the plea
bargain in its entirety and to enter a new plea." On January 27,
1992, Sconce sought review in the California Supreme Court. The
Court denied review on March 11, 1992, with one justice voting to
hear the case. Sconce filed a petition for writ of certiorari in
the United States Supreme Court on June 3, 1992, which was denied
on October 5, 1992.

On February 8, 1994, the state filed a motion to consolidate
a remaining funeral home count with the conspiracy charge. The
motion was granted. The state subsequently sought Sconce's
transfer from Arizona, where he was serving a five-year sentence
on unrelated charges. On approximately October 4, 1995, Sconce
was transferred to the custody of the Sheriff of Los Angeles
County pending trial.

On February 7, 1996, Sconce filed a civil rights complaint
seeking an order restraining the state from prosecuting him on the
conspiracy charge. On February 14, 1996, Judge John Davies ruled
on the merits by "construing this civil rights case as a habeas

-5-

corpus petition."3/  Judge Davies distinguished <u>Santobello v. New</u>

<u>York</u>, 404 U.S. 257 (1971), on the ground that "it contemplate[d]

plea bargains between the defendant and the prosecutor only."  In

addition, Judge Davies found that the plea was based on "unlawful

and therefore unfulfillable promises."  Judge Davies concluded

that the trial court lacked jurisdiction to enter into a plea

bargain concerning the conspiracy charge because the matter was on

appeal at the time, and that it also lacked authority to enter

into the plea bargain because California Penal Code § 1192.7

precluded bargaining regarding such a charge.

---

3/  Sconce had initially filed <u>pro se</u> habeas petitions alleging
violations of due process and double jeopardy as a result of the
rescission of the plea bargain.  Because the magistrate to whom
the habeas petitions were referred did not rule on them, and the
state trial in the conspiracy case appeared imminent, Sconce filed
the § 1983 complaint and sought a preliminary injunction.  Judge
Davies concluded that Sconce had exhausted his state remedies for
the alleged due process violation and treated the request for
injunctive relief as an application for habeas corpus relief.
(The state does not contest Judge Davies' conclusion that Sconce
exhausted his state remedies.)
     "In cases where a prisoner's section 1983 complaint evinced a
clear intention to state a habeas claim, we have said that the
district court should treat the complaint as a habeas petition."
<u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).
Here, Sconce's § 1983 complaint evidences a clear intent to state
a habeas claim.  Sconce contends that he should not be tried on
the conspiracy charge because it would violate his due process
rights.  As Sconce stated in his section 1983 complaint, he raised
this same claim "in his habeas corpus petitions now pending."
Accordingly, the district court properly treated his civil rights
complaint as a habeas petition.
     On July 12, 1996, Judge Davies denied the previously ignored
habeas petitions, ruling just as he did in the § 1983 case.  On
August 2, 1996, Sconce moved to consolidate the appeal from the
order denying his habeas petitions with the appeal involving the §
1983 complaint, and the state did not object.  We have granted the
motion.

-6-

On February 20, 1996, in a proceeding relating to the conspiracy charge, Sconce's counsel, relying on the plea bargain, offered a conditional plea in state court.  Counsel stated, "[F]or the record, [Mr. Sconce] does again offer to plead to the murder conspiracy case, and if the court will accept it and agree to give probation to Mr. Sconce, he will make that offer."  The trial court rejected the offer, stating "I have seen Judge Smerling's scars.  I am not willing to get into that same box."

## DISCUSSION

The basic question we must answer in this case is whether a defendant who is induced to plead guilty on the basis of a promise made by the trial court judge and who has served his sentence in accordance with the plea agreement is entitled under the Due Process Clause to specific performance of that agreement, notwithstanding the fact that the judge was without authority to enter into it.  In the case before us, the state sought to invalidate the plea bargain only after the defendant had served the agreed-upon sentence.  We hold that under these unique circumstances a defendant is entitled to specific enforcement of the plea agreement.

In Santobello v. New York, 404 U.S. 257 (1971), the Supreme Court concluded that a defendant has a constitutional right to relief when the state breaches a plea agreement, even when the breach is inadvertent.  "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such

-7-

DOCKETING                    :4157449723              AUG 2  96    10:21 No.004 P.10

promise must be fulfilled." <u>Id.</u>, at 262.  The Court held that a
defendant is entitled either to withdrawal of a guilty plea or
specific performance of the plea bargain, but remanded to the
state court for a determination as to which form of relief was
required under the circumstances of the case.  <u>Id.</u> at 263.

Here, we conclude that Sconce is entitled to specific
enforcement of the plea bargain.  There can be no question that
the promise by the state court that he would be allowed to plead
guilty to the conspiracy charge and receive probation was part of
the inducement or consideration for Sconce's plea of guilty.[4/]
Sconce waived, or bargained away, many of the rights we as a
people deem fundamental when he pled guilty.[5/]  Having done so on
the basis of the trial court's promise, to require Sconce to plead
guilty without the benefit of the plea bargain or to undergo a
trial on the conspiracy charge in violation of the plea bargain
would violate his right to due process.  <u>See Santobello</u>, 404 U.S.
at 268 ("When a prosecutor breaks the bargain, he undercuts the

---

4/  In construing a plea agreement, this court looks to "what the
defendant reasonably understood to be the terms of the agreement
when he pleaded guilty."  <u>United States v. De La Fuente</u>, 8 F.3d
1333, 1337 (9th Cir. 1993).  Here, the state trial court judge
could not have the made the terms of the plea agreement any
clearer.  <u>See supra</u> n. 1.  There is no issue as to what Sconce
reasonably understood the terms of the plea agreement to be when
he pled guilty.

5/  "[A] guilty plea is a serious and sobering occasion inasmuch
as it constitutes a waiver of the fundamental rights to a jury
trial, <u>Duncan v. Louisiana</u>, 391 U.S. 145, to confront one's
accusers, <u>Pointer v. Texas</u>, 380 U.S. 400, to present witnesses in
one's defense, <u>Washington v. Texas</u>, 388 U.S. 14, to remain silent,
<u>Malloy v. Hogan</u>, 378 U.S. 1, and to be convicted by proof beyond a
reasonable doubt, <u>In re Winship</u>, 397 U.S. 358."  <u>Santobello</u>, 404
U.S. at 264 (Douglas, J., concurring).

-8-

basis of the waiver of constitutional rights implicit in the plea)
(Marshall, J., concurring); Correale v. United States, 479 F.2d
944, 947 (1st Cir. 1973) ("Though a legitimate prosecution promise
does not render a guilty plea legally involuntary, its fulfillment
is a necessary predicate to a conclusion of voluntariness when a
plea 'rests in any significant degree' on it.") (quoting
Santobello, 404 U.S. at 262). Due respect for the rights Sconce
has waived, as well as the integrity of plea bargains, requires
that the promise that induced the plea be fulfilled, particularly
because Sconce has already fulfilled his part of the bargain. See
Bercheny v. Johnson, 633 F.2d 473, 476 (6th Cir. 1980) ("Simply
stated, the law does not permit a criminal defendant to bargain
away his constitutional rights without receiving in return . . .
the benefit of his bargain . . . ."); United States v. Hallam, 472
F.2d 168, 169 (9th Cir. 1973) ("It is clear from Santobello v. New
York that due respect for the integrity of plea bargains demands
that once a defendant has carried out his part of the bargain the
Government must fulfill its part."). As the Supreme Court has
reiterated, "'[W]hen a plea rests in any significant degree on a
promise or agreement . . . so that it can be said to be part of
the inducement or consideration, such promise must be fulfilled.'"
Mabry v. Johnson, 467 U.S. 504, 509 (1984) (quoting Santobello,
404 U.S. at 262).

        Three arguments, however, can be made for why we should not
apply the principles established in Santobello in such a
straightforward manner: 1) the state should not be bound by the
plea agreement because the trial judge, rather than the

                                -9-

prosecutor, made the promise that induced the guilty plea; 2) the state should not be bound because the trial judge lacked the authority to enter into the plea agreement; and 3) a remand to the state court to select the appropriate remedy is the proper procedure to follow on state habeas review. We address these contentions in turn.

That the promise that induced the plea came from the judge, and not the prosecutor, is not a valid basis for distinguishing Santobello and the line of cases following it. In fact, the same result is required, a fortiori. The interests that dictate strict compliance by the state with the terms of a plea agreement -- interests such as fundamental fairness, public confidence in the integrity of the judicial system, and the honor of government officials[6] -- are implicated even more strongly when it is the judge who makes the promise than when it is the prosecutor. It is the judiciary, after all, which is at the core of our system of justice and which is ultimately responsible for the fair administration of justice. If anything, then, a defendant has more reason to rely on the promise of the court than on the promise of a prosecutor.[7]

---

[6]/  See Palermo v. Warden, Green Haven State Prison, 545 F.2d 286, 296 (2d Cir. 1976), cert. dismissed, 431 U.S. 911 (1977) ("[F]undamental fairness and public confidence in government officials require that prosecutors be held to 'meticulous standards of both promise and performance.'") (citation omitted); United States v. Carter, 454 F.2d 426, 428 (4th Cir. 1972), cert. denied, 417 U.S. 933 (1974) ("At stake is the honor of the government[,] public confidence in the fair administration of justice, and the efficient administration of justice in the federal scheme of government.").

[7]/  In Carter v. McCarthy, 806 F.2d 1373 (9th Cir. 1986), cert. denied by McCarthy v. Carter, 484 U.S. 870 (1987), a state

-10-

That the trial court lacked the authority to make the promise regarding the conspiracy charge -- that the promise was invalid -- does not alter our conclusion.[8/]  What is critical here is the fact that Sconce reasonably relied on the promise to his detriment, not that the promise was unauthorized.  "The reason is obvious; it is the defendant's rights which are being violated when the plea agreement is . . . meaningless."  Correale, 479 F.2d at 949.  Because the promise was part of the inducement or consideration for the plea, it must be fulfilled, notwithstanding the fact that it was in excess of the trial court's authority.  See Palermo v. Warden, Green Haven State Prison, 545 F.2d 286, 296 (2d Cir. 1976), cert. dismissed, 431 U.S. 911 (1977) (holding that

_____

prisoner sought habeas relief, contending that his plea was not voluntary and knowing because the trial court had failed to inform him of a mandatory parole term.  We found that under the circumstances, acceptance of the plea was a constitutional violation.  Carter, 806 F.2d at 1376.  For reasons we explain more fully below, we ordered specific performance of the plea agreement -- that is, we ordered Carter's release "from any further service under the parole term."  Id. at 1377.  See United States ex rel. Ferris v. Finkbeiner, 551 F.2d 185, 186-87 (7th Cir. 1977), cert. denied, 435 U.S. 932 (1978) (holding that fundamental fairness required limiting sentence to the agreed-upon term where the trial judge mistakenly informed state prisoner that there would be no mandatory parole term).

[8/] We agree with the state that Judge Smerling lacked jurisdiction over the conspiracy charge at the time of the plea bargain because that charge was then on appeal.  We agree also that Judge Smerling lacked the authority under California law to plea bargain regarding the conspiracy to commit murder charge because the crime is a felony punishable with imprisonment for life, see Cal. Pen. Code § 1192.7(a) & (c)(7) (prohibiting plea bargaining in felonies punishable with life imprisonment), or to enter into a plea agreement over the state's objection, see State v. Orin, 13 C.3d 937, 533 P.2d 193 (Cal. 1975).  However, as we explain more fully below, given these grounds for challenging the validity of the plea agreement, which were unquestionably obvious to the state at the time the plea was entered, we do not understand how the state could justify having waited to challenge the agreement until after Sconce had served his sentence.

-11-

"where a defendant pleads guilty because he reasonably relies on promises by the prosecutors which are in fact unfulfillable, [in this case because they were *ultra vires*,] he has a right to have those promises fulfilled"); *United States ex rel. Ferris v. Finkbeiner*, 551 F.2d 185, 186-87 (7th Cir. 1977), *cert. denied*, 435 U.S. 932 (1978) (holding that fundamental fairness required limiting sentence to the agreed-upon term even though it resulted in an illegal sentence under state law); *Correale*, 479 F.2d at 947-50 (concluding that the only just remedy was enforcement of promise by prosecutor even though it resulted in an illegal sentence).  The integrity of plea bargaining and the administration of justice would certainly be damaged if a defendant, standing before a judge in an official proceeding, could not reasonably rely on what the judge says or does, for fear that the judge might be acting without jurisdiction or in excess of legal authority.

We are not suggesting that when a duly-appointed judicial officer, acting in his judicial capacity, exceeds his authority and offers an invalid plea agreement, the state is without a remedy simply because the defendant accepted the agreement.  The state certainly has various remedies at its disposal:  it may file a motion for reconsideration and point out to the trial judge the errors he has made; it may seek a writ of prohibition or a writ of mandate from the Court of Appeal; it may appeal directly if direct appeal is authorized under state law; or it may otherwise seek to invalidate the plea agreement.  Here, however, the state failed to avail itself of any of these remedies, starting with its failure

-12-

at the time of the plea hearing to object to the plea agreement on
the ground of lack of authority or jurisdiction.  The state's
failure to raise any legal objection at that hearing, to request
reconsideration, or to immediately appeal or seek a writ of
mandate or prohibition is inexcusable.  The grounds for
invalidating the plea were available to the state from the time
the plea was taken, but it chose not to act.  Instead, the state
allowed Sconce to rely on the agreement to his substantial
detriment.  It convicted and incarcerated him pursuant to the plea
agreement, and administered his sentence pursuant to it.  Only
after the state had received the full benefit of the agreement did
it seek to repudiate it and to prosecute Sconce on the conspiracy
charge.  The state's failure to challenge the plea before Sconce
had fulfilled his part of the bargain is a determinative factor in
our analysis.

   Finally, although courts on habeas review often remand to a
state court for a determination of the appropriate relief, Pierre
v. Thompson, 666 F.2d 424, 427 (1982), Santobello "did not hold
that remand was appropriate in every case, or as a general
course," Carter v. McCarthy, 806 F.2d 1373, 1377 (9th Cir. 1986),
cert. denied by McCarthy v. Carter, 484 U.S. 870 (1987).  Federal
courts remand to the state court to let it decide the appropriate
remedy when withdrawal of the plea and specific performance of the
agreement are both viable forms of relief.  However, when specific
performance is the only appropriate remedy, because the defendant
has served all or a significant portion of his sentence, federal
courts order that the broken plea agreement be enforced.  See

-13-

Carter, 806 F.2d at 1377; Ferris, 551 F.2d at 186; Palermo, 545 F.2d at 297.[9]/

In Carter, for example, where the defendant had already served a sentence in excess of the one he had bargained for and leave to withdraw his plea would have been of no benefit to him, we ordered specific performance of the broken plea agreement because "[w]e s[aw] no reason to remand a habeas case where there is no choice to be made and but one possible order to be issued." Carter, 806 F.2d at 1377. Similarly, in Ferris, the Seventh Circuit ordered specific performance where a state defendant had "substantially begun performing his side of the bargain," 551 F.2d at 186, and in Palermo, the Second Circuit affirmed the district court's grant of specific performance where withdrawal of the plea "would indeed have been meaningless" to a state defendant who would already have been released if the plea agreement had been fulfilled, 545 F.2d at 297.

Here, as in Carter, we see no reason to remand. Like the defendants in Carter, Ferris, and Palermo, Sconce has been prejudiced by the state's failure to abide by the terms of the plea agreement because he has already served his sentence pursuant to the agreement. Leave to withdraw the plea would therefore be of no benefit to him. As there is but one appropriate remedy to be ordered here, we do not remand to the state court to make an

_____

9/  See also Bercheny, 633 F.2d at 476-77 (ordering specific performance where failure to conduct psychiatric evaluation resulted in state's failure to fulfill its part of the bargain); Harris v. Superintendent, Va. State Penitentiary, 518 F.2d 1173, 1174 (4th Cir. 1975) (enforcing plea agreement where defendant had pled guilty and begun serving his sentence).

-14-

illusory choice.10/  Instead, in line with our precedent, we order that a writ issue directing the state to comply with the plea agreement or dismiss the conspiracy charge.  In short, we conclude that, having accepted all the benefits of the bargain, the state must comply with the plea agreement if it wishes to pursue that charge.

### CONCLUSION

For the reasons stated, we REVERSE the district court's denial of Sconce's petitions for habeas relief and REMAND to the district court for issuance of a writ enforcing the plea agreement.

REVERSE and REMAND
for issuance of a writ in
accordance with this
disposition.

10/  The state has already offered Sconce the option of withdrawing his plea, overlooking the violation that would result from depriving him of the benefit for which he bargained when he agreed to waive his constitutional rights, plead guilty, and serve the agreed-upon prison term.

-15-

SEPT. 28, 2021

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
255 E. TEMPLE ST.
LOS ANGELES, CA. 90012

RE: ENCLOSURES

HONORABLE CLERK :

    THIS IS ENVELOPE # 2 OF THE 2-PART MAILING
OF 9-28-21 THAT CONTAINED MY SECT. 1983 LAWSUIT AND
ATTACHMENTS.

THANK YOU,

DAVID SCONCE
AP3966 E-19C-101
P.O. 409090
IONE, CA. 95640



PRISON GENERATED MAIL
U.S. POSTAGE
FOREVER / USA

Mule C
P.O. B
Ione, C

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
255 E. TEMPLE ST.
LOS ANGELES, CA. 90012



RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 1 - 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

...ce
E-190-
90
A. 95690